Michael C. Mason, SBN 021921
masonm@gtlaw.com
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 445-8000
Facsimile: (602) 445-8100

Todd D. Wozniak (admitted *pro hac vice*)
wozniakt@gtlaw.com
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

Lindsey R. Camp (admitted *pro hac vice*)
campl@gtlaw.com
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Attorneys for Defendants Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, and RVR, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| R. Alexander Acosta, Secretary of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Trust Company, Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, RVR, Inc., and RVR Employee Stock Ownership Plan,<br><br>Defendants. | Case No. 2:19-cv-03178-JJT<br><br>**MOTION TO DISMISS THE COMPLAINT BY DEFENDANTS RVR, INC., ERIC BENSEN, RANDALL SMALLEY, ROBERT SMALLEY, JR., AND THE FAMILY TRUST, MARITAL TRUST, AND SURVIVOR'S TRUST CREATED UNDER THE SMALLEY REVOCABLE TRUST DATED JULY 8, 2004** |

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

## I. INTRODUCTION

The Complaint filed by the Department of Labor ("DOL") fails to allege any facts to support its conclusory assertions that the moving Defendants violated their alleged ERISA fiduciary duties and knowingly participated in Defendant Reliance Trust Company's alleged violations of its own fiduciary duties. Accordingly, all claims asserted against the moving Defendants, including the failure to monitor claim, breach of co-fiduciary duty claim, knowing participation in Reliance Trust's breach of fiduciary duty claim, and indemnification claim, should be dismissed pursuant to Rule 12(b)(6). RVR, Inc. should also be dismissed as a nominal defendant because the DOL has failed to allege any facts to support its baseless allegation that RVR, Inc.'s presence in this case is necessary or otherwise appropriate under Rule 19(a).[1]

## II. SUMMARY OF ALLEGATIONS[2]

The Complaint alleges that, prior to May 2014, Defendants Randall Smalley, Robert Smalley, Jr., and Eric Bensen (the "Director Defendants") were the sole shareholders of RVR, Inc. ("RVR") and the sole members of RVR's Board of Directors ("Board"). (Compl. [Doc. 5] at ¶ 6). In their capacity as Board members, the Director Defendants approved a resolution to establish the RVR Employee Stock Ownership Plan and Trust ("ESOP" or "Plan") to provide retirement benefits to RVR's employees.[3] (*Id.* at ¶¶ 2, 26). On May 28, 2014, the Director Defendants also agreed to sell all shares of

---

[1] The RVR, Inc. Employee Stock Ownership Plan should be dismissed as a nominal Defendant for the same reasons.
[2] Defendants have assumed as true, for purposes of this Motion only, the well-pled factual allegations of the Complaint. Defendants reserve the right to dispute all factual and legal allegations against them for any other purpose.
[3] An employee stock ownership plan is a retirement plan established to invest primarily (oftentimes, exclusively) in the stock of the employer which establishes the plan. 29 U.S.C. § 1107(d)(6)(A). In that respect, it acts as both a retirement plan and a mechanism by which the employees become owners of their employer. *See, e.g., id.; see also Edgar v. Avaya, Inc.*, 503 F.3d 340, 346 (3rd Cir. 2007) ("Congress expressly intended that the ESOP would be an employee retirement benefit plan and technique of corporate finance that would encourage employee ownership.").

2

stock in RVR to the ESOP.[4] (*Id.* at ¶ 5). This RVR stock transaction (the "Transaction") is the focus of the DOL's Complaint.

The DOL alleges that RVR engaged Chartwell Business Valuation, LLC ("Chartwell") in February 2014 to provide financial advisory and investment banking services for a potential sale of RVR's stock to the yet-to-be-formed ESOP. (*Id.* at ¶ 19). Chartwell's responsibilities allegedly included (1) estimating the value of RVR's stock from the perspective of an ESOP trustee; and (2) representing RVR's shareholders in negotiations with the ESOP Trustee. (*Id.*). In April 2014, RVR engaged Defendant Reliance Trust Company ("Reliance") to "act as the Plan trustee and independent fiduciary for the transaction." Among other things, Reliance was required to (a) evaluate the proposed transaction; (b) negotiate the terms of the purchase of RVR's stock on behalf of the ESOP; and (c) ensure that the price paid for the RVR stock did not exceed the stock's fair market value. (*Id.* at ¶ 22). To assist in fulfilling its fiduciary responsibilities, Reliance engaged Stout Risius Ross, Inc. ("SRR"), "an employee stock ownership plan appraisal firm," as "an independent appraiser and financial advisor" to Reliance, as well as experienced legal counsel. (*Id.* at ¶¶ 23, 45). In its engagement letter with Reliance, SRR agreed to "render a valuation and opinion of fairness in connection with the [proposed] Transaction, including whether the consideration to be paid by the Plan for the shares of RVR [stock] … was not greater than the shares' fair market value." (*Id.* at ¶ 25).

On April 16, 2014, representatives of RVR (including the Director Defendants), Chartwell, Reliance, and SRR met to discuss the proposed Transaction and RVR's "operations and future outlook, and a timeline for the proposed Transaction, including a closing date of May 27, 2014." (*Id.* at ¶¶ 20, 43).

---

[4] The Complaint alleges that Randall Smalley and his wife (a non-party) were co-trustees of three trusts established under the Smalley Revocable Trust dated July 8, 2004: the Family Trust, the Martial Trust, and the Survivor's Trust (collectively, the "Smalley Trust Defendants"). (*Id.* at ¶¶ 5, n.1, 13, 16). The Smalley Trust Defendants allegedly owned 48.35% of RVR's stock, Robert Smalley allegedly owned 48.35% of RVR's stock, and Eric Bensen allegedly owned 3.3% of RVR's stock. (*Id.* at ¶¶ 13-15).

3

By April 24, 2014, Chartwell had sent proposed transaction terms to Reliance and Reliance had received the documents "necessary for SRR's valuation analysis." (*Id.* at ¶ 42). On May 2, 2014, SRR allegedly provided Reliance with an initial draft valuation that provided a range of fair market value for RVR's stock of $104,900,000 to $114,400,000. (*Id.* at ¶¶ 43, 47). The initial draft valuation was reviewed by Reliance and discussed at Reliance's "Trust Committee" meeting on May 5, 2014. (*Id.* at ¶¶ 43, 45). Reliance's Trust Committee allegedly reviewed the valuation and asked questions regarding SRR's draft valuation, including how comparable RVR was to the publicly traded companies used in SRR's guideline company valuation analysis.[5] (*Id.* at ¶ 45). Reliance also allegedly requested that SRR "expound on its cash flow analysis." (*Id.*). Reliance's legal counsel, which had reviewed the due diligence materials, also participated in the meeting and allegedly provided additional information regarding the status of due diligence and RVR's executive compensation plans to Reliance's Trust Committee. (*Id.*). Based on the extensive information available to it, and the advice of its legal and financial advisors, Reliance's Trust Committee made an offer of $100 million—approximately $5 million less than the bottom of the fair market value range provided by SRR—for one hundred percent (100%) of RVR's stock. (*Id.* at ¶¶ 43, 45).

Chartwell continued to provide additional information to Reliance and its advisors as it became available and a second valuation was allegedly issued to Reliance by SRR on May 21, 2014. (*Id.* at ¶¶ 43, 46). The additional information provided to SRR did not change SRR's view as to the fair market valuation range for RVR's stock: $104,900,000 to $114,400,000. (*Id.* at ¶ 47). With the benefit of SRR's updated valuation, additional due diligence, and a memorandum prepared by Reliance's legal counsel explaining the

---

[5] Similar to home appraisals, which value a home by reference to other, comparable homes which have recently been sold, the guideline company valuation methodology values a private company's stock by reference to the prices at which the stock of comparable, publicly traded companies are trading, and then makes adjustments to account for differences between the private company and the group of "comparable companies." *See, e.g.*, *In re Mirant Corp.*, 334 B.R. 800, 816-817 (N.D. Tex. 2005); *Kardash v. Comm'r*, 109 T.C.M. (CCH) 1234 at *6, *adhered to on reconsideration*, T.C.M. (RIA) 2015–197 (2015).

due diligence review, Reliance negotiated a purchase price of $105 million for 100% of RVR's stock – which was effectively the lowest point on the fair market valuation range determined by SRR. (*Id.* at ¶¶ 47-48). The selling shareholders agreed to Reliance's revised offer and the transaction closed on May 27, 2014. (*Id.* at ¶ 44).

The DOL alleges that the Plan paid more than fair market value for the RVR stock it purchased and that Reliance violated its ERISA fiduciary duties when it negotiated a purchase price of $105 million for 100% of RVR's stock. More specifically, the DOL alleges that:

- Reliance improperly retained SRR, "who was not truly independent, given the prior business dealings and referral relationships between and among Chartwell, Reliance, and SRR" (although the DOL does not allege how many prior business dealings they had, describe the alleged referral relationships, or explain how any of the foregoing renders SRR a non-independent appraiser much less how any of this allegedly impacted SRR's fair market valuation of RVR's stock);

- Reliance "rushed" its investigation of the proposed Transaction (although the DOL fails to allege how long a "non-rushed" investigation should take a professional, independent trustee, such as Reliance);

- Reliance "failed to provide SRR with complete information necessary to produce a reliable valuation report" (although the DOL fails to allege what information was allegedly withheld from SRR or how that unidentified information would impact the valuation);

- Reliance "failed to adequately scrutinize and critically question SRR's valuation reports" (although the DOL admits that both valuations were reviewed and that questions regarding the valuations were asked by Reliance's Trust Committee); and

- Reliance failed to "negotiate in good faith over the stock purchase price and other terms of the Transaction" (although the DOL fails to identify the "other terms" of the Transaction with which it takes issue or describe how the unidentified terms were improper; moreover, the DOL acknowledges that there were multiple days of negotiations and multiple offers made by both sides; and, according to the DOL's own allegations, the price ultimately negotiated by Reliance was at the bottom of the fair market value range provided by SRR).

(*Id.* at ¶¶ 64-68).

The DOL's claims, however, are not limited to Reliance. The DOL also asserts derivative liability claims against the Director Defendants and makes the purely conclusory allegations that the Director Defendants violated their own ERISA fiduciary

5

duties because (1) they allegedly "knew that Reliance failed to hire an independent appraiser, rushed its investigation into the [proposed] Transaction, failed to provide SRR with complete information, failed to adequately investigate SRR's valuation report, failed to negotiate in good faith, and caused the Plan to purchase [the] RVR stock for more than fair market value," and (2) the Director Defendants did nothing to prevent or correct Reliance's alleged fiduciary breaches. (*Id.* at ¶ 77). How the Director Defendants allegedly obtained knowledge of any of Reliance's alleged misconduct is anyone's guess as the DOL fails to allege any *facts* to support its allegations regarding the Director Defendants' alleged knowledge.[6]

The DOL also alleges that the Director Defendants and the Smalley Trust Defendants are liable, as non-fiduciaries, for knowingly participating in Reliance's violations of ERISA. (*Id.* at ¶¶ 81-82). Again, the DOL relies solely on conclusory allegations that the Director Defendants and the Smalley Trust Defendants "knew or should have known about the circumstances that rendered the Transaction illegal under ERISA". (*Id.* at ¶ 81). The DOL, however, fails to allege any *facts* to support its conclusory assertions regarding the Defendants' purported knowledge.

Despite having the benefit of a three-year investigation, *see* n.6 *supra*, the DOL has not alleged any actual *facts* that give rise to a plausible claim for relief against any of the Director Defendants or the Smalley Trust Defendants. Accordingly, the DOL's claims against these Defendants should be dismissed pursuant to Rule 12(b)(6). The same is true for RVR, which the DOL has joined as a nominal defendant under Rule 19 "solely to assure that complete relief can be granted," as the DOL has failed to allege any facts that support its position that complete relief cannot be granted without RVR's presence in the case.

---

[6] This is not a typical case in which the plaintiff has not conducted discovery before filing the Complaint. Here, the DOL has conducted a three-year investigation into the Transaction, which included requesting or subpoenaing all relevant documents from all of the Defendants, SRR, Chartwell, and any other potential witnesses; interviewing all relevant witnesses; and conducting whatever other investigation the DOL deemed necessary or appropriate.

## III. LEGAL ARGUMENT AND ANALYSIS

### A. Standard of Review

Under Rule 12(b)(6), a complaint must be dismissed if it fails to "offer... [more than] labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). Dismissal is required where the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is not facially plausible unless, after setting aside all conclusory allegations, the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

### B. The DOL's Breach Of Duty To Monitor Claim Against The Director Defendants Fails As A Matter of Law

In its Third Claim for Relief, the DOL asserts that (1) the Director Defendants had an ERISA fiduciary duty to monitor Reliance, and (2) they violated this duty because they "*knew or should have known* about the circumstances that rendered the Transaction illegal under ERISA, including that Reliance's investigation of RVR's fair market value was flawed." (Compl. at ¶ 73) (emphasis added).

As an initial matter, the "knew or should have known" standard has been rejected by the vast majority of courts to consider the issue, which have instead adopted an actual knowledge standard. *See, e.g.*, *Solis v. Webb*, 931 F. Supp. 2d 936, 955 (N.D. Cal. 2012) (rejecting DOL's argument that a "known or should have known" standard applies to duty to monitor claims); *Mellot v. ChoicePoint, Inc.*, 561 F. Supp. 2d 1305, 1316 (N.D. Ga. 2007) (dismissing failure to monitor claim where complaint failed to allege that "Defendants had notice of any appointee conduct that would warrant removal"); *In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861, 904 (S.D. Tex. 2004) (same); *Newton v.*

*Van Otterloo*, 756 F. Supp. 1121, 1132 (N.D. Ind. 1991) (liability for a failure of the duty to monitor arises only where an appointing fiduciary was on notice of "possible misadventure by their appointees").

As explained by the Court in *Solis v. Webb*, when it rejected the DOL's argument that a "knew or should have known" standard should be applied in duty to monitor cases, the "knew or should have known" standard is "largely duplicative of ERISA's 'prudent man' standard for fiduciary conduct. Its adoption here, where fiduciaries have delegated some of their fiduciary duties to others, would render both that delegation and ERISA's liability limiting provisions ineffective." 931 F. Supp. 2d 936, 955 (N.D. Cal. 2012); *see also Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1466 n.10 (4th Cir. 1996) ("[C]ourts have properly taken a restrictive view of the scope of th[e] duty [to monitor] and its attendant potential for liability.").

The DOL's duty to monitor claims also fail because the Complaint lacks any *factual* allegation that the Director Defendants were on notice that Reliance Trust – a professional trustee hired to bring independence to the proposed Transaction – failed to perform its responsibilities or acted in any manner that would violate ERISA. By way of example only:

- there is no allegation that Chartwell, the financial advisor which the DOL contends was hired by RVR to, among other things, estimate RVR's "equity value from the perspective of a Plan's trustee's financial advisor," informed the Director Defendants that the purchase price paid by the Plan did not reflect the fair market value of the RVR stock purchased by the Plan;

- there is no allegation that the Director Defendants withheld information relevant to the work being performed by either Reliance or SRR;

- there is no allegation that the Director Defendants provided inaccurate information to either Reliance or SRR;

- there is no allegation that the Director Defendants were on notice that the SRR valuations were flawed in any way; and

- there is no allegation that the Director Defendants were advised or believed that Reliance's review of the proposed Transaction was in any way "rushed," "truncated," or otherwise improper.

8

To the contrary, the DOL admits that the Director Defendants (1) caused RVR to retain Chartwell to provide RVR with financial advisory and investment banking services in connection with the proposed Transaction; (2) caused RVR to retain Reliance to act as the Plan trustee and independent fiduciary for the proposed Transaction; (3) knew that Reliance engaged SRR "as an independent appraiser and financial advisor" to assist Reliance in determining the fair market value of the RVR stock being purchased by the Plan and the overall fairness of the Transaction to the Plan; (4) participated in face-to-face and telephonic meetings with Reliance and SRR in which RVR's operations and future outlook were discussed; (5) caused Chartwell to provide relevant information to Reliance and SRR; and (6) participated in multiple rounds of negotiations – over multiple days – with Reliance before reaching a deal. (Compl. at ¶¶ 19-22, 43, 48). Thus, rather than alleging a violation of the duty to monitor, the non-conclusory allegations of the Complaint actually establish that the Director Defendants followed a prudent process with respect to the proposed Transaction and had no knowledge of any alleged breaches of fiduciary duty by Reliance. For these reasons, the Third Claim for Relief should be dismissed.[7]

---

[7] All of the DOL's claims against the moving Defendants, but especially the duty to monitor claim, conflict with other pronouncements by the DOL. For example, the DOL requires that the trustee negotiating an ESOP transaction (1) be independent of the selling shareholders and the employer sponsoring the plan, and (2) engage in good faith, arms-length negotiations with the selling shareholders. *See, e.g.,* Prop. DOL Reg. § 2510.3-18, 53 Fed. Reg. 17632, 17637 (May 17, 1988) ("In considering all relevant facts and circumstances, the Department will not view a fiduciary as having acted in good faith unless (A) The fiduciary has arrived at a determination of fair market value by way of a prudent investigation of circumstances prevailing at the time of the valuation, and the application of sound business principles of evaluation; and (B) The fiduciary making the valuation … is independent of all parties to the transaction"); *Webb,* 931 F. Supp. 2d at 947 *(citing Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002) (holding that during an initial acquisition of employer stock, "ERISA explicitly requires the plan's fiduciaries to ensure that the stock is purchased for 'adequate consideration' by conducting an independent investigation to determine the fair market value of the to-be-acquired securities")); *see also M & R Inv. Co., Inc. v. Fitzsimmons,* 685 F.2d 283, 287 (9th Cir. 1982) ("The party-in-interest prohibitions act to insure arm's-length transactions by fiduciaries of funds subject to ERISA"). Yet, the DOL's claims in this case seem to suggest the Director Defendants (*i.e.*, the selling shareholders) should have somehow been involved with, and knowledgeable of, Reliance's due diligence, discussions with its legal and financial advisors, and internal decision-making processes (*i.e.*, its independent investigation). That is the antithesis of a good faith, arms-length negotiation. *See, e.g., Fish v. Greatbanc Trust Co.,* No.09-c-1668, 2016 WL 5923448, at *53 (N.D. Ill. Sept. 1,

### C. The DOL's Co-Fiduciary Liability Claims Against The Director Defendants Fail As A Matter Of Law

The co-fiduciary liability claims asserted in the Fourth Claim for Relief against the Director Defendants rest on the same conclusory allegations as the duty to monitor claims and fail for the same reasons. In particular, the DOL alleges that the Director Defendants violated ERISA § 405(a)(1), 29 U.S.C. § 1005(a)(1), because they "knowingly participated" in Reliance's breach of its fiduciary duties in that the Director Defendants allegedly (1) "knew that Reliance failed to hire an independent appraiser, rushed its investigation into the Transaction, failed to provide SRR with complete information, failed to adequately investigate SRR's valuation report, failed to negotiate in good faith, and caused the Plan to purchase RVR stock for more than fair market value," and (2) did not take any action to prevent or remedy the alleged breaches by Reliance. (*Id.* at ¶ 77).

The DOL also alleges that the Director Defendants violated ERISA § 405(a)(2), 29 U.S.C. § 1005(a)(2), because "[b]y failing in their duty to monitor Reliance …. [the Director Defendants] enabled Reliance to engage in a prohibited transaction and breach its fiduciary duties to the Plan." (*Id.* at ¶ 78).

Finally, the DOL alleges that the Director Defendants violated ERISA § 405(a)(3), 29 U.S.C. § 1005(a)(3), because "[d]espite knowing that Reliance breached its fiduciary duties to the Plan … [the Director Defendants] failed to make reasonable efforts to fully remedy the breaches." (*Id.* at ¶ 79).

None of the DOL's co-fiduciary liability claims plead "enough facts to state a claim to relief that is plausible on its face" as required by *Iqbal* and *Twombly*. Indeed, as explained above, the DOL has failed to plead any facts that would give rise to a reasonable inference that the Director Defendants' had any knowledge of Reliance's alleged fiduciary breaches. As such, the DOL's Fourth Claim for Relief should be dismissed.

---

2016) ("requiring defendants to inject themselves into GreatBanc's decision-making process to satisfy ERISA's duty to monitor is contrary to the very reason an ESOP sponsor should hire an independent fiduciary").

### D. The DOL's Non-Fiduciary Duty Claims Against The Director Defendants And Smalley Trust Defendants Fail As A Matter Of Law

In its Fifth Claim for Relief, the DOL asserts that the Director Defendants and the Smalley Trust Defendants are liable as non-fiduciaries for knowingly participating in Reliance's alleged violations of ERISA. (*Id.* at ¶ 82). Although a non-fiduciary may be held liable under 29 U.S.C. § 1132(a)(3) for knowingly participating in a fiduciary's violation of ERISA, *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000), the DOL has failed to allege any facts that would give rise to a plausible claim that the Defendants had knowledge of Reliance's alleged fiduciary breaches. Instead, the DOL repeats its tired, conclusory refrain that the moving Defendants allegedly "knew that Reliance failed to hire an independent appraiser, rushed its investigation into the Transaction, failed to provide SRR with complete information, failed to adequately investigate and question SRR's valuation report, failed to negotiate in good faith, and caused the Plan to purchase RVR stock for more than fair market value." (*Id.* at ¶ 81).

Nowhere does the DOL allege ***facts*** that would give rise to a reasonable inference that Defendants (1) had actual knowledge of any of the alleged misconduct by Reliance, (2) ever believed that Reliance had failed to fulfill its duties, or (3) were even on notice of any potential misadventure by Reliance. In fact, the Complaint does not even explain how the Defendants could possibly have gained any such knowledge given that the negotiations over the Plan's purchase of the RVR stock were required to be made in good faith and at arm's-length. *See* n.7 *supra*. The failure to plead facts in support of the knowledge element requires dismissal of the DOL's Fifth Claim for Relief.

### E. The DOL's Request For A Declaration Voiding The Indemnification Agreements As To The Director Defendants Should Be Dismissed

In its Seventh Claim for Relief, the DOL requests that the Court declare the indemnification provisions of the Plan void as to the Director Defendants on the grounds that these provisions could potentially require the Plan to indemnify the Director Defendants for "expenses, losses, liabilities, costs, and claims arising from their breaches

of ERISA fiduciary duties." (Compl. at ¶¶ 90-91, and p. 20). Not only is such an assertion premature and speculative; but, as shown above, the DOL has failed to plead viable claims for breach of fiduciary duty against any of the Director Defendants. Accordingly, the DOL's Seventh Claim for Relief should be dismissed.

### F. RVR Should Be Dismissed From The Case

The Complaint alleges that RVR is named solely as a nominal defendant under Rule 19(a). (*Id.* at ¶ 18) ("RVR is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted").

As the party asserting that RVR is a necessary party, the DOL has the burden of demonstrating that Rule 19(a)(1) applies here.[8] *G&G Closed Circuit Events LLC v. Espinoza*, No.18-CV-08216-PCT, 2019 WL 1858115, at *3 (D. Ariz. Apr. 25, 2019) ("The burden of establishing that joinder is necessary pursuant to Rule 19 rests with the party asserting it.") (citations omitted). Yet, nowhere in the Complaint does the DOL allege facts demonstrating that complete relief cannot be ordered by the Court without RVR being joined to the lawsuit. Accordingly, RVR should be dismissed from this case.[9]

## IV. CONCLUSION

For the reasons set forth above, the Director Defendants and the Smalley Trust Defendants respectfully request that their Motion be granted and that all claims asserted against them in the Complaint be dismissed. RVR also requests that it be dismissed from this case as the DOL has not shown that RVR is a necessary party or that complete relief would not be available if RVR was dismissed from this case.

---

[8] Rule 19(a)(1) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … in that person's absence, the court cannot accord complete relief among existing parties.

[9] For the same reasons, Defendants note that the Plan should also be dismissed from the case.

12

RESPECTFULLY SUBMITTED this 29th day of July, 2019.

GREENBERG TRAURIG, LLP

By: /s/ Michael C. Mason
Michael C. Mason
Todd D. Wozniak (admitted *pro hac vice*)
Lindsey R. Camp (admitted *pro hac vice*)

*Attorneys for Defendants Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, and RVR, Inc.*

## CERTIFICATE OF CONFERRAL RE: MOTION TO DISMISS

The Moving Defendants hereby certify that undersigned counsel and counsel for Plaintiff have conferred via telephone to determine whether an amendment would cure any of the alleged pleading deficiencies set forth in this Motion to Dismiss. Having conferred, counsel for the parties are unable to agree as to whether the Complaint states any viable claims against the Moving Defendants.

RESPECTFULLY SUBMITTED this 29th day of July, 2019.

GREENBERG TRAURIG, LLP

By: /s/ *Michael C. Mason*
Michael C. Mason
Todd D. Wozniak (admitted *pro hac vice*)
Lindsey R. Camp (admitted *pro hac vice*)

*Attorneys for Defendants Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, and RVR, Inc.*

# CERTIFICATE OF SERVICE

☒ I hereby certify that on July 29, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Eric C. Lund
>Brendan Ballard
>U.S. Dept. of Labor, Office of the Solicitor
>Plan Benefits Security Division
>P.O. Box 1914
>Washington, D.C. 20013
>lund.eric@dol.gov
>ballard.brendan@dol.gov
>*Attorneys for Plaintiff, R. Alexander Acosta Secretary of Labor*

>Jessica R. Maziarz
>Bryan Cave Leighton Paisner LLP – Phoenix, AZ
>1 N. Central Avenue, Suite 2100
>Phoenix, AZ 85004
>Jessica.maziarz@bclplaw.com

>William B. Brockman
>Bryan Cave Leighton Paisner LLP – Atlanta, GA
>One Atlantic Center
>1201 W. Peachtree Street, NW, 14th Floor
>Atlanta, GA 30309
>Bard.brockman@bclplaw.com

>*Attorneys for Defendant Reliance Trust Company*

By: */s/ Tammy Mowen*
Employee, Greenberg Traurig, LLP