BRYAN CAVE LEIGHTON PAISNER LLP (No. 00145700)
Jessica R. Maziarz (No. 027353) (jessica.maziarz@bclplaw.com)
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000

BRYAN CAVE LEIGHTON PAISNER LLP
W. Bard Brockman (Admitted *Pro Hac Vice*) (bard.brockman@bclplaw.com)
1201 West Peachtree Street, NW
One Atlantic Center, 14th Floor
Atlanta, Georgia 30309
Telephone: (404) 572-6600

Attorneys for Defendant Reliance Trust Company, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

R. Alexander Acosta, Secretary of Labor,

Plaintiff,

vs.

Reliance Trust Company, Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, RVR, Inc., and RVR Employee Stock Ownership Plan,

Defendants.

No. CV-19-03178-PHX-JJT

DEFENDANT RELIANCE TRUST COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR ERISA VIOLATIONS

Defendant Reliance Trust Company, Inc. ("Reliance"), by and through undersigned counsel, hereby answers the Complaint for ERISA Violations ("Complaint") of Plaintiff R. Alexander Acosta, as follows:

1. Reliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies the allegations in Paragraph 1 of the Complaint.

2. Reliance admits the allegations in Paragraph 2 of the Complaint.

3. Reliance states that the requirements of the Employee Retirement Income

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

Security Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA") speak for themselves, and that no response to Paragraph 3 is required. To the extent a response is required, Reliance denies the allegations in Paragraph 3 to the extent they conflict, in letter or in spirit, with the requirements of ERISA.

4. Reliance admits that this action is filed against defendants whom Plaintiff alleges to be fiduciaries and/or parties in interest. Further answering, Reliance denies the remaining allegations in Paragraph 4 of the Complaint.

5. Reliance admits that the RVR Employee Stock Ownership Trust purchased 100% of the shares of RVR, Inc. ("RVR" or the "Company") from the selling shareholders on May 28, 2014. Further answering, Reliance denies the remaining allegations in Paragraph 5 of the Complaint.

6. Reliance admits that at the time of the transaction at issue, Randall Smalley, Robert Smalley, Jr. and Eric Bensen were the senior most officers of the Company and were the sole members of RVR's board of directors. Further answering, Reliance denies the remaining allegations in Paragraph 6 of the Complaint.

7. Reliance denies the allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Reliance admits the allegations in Paragraph 8 of the Complaint. Further answering, Reliance specifically denies that it committed any breach of fiduciary duty or other violation of ERISA.

9. Reliance admits the allegations in Paragraph 9 of the Complaint.

10. Reliance admits that venue is proper in this district. Further answering, Reliance denies the remaining allegations in Paragraph 10 of the Complaint, and specifically denies that it committed any breach of fiduciary duty or other violation of ERISA.

## PARTIES

11. Reliance admits that Plaintiff has the authority to enforce the provisions of Title I of ERISA. Further answering, Reliance specifically denies that it committed any breach of fiduciary duty or other violation of ERISA.

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

12. Reliance admits the allegations in the first three sentences of Paragraph 12 of the Complaint. Further answering, Reliance states that the remaining allegations in Paragraph 12 constitute legal conclusions to which no further response is required. To the extent a response is required, Reliance denies the remaining allegations in Paragraph 12 of the Complaint.

13. Reliance admits that at the time of the transaction at issue Randall Smalley was RVR's Chief Executive Officer and a member of RVR's board of directors. Reliance further admits that Randall Smalley was a trustee of the following trusts: (a) Family Trust Created Under the Smalley Revocable Trust dated July 8, 2004 (the "Smalley Family Trust"); (b) Marital Trust Created Under the Smalley Revocable Trust dated July 8, 2004 (the "Smalley Marital Trust"); and (c) Survivor's Trust Created Under the Small Revocable Trust dated July 8, 2004 (the "Smalley Survivor's Trust"). The Smalley Family Trust, the Smalley Marital Trust and the Smalley Survivor's Trust are collectively referred to herein as the "Smalley Trusts." Reliance further admits that Randall Smalley signed the Stock Purchase Agreement as trustee of the Smalley Trusts. Further answering, Reliance states that the allegations in the last two sentences in Paragraph 13 constitute legal conclusions to which no further response is required. To the extent a response is required, Reliance denies the allegations in the last two sentences of Paragraph 13. Reliance denies the remaining allegations in Paragraph 13 of the Complaint.

14. Reliance admits that at the time of the transaction at issue Robert Smalley, Jr. was RVR's President and a member of RVR's board of directors. Reliance further admits that as part of the transaction Robert Smalley, Jr. owned and sold 48.35% of RVR's stock to the RVR Employee Stock Ownership Trust. Further answering, Reliance states that the allegations in the last two sentences in Paragraph 14 constitute legal conclusions to which no further response is required. To the extent a response is required, Reliance denies the allegations in the last two sentences of Paragraph 14. Reliance denies the remaining allegations in Paragraph 14 of the Complaint.

15. Reliance admits that at the time of the transaction at issue Eric Bensen was

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

RVR's Chief Financial Officer and a member of RVR's board of directors. Reliance further admits that as part of the transaction Eric Bensen owned and sold 3.3% of RVR's stock to the RVR Employee Stock Ownership Trust. Further answering, Reliance states that the allegations in the last two sentences in Paragraph 15 constitute legal conclusions to which no further response is required. To the extent a response is required, Reliance denies the allegations in the last two sentences of Paragraph 15. Reliance denies the remaining allegations in Paragraph 15 of the Complaint.

16. Reliance admits the allegations in the first sentence of Paragraph 16 of the Complaint. Reliance further admits that prior to the transaction at issue, the Smalley Family Trust owned 19.1% of RVR's stock, the Smalley Marital Trust owned 3.4% of RVR's stock, and the Smalley Survivor's Trust owned 25.833% of RVR's stock. Reliance further admits that the Smalley Trusts each sold their shares of RVR stock to the RVR Employee Stock Ownership Trust as part of the transaction. Reliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 16 of the Complaint and, on that basis, denies the allegations in Paragraph 16 of the Complaint. Further answering, Reliance states that the allegations in the last two sentences in Paragraph 16 constitute legal conclusions to which no further response is required. To the extent a response is required, Reliance denies the allegations in the last two sentences of Paragraph 16. Reliance denies the remaining allegations in Paragraph 16 of the Complaint.

17. Reliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies the allegations in Paragraph 17 of the Complaint.

18. Reliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies the allegations in Paragraph 18 of the Complaint.

///

///

## FACTUAL BACKGROUND

**<u>RVR Retained Chartwell To Orchestrate An ESOP Transaction</u>**

19. Reliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies the allegations in Paragraph 19 of the Complaint.

20. Reliance admits that on April 10, 2014, Chartwell forwarded a proposed agenda for an April 16, 2014 meeting to Reliance, Stout Risius Ross, Inc. ("SRR") and others. Reliance also admits that at the April 16, 2014 meeting, the Company's shareholders and management delivered a management presentation that discussed, among many other things, the Company's operations, future outlook, and a proposed timeline for the proposed transaction. Further answering, Reliance denies the remaining allegations in Paragraph 20 of the Complaint.

**<u>RVR Retained Reliance As The Plan Trustee For The Transaction</u>**

21. Reliance admits that it signed an engagement letter with Cruise America, Inc. dated April 15, 2014, and that Eric Bensen counter-signed the engagement letter on behalf of Cruise America, Inc. on or about April 16, 2014. The terms of that engagement letter speak for themselves, and Reliance denies the allegations in Paragraph 21 to the extent they conflict, in letter or in spirit, with the terms of the engagement letter. Further answering, Reliance denies the remaining allegations in Paragraph 21 of the Complaint.

22. Reliance states that the allegations in Paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Reliance denies the allegations in Paragraph 22 of the Complaint.

**Reliance Hired SRR As Its Appraiser And Financial Advisor,**
**<u>Even Though SRR Lacked Independence</u>**

23. Reliance states that the terms of its engagement letter with Cruise America, Inc. speak for themselves, and Reliance denies the allegations in Paragraph 23 to the extent they conflict, in letter or in spirit, with the terms of the engagement letter. Further answering, Reliance denies the remaining allegations in Paragraph 23 of the Complaint.

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

24. Reliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies the allegations in Paragraph 24 of the Complaint.

25. Reliance admits that it entered into an engagement letter with SRR dated April 15, 2014, and that Eric Bensen counter-signed the engagement letter on behalf of Cruise America, Inc. on or about April 16, 2014. The terms of that engagement letter speak for themselves, and Reliance denies the allegations in Paragraph 25 to the extent they conflict, in letter or in spirit, with the terms of the engagement letter. Further answering, Reliance denies the remaining allegations in Paragraph 25 of the Complaint.

**The RVR ESOP**

26. Reliance admits that on May 22, 2014, RVR, Inc. established the RVR Employee Stock Ownership Plan, with an effective date of June 1, 2013. Further answering, Reliance denies the remaining allegations in Paragraph 26 of the Complaint.

27. Reliance admits that on May 22, 2014, the Company executed a Trust Agreement through which it appointed Reliance as plan trustee effective April 14, 2014 for a trust created effective June 1, 2013. The terms of that Trust Agreement speak for themselves, and Reliance denies the allegations in Paragraph 27 to the extent they conflict, in letter or in spirit, with the terms of the Trust Agreement. Further answering, Reliance admits that Eric Bensen executed the Trust Agreement on behalf of the Company. Reliance denies the remaining allegations in Paragraph 27 of the Complaint.

28. Reliance states that the terms of the Trust Agreement speak for themselves, and Reliance denies the allegations in Paragraph 28 to the extent they conflict, in letter or in spirit, with the terms of the Trust Agreement. Reliance denies the remaining allegations in Paragraph 28 of the Complaint.

29. Reliance states that the terms of the Trust Agreement speak for themselves, and Reliance denies the allegations in Paragraph 29 to the extent they conflict, in letter or in spirit, with the terms of the Trust Agreement. Reliance denies the remaining allegations in Paragraph 29 of the Complaint.

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

30. Reliance states that the terms of the Trust Agreement speak for themselves, and Reliance denies the allegations in Paragraph 30 to the extent they conflict, in letter or in spirit, with the terms of the Trust Agreement. Reliance denies the remaining allegations in Paragraph 30 of the Complaint.

31. Reliance states that the terms of the Plan document and Trust Agreement speak for themselves, and Reliance denies the allegations in Paragraph 31 to the extent they conflict, in letter or in spirit, with the terms of the Plan document and Trust Agreement. Reliance denies the remaining allegations in Paragraph 31 of the Complaint.

## **The Transaction**

32. Reliance admits that on May 28, the RVR Employee Stock Ownership Trust purchased 100% of RVR's common stock from the selling shareholders pursuant to a Stock Purchase Agreement. Reliance further admits that the purchase price was $105 million, and that the RVR Employee Stock Ownership Trust became the Company's sole shareholder as a result of the transaction. Reliance denies the remaining allegations in Paragraph 32 of the Complaint.

33. Reliance denies the allegations in Paragraph 33 of the Complaint.

34. Reliance denies the allegations in Paragraph 34 of the Complaint.

35. Reliance admits that in connection with the transaction at issue, RVR, Inc. loaned the RVR Employee Stock Ownership Trust the amount of $104,401,014.94, and the ESOP Note evidencing that loan is for a term of forty (40) years. Reliance further admits that RVR, Inc. made a contribution to the RVR Employee Stock Ownership Trust in the amount of $598,985.00. Further answering, Reliance denies the remaining allegations in Paragraph 35 of the Complaint.

36. Reliance denies the allegations in Paragraph 36 of the Complaint.

37. Reliance admits that in its capacity as trustee of the RVR Employee Stock Ownership Plan and Trust, it approved the Trust's purchase of 100% of the equity interest in RVR as part of the transaction at issue. Reliance denies the remaining allegations in Paragraph 37 of the Complaint.

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

38. Reliance admits that it executed each of the following documents as part of the transaction solely in its capacity as trustee for the RVR Employee Stock Ownership Trust: (a) ESOP Loan – Pledge Agreement; (b) Stock Purchase Agreement; (c) ESOP Note; (d) Investor Rights Agreement. Further answering, Reliance denies the remaining allegations in Paragraph 38 of the Complaint.

**SRR's Valuation Report**

39. Reliance admits that SRR's valuation report concluded that the range of fair market value of 100% equity of the Company under the terms of the proposed transaction was between $104.9 million and $114.9 million. Reliance further admits that it relied on the SRR valuation report when it approved the RVR Employee Stock Ownership Trust's purchase of 100% of the Company shares from the selling shareholders. Further answering, Reliance denies the remaining allegations in Paragraph 39 of the Complaint.

40. Reliance states that SRR's valuation report speaks for itself, and Reliance denies the allegations in Paragraph 40 to the extent they conflict, in letter or in spirit, with the terms of the SRR valuation report. Further answering, Reliance denies the remaining allegations in Paragraph 40 of the Complaint.

41. Reliance denies the allegations in Paragraph 41 of the Complaint.

**Reliance Rushed Its Investigation Into The Transaction**

42. Reliance denies the allegations in Paragraph 42 of the Complaint.

43. Reliance denies the allegations in Paragraph 43 of the Complaint.

44. Reliance denies the allegations in Paragraph 44 of the Complaint.

**Reliance Failed To Adequately Review And Question SRR's Valuation Report**

45. Reliance denies the allegations in Paragraph 45 of the Complaint.

46. Reliance denies the allegations in Paragraph 46 of the Complaint.

47. Reliance denies the allegations in Paragraph 47 of the Complaint.

**Reliance Failed To Negotiate In Good Faith Over The Transaction Terms**

48. Reliance admits it approved a transaction in which the RVR Employee Stock Ownership Trust purchased 100% of the Company's shares for $105 million. Further

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

answering, Reliance denies the remaining allegations in Paragraph 48 of the Complaint.

**Indemnification Provisions**

49. Reliance states that the Plan document speaks for itself, and Reliance denies the allegations in Paragraph 49 to the extent they conflict, in letter or in spirit, with the terms of that Plan document. Further answering, Reliance denies the remaining allegations in Paragraph 49 of the Complaint.

50. Reliance states that the Plan document speaks for itself, and Reliance denies the allegations in Paragraph 50 to the extent they conflict, in letter or in spirit, with the terms of that Plan document. Further answering, Reliance denies the remaining allegations in Paragraph 50 of the Complaint.

51. Reliance states that the Plan document speaks for itself, and Reliance denies the allegations in Paragraph 51 to the extent they conflict, in letter or in spirit, with the terms of that Plan document. Further answering, Reliance denies the remaining allegations in Paragraph 51 of the Complaint.

52. Reliance states that the Plan document speaks for itself, and Reliance denies the allegations in Paragraph 52 to the extent they conflict, in letter or in spirit, with the terms of that Plan document. Further answering, Reliance denies the remaining allegations in Paragraph 52 of the Complaint.

53. Reliance states that the Plan document speaks for itself, and Reliance denies the allegations in Paragraph 53 to the extent they conflict, in letter or in spirit, with the terms of that Plan document. Further answering, Reliance denies the remaining allegations in Paragraph 53 of the Complaint.

54. Reliance states that the engagement letter and Trust Agreement speak for themselves, and Reliance denies the allegations in Paragraph 54 to the extent they conflict, in letter or in spirit, with the terms of those documents. Further answering, Reliance denies the remaining allegations in Paragraph 54 of the Complaint.

55. Reliance denies the allegations in Paragraph 55 of the Complaint.

///

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**FIRST CLAIM FOR RELIEF**
**(Against Defendant Reliance For Engaging In A Prohibited Transaction)**

56. Reliance restates and incorporates by reference its responses to Paragraphs 1 through 55 of the Complaint.

57. Reliance states that the allegations in Paragraph 57 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Reliance denies the allegations in Paragraph 57 of the Complaint.

58. Reliance states that the allegations in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Reliance denies the allegations in Paragraph 58 of the Complaint

59. Reliance states that the allegations in Paragraph 59 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Reliance denies the allegations in Paragraph 59 of the Complaint

60. Reliance denies the allegations in Paragraph 60 of the Complaint and each sub-part thereof.

61. Reliance denies the allegations in Paragraph 61 of the Complaint and each sub-part thereof.

**SECOND CLAIM FOR RELIEF**
**(Against Defendant Reliance For Breaching Fiduciary Duties Of Loyalty, Prudence, And Adherence To Plan Documents)**

62. Reliance restates and incorporates by reference its responses to Paragraphs 1 through 61 of the Complaint.

63. Reliance states that the allegations in the first two sentences of Paragraph 63 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Reliance denies the allegations in the first two sentences of Paragraph 63. Further answering, Reliance denies the remaining allegations in Paragraph 63 of the Complaint.

64. Reliance admits that it retained SRR to serve as financial advisor for the proposed transaction at issue. Further answering, Reliance denies the remaining allegations

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

in Paragraph 64 of the Complaint.

65. Reliance denies the allegations in Paragraph 65 of the Complaint.

66. Reliance denies the allegations in Paragraph 66 of the Complaint.

67. Reliance denies the allegations in Paragraph 67 of the Complaint.

68. Reliance denies the allegations in Paragraph 68 of the Complaint.

69. Reliance denies the allegations in Paragraph 69 of the Complaint and each sub-part thereof.

70. Reliance denies the allegations in Paragraph 70 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Against Smalley, Smalley Jr., And Bensen For Breach of Fiduciary Duties Of Loyalty, Prudence, And Adherence To Plan Documents)**

71. Reliance restates and incorporates by reference its responses to Paragraphs 1 through 70 of the Complaint.

72. Reliance states that the allegations in Paragraph 72 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 72.

73. Reliance states that the allegations in Paragraph 73 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 73.

74. Reliance states that the allegations in Paragraph 74 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 74.

**FOURTH CLAIM FOR RELIEF**
**(Against Defendants Smalley, Smalley Jr., And Bensen For Co-fiduciary Liability For Reliance's Breaches)**

75. Reliance restates and incorporates by reference its responses to Paragraphs 1 through 74 of the Complaint.

76. Reliance states that the allegations in Paragraph 76 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 76.

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

77. Reliance states that the allegations in Paragraph 77 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 77.

78. Reliance states that the allegations in Paragraph 78 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 78.

79. Reliance states that the allegations in Paragraph 79 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 79.

**FIFTH CLAIM FOR RELIEF**
**(Against Smalley, Smalley Jr., Bensen, And The Smalley Trusts For Knowing Participation In Reliance's Fiduciary Breaches)**

80. Reliance restates and incorporates by reference its responses to Paragraphs 1 through 79 of the Complaint.

81. Reliance states that the allegations in Paragraph 81 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 81.

82. Reliance states that the allegations in Paragraph 82 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 82.

83. Reliance states that the allegations in Paragraph 83 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 83.

**SIXTH CLAIM FOR RELIEF**
**(Against Defendant Reliance To Void Indemnification Agreements Under ERISA)**

84. Reliance restates and incorporates by reference its responses to Paragraphs 1 through 83 of the Complaint.

85. Reliance states that the allegations in Paragraph 85 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Reliance denies the allegations in Paragraph 85 of the Complaint.

86. Reliance states that the Plan document speaks for itself, and Reliance denies the allegations in Paragraph 86 to the extent they conflict, in letter or in spirit, with the terms of the Plan document. Further answering, Reliance denies the remaining allegations in Paragraph 86 of the Complaint.

87. Reliance states that the engagement letter and Trust Agreement speak for themselves, and Reliance denies the allegations in Paragraph 87 to the extent they conflict, in letter or in spirit, with the terms of those documents. Further answering, Reliance denies the remaining allegations in Paragraph 87 of the Complaint.

88. Reliance denies the allegations in Paragraph 88 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**
**(Against Defendants Smalley, Smalley Jr., And Bensen To Void Indemnification Agreements Under ERISA)**

89. Reliance restates and incorporates by reference its responses to Paragraphs 1 through 88 of the Complaint.

90. Reliance states that the allegations in Paragraph 90 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 90.

91. Reliance states that the allegations in Paragraph 91 of the Complaint are not directed against Reliance and therefore do not require a response. To the extent a response is required, Reliance denies the allegations in Paragraph 91.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

3. Plaintiff's claims are barred, in whole or in part, because Reliance Trust satisfied its fiduciary obligations under ERISA and acted in accordance with industry norms and standards.

4. Plaintiff's claims are barred, in whole or in part, because Reliance Trust

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

reasonably relied on the professional opinion and determinations of its financial and legal advisors.

5. Plaintiff's claims are barred, in whole or in part, because the Plan has suffered no actual economic losses or damages, as required by ERISA § 409, 29 U.S.C. § 1109, or otherwise.

6. Plaintiff's claims are barred, in whole or in part, because the Plan has suffered no economic loss or damage, and therefore Plaintiff lacks standing to assert claims on behalf of the Plan and/or its participants.

7. Plaintiff's claims are barred, in whole or in part, because there is no causation or connection between the alleged breaches and any alleged economic loss or damages.

8. Plaintiff's claims are barred, in whole or in part, because any alleged economic loss or damage suffered by the Plan is not attributable to Reliance Trust.

9. Plaintiff's claims are barred, in whole or in part, to the extent they are based upon or arise from acts or omissions of third parties over whom Reliance Trust had no supervision or control, and which constitute the intervening and superseding cause of any alleged economic loss or damage.

10. Plaintiff's claims are barred, in whole or in part, because any alleged loss or damage would constitute unjust enrichment and/or improper windfall to the Plan.

11. Plaintiff's claims are barred, in whole or in part, because the Plan paid adequate consideration for the Company shares at issue.

12. Plaintiff's claims are barred, in whole or in part, because the consideration paid by the Plan represented no more than fair market value.

13. Plaintiff's claims are barred, in whole or in part, because the transaction at issue qualified for one or more exemptions in ERISA § 408, 29 U.S.C. § 1108.

14. Count I of the Complaint is barred, in whole or in part, because there is no independent cause of action for prohibited transaction under ERISA.

15. Counts VI and VII of the Complaint are barred, in whole or in part, because they seek speculative relief.

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

16. Counts VI and VII of the Complaint are barred, in whole or in part, because Plaintiff has not pled the elements for a declaratory judgment claim.

17. Counts VI and VII of the Complaint are barred, in whole or in part, because the voiding of a contract is not among the equitable remedies offered under ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, Reliance prays that the Court determine and adjudge:

(i) that judgment be entered in favor of Reliance;

(ii) that Plaintiff takes nothing by this Complaint;

(iii) that Reliance be awarded its costs, attorneys' fees and expenses incurred herein; and

(iv) that Reliance be awarded such other and further relief as the Court may deem necessary and proper.

DATED this 30th day of July, 2019.

BRYAN CAVE LEIGHTON PAISNER LLP

By *s/ Jessica R. Maziarz*

Jessica R. Maziarz
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406

W. Bard Brockman
BRYAN CAVE LEIGHTON PAISNER LLP
1201 West Peachtree Street, NW
One Atlantic Center, 14th Floor
Atlanta, Georgia 30309

Attorneys for Defendant Reliance Trust Company, Inc.

Filed electronically with the Court and served on parties of record by the Court's CM/ECF system this 30th day of July, 2019.

s/*Cristina Daniels*

537815543

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000