Michael C. Mason, SBN 021921
masonm@gtlaw.com
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 445-8000
Facsimile: (602) 445-8100

Todd D. Wozniak (admitted *pro hac vice*)
wozniakt@gtlaw.com
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

Lindsey R. Camp (admitted *pro hac vice*)
campl@gtlaw.com
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Attorneys for Defendants Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, and RVR, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Pizzella, Acting Secretary of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Trust Company, Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, RVR, Inc., and RVR Employee Stock Ownership Plan,<br><br>Defendants. | Case No. 2:19-cv-03178-JJT<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT BY DEFENDANTS RVR, INC., ERIC BENSEN, RANDALL SMALLEY, ROBERT SMALLEY, JR., AND THE FAMILY TRUST, MARITAL TRUST, AND SURVIVOR'S TRUST CREATED UNDER THE SMALLEY REVOCABLE TRUST DATED JULY 8, 2004** |

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

## I.  INTRODUCTION

The DOL's Response brief relies upon (1) new, unpled and conclusory allegations that are found nowhere in the Complaint, (2) assertions that contradict the allegations of the Complaint, and (3) a fundamental misunderstanding of general corporate and agency law.  For all of these reasons, the Motion to Dismiss should be granted.

For example, the DOL asserts in the Response that "Smalley, Smalley Jr., and Bensen created the Plan … so that they could sell their equity in RVR to the Plan at an inflated price, all the while retaining control of RVR and benefiting from the favorable tax treatment ERISA plans receive."  (Resp. [D.E. 26] at 2-3).  Not only is this allegation absent from the Complaint, but it actually contradicts the Complaint's allegation that RVR created and adopted the Plan in order "[t]o provide retirement income for its employees and the employees of its subsidiaries." (Compl. [D.E. 5] at ¶¶ 2, 26).

Similarly, the Response asserts that "all parties involved in the Transaction, including the Defendants,[1] were aware that the job of the trustee, who was armed with an inflated appraisal, was to approve the Transaction on terms substantially similar to those proposed at the outset of the engagement."  (Resp. at 3).  Again, this assertion is not contained in the Complaint and is contradicted by the Complaint's allegations that (1) RVR engaged Reliance to "act as the Plan trustee and independent fiduciary for the transaction"; and (2) Reliance was required to (a) evaluate the proposed transaction; (b) negotiate the terms of the purchase of RVR's stock on behalf of the ESOP; and (c) ensure that the price paid for the RVR stock did not exceed the stock's fair market value. (Compl. at ¶¶ 21-22).  It is also contradicted by the Complaint's allegations that Reliance conducted due diligence on RVR and its business, including interviewing the Director

---

[1] The DOL's effort to lump all of the Defendants together and then make allegations about what the "Defendants" did or did not do is improper.  Under *Twombly* and *Iqbal* the DOL is required to separate its allegations against each Defendant and make specific allegations against each Defendant that would give rise to a plausible claim for relief against that Defendant.

2

Defendants, and engaged in multiple rounds of negotiations before settling on the terms of the stock purchase Transaction. (*Id.* at ¶¶ 20, 43, 45-48).

Unable to identify any actual factual allegations contained in the Complaint to support its conclusory assertions that the moving Defendants violated their alleged ERISA fiduciary duties and knowingly participated in Reliance's alleged violations of its own fiduciary duties, the DOL's Response argues for the first time that "regardless of what Smalley, Smalley Jr., and Bensen actually understood about the Transaction, 'a principal is generally charged with notice of facts that an agent knows or has reason to know and that are material to her duties as an agent' … Accordingly, the knowledge of the Defendants' agents, including Chartwell and Defendants' transaction counsel should be imputed to the Defendants under the Ninth Circuit's 'should have known' standard". (Resp. at 9-10). Not only has the DOL failed to cite to any case in which this theory of liability has been applied to any of the claims at issue, the theory itself is completely absent from the Complaint. Indeed, there is not a single reference to "Defendant's transaction counsel" in the Complaint (much less any allegation as to what knowledge Defendant's transaction counsel had that should be imputed to Defendants) and there is no allegation that Chartwell was engaged by, or acted as an agent of, any of the Director Defendants. To the contrary, the Complaint specifically asserts that Chartwell **was retained by RVR**. (Compl. at ¶ 19).

In short, when the conclusory allegations and the allegations not contained in the Complaint are set aside, what remains fails to state a claim to relief that is plausible on its face. Accordingly, all claims asserted against the moving Defendants, including the failure to monitor claim, breach of co-fiduciary duty claim, knowing participation in Reliance's breach of fiduciary duty claim, and indemnification claim, should be dismissed pursuant to Rule 12(b)(6). RVR should also be dismissed as a nominal defendant because the DOL has failed to allege any facts to support its conclusory allegation that RVR's presence in this case is necessary under Rule 19(a).

## II. LEGAL ARGUMENT AND ANALYSIS

### A. The DOL's Breach Of Duty To Monitor Claim Against The Director Defendants Fails As A Matter of Law

In its Third Claim for Relief, the DOL asserts that (1) the Director Defendants had an ERISA fiduciary duty to monitor Reliance, and (2) they violated this duty because they "*knew or should have known*[2] about the circumstances that rendered the Transaction illegal under ERISA, including that Reliance's investigation of RVR's fair market value was flawed." (Compl. at ¶ 73) (emphasis added). In particular, the DOL alleges that the Director Defendants allegedly (a) "knew that Reliance failed to hire an independent appraiser, [Reliance] rushed its investigation into the [proposed] Transaction, [Reliance] failed to provide SRR with complete

---

[2] In their Motion, the Director Defendants correctly argued that a majority of courts, including the court in *Solis v. Webb*, 931 F. Supp. 2d 936, 955 (N.D. Cal. 2012), have rejected the DOL's argument that a "known or should have known" standard applies to duty to monitor claims. (Mot. at 7-8) (citing cases). The DOL ignores *Webb* and the other cases cited by Defendants and argues that Black's Law Dictionary's definition of "notice" includes some elements that are encompassed by a "should have known standard." (Resp. at 8). The DOL, however, does not cite to a single case applying such a broad definition of "notice" to a duty to monitor claim and such a broad definition would give little, if any, weight to the limited scope of the duty to monitor. *See, e.g., Webb*, 931 F. Supp. 2d at 955 (rejecting the DOL's argument that a "knew or should have known" standard should be applied in duty to monitor cases, after finding the "knew or should have known" standard is "largely duplicative of ERISA's 'prudent man' standard for fiduciary conduct. Its adoption here, where fiduciaries have delegated some of their fiduciary duties to others, would render both that delegation and ERISA's liability limiting provisions ineffective."); *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1466 n.10 (4th Cir. 1996) ("[C]ourts have properly taken a restrictive view of the scope of th[e] duty [to monitor] and its attendant potential for liability."). In fact, the only case cited by the DOL that post-dates *Webb* is *Acosta v. Saakvitne*, 355 F. Supp. 3d 908 (D. Haw. 2019). While the *Saakvitne* Court did reference a "knew or should have known standard," it recognizes that a breach of the duty to monitor required some affirmative action on the part of the defendant: "a proper understanding of the duty to monitor recognizes **that a fiduciary may not enable and participate** in a trustee's breach of ERISA duties." *Id.* at 923 (denying motion to dismiss where DOL alleged that the selling shareholders "knowingly provid[ed] [the trustee] with flawed information about the Company," including "inflated revenue projections") (emphasis added). Either way, the DOL has not even alleged facts that give rise to a plausible claim that the Director Defendants "should have known" that Reliance — a professional trustee hired to bring independence to the proposed Transaction — failed to perform its responsibilities or acted in any manner that would violate ERISA.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

information, [Reliance] failed to adequately investigate SRR's valuation report, [Reliance] failed to negotiate in good faith, and [Reliance] caused the Plan to purchase [the] RVR stock for more than fair market value," and (b) did nothing to prevent or correct Reliance's alleged fiduciary breaches.[3] (*Id.* at ¶ 77).

Of course, simply asserting that a party knew or should have known a specific fact is insufficient to avoid dismissal; a complaint must allege facts as to **how** the Director Defendants allegedly obtained their knowledge to satisfy the pleading requirements of *Twombly* and *Iqbal*. *See, e.g.*, *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2016 WL 4507117, at *8 (C.D. Cal. Aug. 5, 2016) ("Plaintiffs' only allegation as to knowledge is their conclusory assertion that the Employer Defendants "knew or should have known" the fiduciary defendants had breached their duties."); *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 4079231, at * 5 (N.D. Cal. Sept. 12, 2011) ("Post-*Twombly* and *Iqbal*, courts have typically rejected conclusory allegations of knowledge."); *Church v. Rouillard*, 2016 WL 3688422, at *9 (E.D. Cal. Jul. 11, 2016) ("Plaintiff's allegations regarding the Director's knowledge and intent are conclusory and speculative, and

---

[3] As stated in the Introduction, the Response contains additional assertions that are not found anywhere in the Complaint (and, in many cases, contradict the allegations contained in the Complaint). *See supra* at 2; *see also* Resp. at 2 (asserting, without a cite to any paragraphs of the Complaint, that "the transaction at issue was the result of a pre-ordained, rushed process in which the Director Defendants, with the help of their financial advisor, set terms that were unreasonably favorable to themselves and unfair to the Plan and then hired a trustee to represent the Plan's interest that they knew would do little more than rubberstamp the deal."). These unpled, conclusory allegations must be ignored in ruling on the Motion to Dismiss. *See, e.g., Thompson v. SunTrust Mortg., Inc.*, 2011 WL 3320774, at *2 (D. Ariz. Aug. 2, 2011) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.... The focus of any Rule 12(b)(6) dismissal ... is the complaint.") (citing *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998)); *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 826 (N.D. Cal. 2018) (a party cannot amend a complaint through an opposition brief); *Gerritsen v. Warner Bros. Entertainment Inc.*, 116 F. Supp. 3d 1104, 1126 (C. D. Cal. 2015) ("As courts routinely recognize, it is improper for a plaintiff to assert an unpled theory of liability in opposition to a defendant's Rule 12(b)(6) motion to dismiss.").

therefore are not entitled to any presumption of truth."); *Kimco Staffing Services, Inc. v. Wolverine World Wide, Inc.*, 2015 WL 2227833, at *6 (C.D. Cal. May 11, 2015) (claims dismissed under Rule 12(b)(6) after court found plaintiff "has provided only a conclusory allegation that Defendants 'knew or should have known' of the risk of excessive rubbing from the work boot, without providing any reasons to make that claim plausible under *Twombly* and *Iqbal*.").

Here, the manner in which the Director Defendants allegedly obtained knowledge of any of Reliance's alleged misconduct is anyone's guess as the DOL fails to allege any facts to support its conclusory allegations regarding the Director Defendants' knowledge. Indeed:

- there is no allegation in the Complaint that Chartwell, the financial advisor which the DOL contends was hired by RVR to estimate RVR's "equity value from the perspective of a Plan's trustee's financial advisor," informed the Director Defendants that the purchase price paid by the Plan did not reflect the fair market value of the RVR stock purchased by the Plan;

- there is no allegation in the Complaint that the Director Defendants withheld information relevant to the work being performed by Chartwell, Reliance or SRR;

- there is no allegation in the Complaint that the Director Defendants provided inaccurate information to Chartwell, Reliance or SRR;

- there is no allegation in the Complaint that the Director Defendants (or Chartwell) received copies of the SRR valuations or were on notice that the SRR valuations were flawed in any way; and

- there is no allegation in the Complaint that the Director Defendants (or Chartwell) were advised or believed that Reliance's review of the proposed Transaction was in any way "rushed," "truncated," or otherwise improper.[4]

---

[4] The inability to allege such facts in this case readily distinguishes it from *Solis vs. Webb*, 931 F. Supp. 2d 936, 940-941 (N.D. Cal. 2012), and *Acosta v. Saakvitne*, 355 F. Supp. 3d 908, 914, 923 (D. Haw. 2019). In *Webb*, the DOL identified specific, material information that the defendants knew was withheld from the appraiser, including a $12 million compensation agreement and a prior valuation of the company which reflected the company was worth a fraction of the transaction price ultimately approved by the trustee. Similarly, in *Saakvitne*, the DOL alleged that the selling shareholders "knowingly provid[ed] [the trustee] with flawed information about the Company," including "inflated revenue projections." No such factual allegations exist in this case.

6

To the contrary, the DOL admits that the Director Defendants (1) caused RVR to retain Chartwell to provide RVR with financial advisory and investment banking services in connection with the proposed Transaction; (2) caused RVR to retain Reliance to act as the Plan trustee and independent fiduciary for the proposed Transaction; (3) knew that Reliance engaged SRR "as an independent appraiser and financial advisor" to assist Reliance in determining the fair market value of the RVR stock being purchased by the Plan and the overall fairness of the Transaction to the Plan; (4) participated in face-to-face and telephonic meetings with Reliance and SRR in which RVR's operations and future outlook were discussed; (5) caused Chartwell to provide relevant information to Reliance and SRR; and (6) participated in multiple rounds of negotiations — over multiple days — with Reliance before reaching a deal. (*See, e.g.,* Compl. at ¶¶ 19-22, 43, 48).

The Complaint's allegations that the Director Defendants lacked full knowledge of Reliance's independent investigation or the valuations prepared by SRR are neither surprising nor suggestive of a failure to monitor Reliance given the legal requirement that that the trustee negotiating an ESOP transaction (1) be independent of the selling shareholders and the employer sponsoring the plan, and (2) engage in good faith, arms-length negotiations with the selling shareholders. *See, e.g.,* Prop. DOL Reg. § 2510.3-18, 53 Fed. Reg. 17632, 17637 (May 17, 1988) ("In considering all relevant facts and circumstances, the Department will not view a fiduciary as having acted in good faith unless . . . (B) The fiduciary making the valuation … is independent of all parties to the transaction"); *Webb,* 931 F. Supp. 2d at 947 *(*citing *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002) (holding that during an initial acquisition of employer stock, "ERISA explicitly requires the plan's fiduciaries to ensure that the stock is purchased for 'adequate consideration' by conducting an independent investigation to determine the fair market value of the to-be-acquired securities")); *see also M & R Inv. Co., Inc. v. Fitzsimmons,* 685 F.2d 283, 287 (9th Cir. 1982) ("The party-in-interest prohibitions act to insure arm's-length transactions by fiduciaries of funds subject to ERISA"); *Fish v.*

7

*Greatbanc Trust Co.*, No.09-c-1668, 2016 WL 5923448, at *53 (N.D. Ill. Sept. 1, 2016) ("requiring defendants to inject themselves into GreatBanc's decision-making process to satisfy ERISA's duty to monitor is contrary to the very reason an ESOP sponsor should hire an independent fiduciary").

The DOL's alternative argument, *i.e.*, that the knowledge of RVR's alleged agents, including Chartwell and "transaction counsel," should be imputed to the Director Defendants under general agency law, fares no better. (*See* Resp. at 9-10). First, this theory of liability is not pled in the Complaint and, therefore, cannot be considered in ruling on the Motion to Dismiss. *See* n. 3, *supra*. Second, the Complaint lacks any factual allegations that would support an argument that either Chartwell or RVR's "transaction counsel" were engaged by the Director Defendants or that they acted as the agents of the Director Defendants. Finally, there is no allegation in the Complaint that either Chartwell or RVR's "transaction counsel" had, or should have had, knowledge of Reliance's due diligence process, SRR's valuations, or any alleged misadventure by Reliance.

For all of these reasons, the Third Claim for Relief should be dismissed.

### B. The DOL's Co-Fiduciary Liability Claims Against The Director Defendants Fail As A Matter Of Law

The co-fiduciary liability claims asserted in the Fourth Claim for Relief against the Director Defendants rest on the same conclusory allegations as the duty to monitor claims and fail for the same reasons. None of the DOL's co-fiduciary liability claims plead "enough facts to state a claim to relief that is plausible on its face" as required by *Iqbal* and *Twombly*. Indeed, as explained above, the DOL has failed to plead any facts that would give rise to a reasonable inference that the Director Defendants had or should have had any knowledge of Reliance's alleged fiduciary breaches. As such, the DOL's Fourth Claim for Relief should be dismissed.

### C. The DOL's Non-Fiduciary Duty Claims Against The Director Defendants And Smalley Trust Defendants Fail As A Matter Of Law

In its Fifth Claim for Relief, the DOL asserts that the Director Defendants and the Smalley Trust Defendants are liable as non-fiduciaries for knowingly participating in

Reliance's alleged violations of ERISA. (Compl. at ¶ 82). To support its claim, the DOL repeats its tired and conclusory refrain that all Defendants allegedly "knew that Reliance failed to hire an independent appraiser, rushed its investigation into the Transaction, failed to provide SRR with complete information, failed to adequately investigate and question SRR's valuation report, failed to negotiate in good faith, and caused the Plan to purchase RVR stock for more than fair market value."[5] (*Id.* at ¶ 81). And, once again, the Court and the moving Defendants are left to guess how the Director Defendants and Smalley Trust Defendants allegedly obtained knowledge of any of Reliance's alleged misconduct because the DOL fails to allege any *facts* that would give rise to a reasonable inference that Defendants (1) had actual knowledge of any of the alleged misconduct by Reliance, (2) ever believed that Reliance had failed to fulfill its duties, or (3) were even on notice of any potential misadventure by Reliance. In fact, the Complaint does not even explain how the Defendants could possibly have gained any such knowledge given that the negotiations over the Plan's purchase of the RVR stock were required to be made in good faith and at arm's-length. *See supra* at 6-7. The failure to plead facts in support of the knowledge element requires dismissal of the DOL's Fifth Claim for Relief.

### D. The DOL's Request For A Declaration Voiding The Indemnification Agreements As To The Director Defendants Should Be Dismissed

In its Seventh Claim for Relief, the DOL requests that the Court declare the indemnification provisions of the Plan void as to the Director Defendants because these provisions *could* potentially require the Plan to indemnify the Director Defendants for "expenses, losses, liabilities, costs, and claims arising from their breaches of ERISA fiduciary duties." (Compl. at ¶¶ 90-91 and p. 20). The DOL's assertion is premature and

---

[5] In addition to citing to Paragraph 81 of the Complaint, the Response brief makes the conclusory argument that "Defendants and Chartwell not only knew about, but designed the imprudent and disloyal process that Reliance engaged in to approve the Transaction on the Plan's behalf." (Resp. at 12). This completely new, unpled, and conclusory assertion may not be considered in ruling on the Motion to Dismiss. *See* n. 3, *supra.*

9

speculative. Moreover, as shown above, the DOL has failed to plead viable claims for breach of fiduciary duty against any of the Director Defendants. Accordingly, the DOL's Seventh Claim for Relief should be dismissed.

### E. RVR Should Be Dismissed From The Case

To establish that RVR is a necessary party, the DOL has the burden of demonstrating that Rule 19(a)(1) applies here. *G&G Closed Circuit Events LLC v. Espinoza*, No.18-CV-08216-PCT, 2019 WL 1858115, at *3 (D. Ariz. Apr. 25, 2019) ("The burden of establishing that joinder is necessary pursuant to Rule 19 rests with the party asserting it.") (citations omitted). This requires the DOL to allege facts demonstrating that complete relief cannot be ordered by the Court without RVR being joined to the lawsuit. The DOL argues that RVR is "intimately involved in issues pertaining to the Plan, and any remedy that [it] seeks in this action will implicate the Company." Of course, requesting a remedy that will implicate RVR is not the same as demonstrating that, in the absence of RVR, "the court cannot accord complete relief among [the] existing parties." Rule 19(a)(1).

The DOL also argues that RVR is a necessary party because the DOL "may seek to, among other things, restructure the Company's Board." (Resp. at 14). The Complaint, however, does not request this relief. Instead, the DOL argues that its generic request that the Court "grant[] such other relief as may be equitable, just and proper, including injunctive relief" (Compl., Prayer at ¶ 9) allows it to request this specific relief at some unidentified point in the future. Even if this boilerplate language could be relied upon in the future as a basis for restructuring RVR's Board of Directors — which the DOL has not demonstrated — the mere possibility of requesting a certain type of relief that could impact RVR in the future falls well short of satisfying the DOL's burden of establishing that RVR is a necessary party at this stage in the litigation. This is especially true where, as here, RVR does not even appoint the individuals who serve on its Board of Directors; rather, the Board of Directors, consistent with general principles of corporate law, is appointed by the company's shareholder(s). *See, e.g.*, Compl. at ¶ 1 (alleging RVR is a

Florida corporation); Fla. Stat. §§ 607.0701, 607.0728; 5 Fletcher Cyc. Corp. § 1996.20 (2018). Accordingly, RVR should be dismissed from this case.

### III. CONCLUSION

For the reasons set forth above, the Director Defendants and the Smalley Trust Defendants respectfully request that their Motion be granted and that all claims asserted against them in the Complaint be dismissed. RVR also requests that it be dismissed from this case as the DOL has not shown that RVR is a necessary party or that complete relief would not be available if RVR was dismissed from this case.

RESPECTFULLY SUBMITTED this 19th day of August, 2019.

                GREENBERG TRAURIG, LLP

                By:   */s/ Michael C. Mason*
                      Michael C. Mason
                      Todd D. Wozniak (admitted *pro hac vice*)
                      Lindsey R. Camp (admitted *pro hac vice*)

                      *Attorneys for Defendants Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, and RVR, Inc.*

11

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on August 19, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eric C. Lund
Brendan Ballard
U.S. Dept. of Labor, Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
lund.eric@dol.gov
ballard.brendan@dol.gov
*Attorneys for Plaintiff, R. Alexander Acosta Secretary of Labor*

Jessica R. Maziarz
Bryan Cave Leighton Paisner LLP – Phoenix, AZ
1 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
Jessica.maziarz@bclplaw.com

William B. Brockman
Bryan Cave Leighton Paisner LLP – Atlanta, GA
One Atlantic Center
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, GA 30309
Bard.brockman@bclplaw.com

*Attorneys for Defendant Reliance Trust Company*

By: */s/ Tammy Mowen*
    Employee, Greenberg Traurig, LLP