**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick R. Pizzella, Acting Secretary of Labor, <br>                   Plaintiff, <br> v. <br> Reliance Trust Company, *et al.*, <br>                   Defendants. | No. CV-19-03178-PHX-JJT <br><br> **ORDER** |

At issue is the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Eric Bensen, Randall Smalley and Robert Smalley, Jr. (the Individual Defendants); the Family Trust, Marital Trust and Survivor's Trust all created under the Smalley Revocable Trust Dated July 8, 2004 (the Trust Defendants); and RVR, Inc. (Doc. 22.) Plaintiff, Acting Secretary of Labor Patrick Pizzella, has filed a Response in opposition (Doc. 26) and RVR, the Individual and Trust Defendants filed a Reply in support. (Doc. 27.) The Court will deny the Motion.

**I.     LEGAL STANDARD**

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and

therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II. ANALYSIS

Collectively, RVR and the Individual and Trust Defendants seek dismissal of five Claims in the Complaint. The Court will group three of those claims which the parties argue turn on analysis of a common issue. In Claim 3, Plaintiff alleges the Individual Defendants breached their fiduciary duty to monitor the Plan Trustee, co-Defendant Reliance Trust Company, as imposed by ERISA Section 404(a)(A), (B) and (D), 29 U.S.C. § 1104(a)(1)(A), (B) and (D). (Doc. 5, Complaint, ¶¶ 72-74.) Plaintiff alleges in Claim 4 that the Individual Defendants are liable for Reliance's breaches as co-fiduciaries pursuant to ERISA Section 405(a)(1-3), 29 U.S.C. § 1105(a)(1-3). (Complaint, ¶¶ 76-79.) And in Claim 5, Plaintiff charges the Individual Defendants are liable for their knowing participation in Reliance's breaches of its fiduciary duty under Sections 1104(a)(1)(A), (B) and (D) and 1106 (a)(1)(A) and (D), regardless of their own respective fiduciary statuses.

(Complaint, ¶¶ 81-83.) The Individual Defendants argue that each of these three claims is infirm for the same reason—Plaintiff has failed to allege sufficient facts that would show their knowledge that the ESOP transaction was illegal under ERISA.

### A. Claim 3: Fiduciary Duty to Monitor

As an initial matter, the parties dispute whether liability for failure of a fiduciary duty to monitor under ERISA requires actual knowledge or a "knew or should have known" standard. (Motion at 7-9; Response at 8-10.) While the Court agrees with Plaintiff that the "knew or should have known" standard applies to this question under ERISA Section 404(a),[1] that determination is immaterial for purposes of deciding the instant motion, because the Court concludes Plaintiff has alleged sufficient facts to show the Individual Defendants had actual knowledge Reliance breached its fiduciary duties and the transaction violated ERISA. Thus, Plaintiff's allegations, taken as true and construed in the light most favorable to Plaintiff for purposes of the Rule 12(b)(6) analysis, plead factual content that allows the Court to draw reasonable inferences as to liability. *Iqbal*, 556 U.S. at 678.

Plaintiff alleges in his Complaint that the Individual Defendants "controlled every aspect" of RVR as its principal officers, sole shareholders and sole directors. (Complaint ¶¶ 5-6.) All three Defendants are alleged to have appointed Reliance as Trustee. (Complaint ¶¶ 13-15.) RVR, which the Individual Defendants controlled, engaged Chartwell Business Valuation LLC to advise a structure for the transaction between the Individual Defendant sellers and the Plan, estimate RVR's value, and represent the Individual Defendant sellers in negotiations with trustee Reliance. (Complaint ¶ 19.) At the April 16, 2014 Transaction Kick-Off meeting, the Individual Defendants presented information including an overview

---

[1] The parties cite several cases in support of their diametrically opposed positions on the knowledge standard for ERISA Section 404(a). None of the cases are binding on the Court, as they are either orders from our sister districts within the Ninth Circuit, or an unpublished 2009 Ninth Circuit memorandum decision. The Court still considers all of the cases cited for persuasive value, and in so doing, finds Judge Mollway's reasoning in the recently decided *Acosta v. Saakvitne*, 355 F. Supp. 3d 908 (D. Hawai'i 2019), to be the most thorough, convincing and ultimately persuasive. The Court also notes a striking similarity between the facts alleged in *Acosta* and those alleged in this case. Finally, in reaching her conclusion, Judge Mollway relied in part on another case Plaintiff cites, *Solis v. Couturier*, No. 2:08-CV-02732-RRB-GGH, 2009 WL 1748724, at *7 (E.D. Cal. June 19, 2009). *Acosta*, 355 F.Supp. 3d at 923-24.

of RVR operations and outlook to the Trustee and to Stout Risius Ross, Inc. (SRR), the entity selected to appraise and value RVR for purposes of negotiating the sale of Individual Defendants' shares in RVR to the Plan. (Complaint ¶¶ 19-20.) The Individual Defendants set the timeline for the transaction that Plaintiff alleges to have been intentionally rushed. (Complaint ¶¶ 20, 42-43.) Plaintiff alleges that Reliance, as Trustee, caused the Plan to pay "tens of millions of dollars" too much to the Individual Defendants for all of the then-outstanding stock of RVR. (Complaint ¶ 7.) The transaction which the Individual Defendants negotiated with the Trustee resulted in them maintaining their positions as controlling officers and sole members of the board of RVR despite the Plan having paid a control premium for RVR. (Complaint ¶ 7.)

From these allegations, taken as true and viewed in the light most favorable to Plaintiff, the Court can draw an obvious inference that the Individual Defendants, controlling RVR and its actions and communicating directly with trustee Reliance and appraiser SRR, controlled and therefore knew of the information both Reliance and SRR received in valuing the company and evaluating the fairness of stock price for the Plan. Because Chartwell was retained to advise RVR, through its directors and officers—the Individual Defendants—on a transaction structure and to negotiate on behalf of the sellers—again the Individual Defendants—the Court can infer that Defendants knew how the information was being used and the price their shares ultimately would fetch. And the Court can infer from the allegations that the Individual Defendants, as the senior officers, sole directors and sole shareholders of RVR, knew its approximate value at least. Finally, the Court can infer from the allegations that the transaction was rushed and completed according to the Individual Defendants' dictated timeline, that there was inadequate review and scrutiny of the transaction by the Trustee and its agent appraiser.

These inferences drawn from the allegations in the Complaint would establish the actual knowledge of circumstances demonstrating breach by the trustee. The allegations are thus adequate to state a claim for breach of a fiduciary's duty to monitor. Whether the evidence ultimately developed supports these allegations and inferences at the summary

1  judgment stage or at trial is a wholly different question and one this Court does not
2  approach. But under the Rule 12 standard as clarified by *Twombly*, *Iqbal* and progeny,
3  Plaintiff adequately states his Claim 3.

### B. Claims 4 and 5: Breach of Duty of a Co-Fiduciary and Participation in a Fiduciary's Breach by a Non-Fiduciary

Although the parties do not squarely address the issue, it is clear to the Court that the necessary standard of knowledge to sustain a claim for breach of the duties of a co-fiduciary under Section 405(a) of ERISA is actual knowledge. *E.g., Acosta*, 355 F.Supp. 3d at 924-25. But for the same reasons the Court sets forth above, it concludes at this stage that Plaintiff has adequately alleged facts which, when taken as true, yield inferences that support a claim for breach of duty as co-fiduciary. Similarly, the Court concludes Plaintiff has adequately pleaded actual knowledge as to the Individual Defendants for the non-fiduciary participation claim. The Court thus will deny the motion as to Claims 4 and 5.

### C. Claim 7: Avoidance of Indemnification of Individual Defendants

The Complaint sufficiently alleges, and no party contests, that the Individual Defendants are ERISA fiduciaries with respect to the Plan. Because Claims 3 and 4 will survive the Individual Defendants' Motion to Dismiss, the possibility that one or more of the Individual Defendants may be found to have breached his fiduciary duties remains at this stage. Therefore, the Court may still have to evaluate in equity at some later stage Plaintiff's claim that ERISA Sections 409(a) and 410(a) operate to void those provisions of the Plan that would indemnify Defendants for breaches of their fiduciary duties under ERISA. 29 U.S.C. §§ 1109(a), 1110(a). The Court will deny the motion as to Plaintiff's Claim 7.

### D. Dismissal of RVR as a Defendant

The Court readily concludes, based on Plaintiff's allegations, that RVR is a necessary party to the action under Rule 19(a)(1)(A), Fed. R. Civ. P. The injunctive relief sought in the Complaint includes avoidance of Plan provisions that would require RVR or the Plan to indemnify the Individual Defendants for losses and costs associated with

breaches of their ERISA fiduciary duties. While Plaintiff argues alternative bases for finding RVR to be a necessary party, the Court need not reach them. It finds the above to be an adequate basis. The Court will deny Defendants' motion to dismiss RVR.

IT IS ORDERED denying the Motion to Dismiss. (Doc. 22.)

Dated this 18th day of February, 2020.

_____
Honorable John J. Tuchi
United States District Judge