1   **WO**

2

3

4                    **IN THE UNITED STATES DISTRICT COURT**

5                       **FOR THE DISTRICT OF ARIZONA**

6

7   Martin J. Walsh,                              No. CV-19-03178-PHX-JJT

8                    Plaintiff,                   **ORDER**

9   v.

10  Reliance Trust Company, *et al.*,

11                   Defendants.

12

13          At issue are Plaintiff Secretary of Labor Martin J. Walsh's Motion to Amend the

14  Complaint (Doc. 117, PMA), to which Defendants, Eric Bensen, Randall Smalley and

15  Robert Smalley, Jr. (the Individual Defendants), the Family Trust, Marital Trust and

16  Survivor's Trust all created under the Smalley Revocable Trust Dated July 8, 2004 (the

17  Trust Defendants), and RVR, Inc., filed a Response (Doc. 123) and Plaintiff filed a Reply

18  (Doc. 128); and Defendants' Motion to Amend the Answer (Doc. 116, DMA), to which

19  Plaintiff filed a Response (Doc. 122), and Defendants filed a Reply (Doc. 125). For the

20  reasons that follow, the Court grants Plaintiff's Motion and denies as moot Defendants'

21  Motion.

22  **I.      BACKGROUND**

23          Plaintiff filed the present action against four fiduciaries of the RVR Employee Stock

24  Ownership Plan ("Plan") for breaching their fiduciary duties when they allegedly caused

25  the Plan to purchase 100% of the stock of RVR, Inc. ("RVR") for more than fair market

26  value. The Complaint alleges seven causes of action under the Employee Retirement

27  Income Security Act of 1974 ("ERISA"). The third claim for relief, against Randall

28  Smalley, Robert Smalley, Jr., and Eric Bensen, is for a breach of fiduciary duties of loyalty,

1   prudence, and adherence to monitor Reliance Trust Company ("Reliance") in violation of

2   ERISA sections 404(a)(1)(A), (B), and (D), 29 U.S.C. §§ 1104(A)(1)(A), (B), and (D). As

3   discovery progressed, Plaintiff uncovered that Mr. Bensen was an officer of RVR but not

4   a member of its board. As a result, Plaintiff now seeks leave to file an Amended Complaint

5   primarily to clarify that Mr. Bensen's fiduciary duty to monitor Reliance arose from

6   Mr. Bensen's "various capacities as an officer of RVR, an officer of Cruise America, Inc.,

7   and a director of Cruise America, Inc." (PMA at 3.)

8   **II.    LEGAL STANDARD**

9          When a scheduling order setting a deadline to amend pleadings has already been

10   entered in a case and a party moves to amend after the deadline, the request for leave to

11   amend is in effect a request to modify the case schedule and must first be evaluated under

12   Federal Rule of Civil Procedure 16. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294

13   (9th Cir. 2000). Under Rule 16(b)(4), a party must show "good cause for not having

14   amended their complaint[] before the time specified in the scheduling order expired." *Id*.

15   This standard "primarily considers the diligence of the party seeking the amendment." *Id.*

16          Once the moving party establishes good cause under Rule 16, the Court considers

17   whether to grant leave to amend under Rule 15(a)(2). Although the decision to grant or

18   deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave

19   to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178,

20   182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion

21   with regard to the amendment of pleadings, a court must be guided by the underlying

22   purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or

23   technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal

24   quotation marks omitted).

25          However, the policy in favor of allowing amendments is subject to limitations. After

26   a defendant files a responsive pleading, leave to amend is not appropriate if the

27   "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile,

28

1   or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002)

2   (citation and internal quotation marks omitted).

3   **III.    ANALYSIS**

4        There are two motions before the Court, Plaintiff's Motion to Amend the Complaint

5   and Defendants' Motion to Amend its Answer. The Court's analysis begins and ends with

6   Plaintiff's Motion to Amend the Complaint.

7        **A.    Plaintiff's Motion to Amend the Complaint**

8        Plaintiff argues his proposed amendment does not change the legal basis for the

9   claim but rather amends the factual basis for the claim to conform to information learned

10  through discovery. Defendants, on the other hand, argue Plaintiff is asserting a new legal

11  theory and as such Plaintiff should be precluded from amending the Complaint because

12  allowing "a new theory of liability at this late stage of the litigation can only serve to

13  prejudice Defendants." (Doc. 125 at 4-5.)

14       **1.    Plaintiff Has Shown Good Cause Exists**

15       Rule 16 states, "[a] schedule may be modified only for good cause and with the

16  judge's consent." Fed. R. Civ. P. 16(b)(4). "What constitutes good cause 'necessarily varies

17  with the circumstances of the case.'" *Gonzales v. Douglas*, 2016 WL 4530442, at *8

18  (D. Ariz. Aug. 30, 2016) (internal citation omitted). According to the Plaintiff, the

19  proposed Amended Complaint clarifies that: (1) Mr. Smalley and Mr. Smalley Jr. were

20  directors of RVR; (2) Mr. Smalley, Mr. Smalley Jr., and Mr. Bensen were officers and

21  directors of Cruise America, Inc., RVR's wholly owned subsidiary; (3) through the

22  April 15, 2014 Reliance Engagement Letter, Cruise America, Inc. technically engaged

23  Reliance to act as the Plan Trustee on RVR's behalf; (4) Mr. Bensen signed the Reliance

24  Engagement Letter in his capacity as CFO of Cruise America, Inc.; and (5) through

25  May 22, 2014 resolutions of the Cruise America, Inc. Board of Directors Mr. Smalley,

26  Mr. Smalley Jr., and Mr. Bensen ratified, confirmed, adopted, and approved Mr. Bensen's

27  engagement of Reliance in his capacity as CFO of Cruise America, Inc. (See Doc. 122

28

1   at 3.) The Court finds these proposed changes do not change Plaintiff's legal theory but

2   clarify the factual basis for certain claims.

3       Since the original Complaint, Plaintiff has pursued a theory that Mr. Smalley,

4   Mr. Smalley Jr., and Mr. Bensen violated their fiduciary duties. (Doc. 5, Comp. ¶ 72.) In

5   pursuit of this theory, Plaintiff sought discovery to prove his claim. To do so required,

6   among other things, requesting information related to Mr. Bensen's relationship with

7   Cruise America, Inc. and RVR. Eventually, after confirming facts related to the

8   appointment of Reliance as the Plan Trustee and understanding Mr. Bensen's alleged role

9   in the arrangement, Plaintiff seeks to amend the Complaint to incorporate information

10  learned during discovery. Defendants argue Plaintiff's late amendment should not be

11  allowed because Plaintiff had information that confirmed the board members of both RVR

12  and Cruise America, Inc. prior to commencing litigation. (Doc. 125 at 3.) Thus, according

13  to the Defendants, Plaintiff was on notice and should have amended the Complaint prior to

14  the deadline set by the Scheduling Order. The Court is not persuaded by Defendants'

15  argument.[1] Even if Plaintiff had documents that listed the board members of both RVR and

16  Cruise America, Inc., it is reasonable for Plaintiff to confirm such information during

17  discovery to resolve any ambiguities. Once confirmed, it is sensible for Plaintiff to seek to

18  amend the Complaint to clarify the factual basis for some claims.

19      In the present case, Plaintiff's attempts to confirm Mr. Bensen's relationship with

20  Cruise America, Inc. were not successful until June 6, 2021. Days later, during depositions

21  of the Individual Defendants on June 8, 10, and 11 of 2021, Plaintiff was able to further

22      [1] Defendants also cite several cases in support of their argument that Plaintiff unduly

23  delayed seeking to amend. (Doc. 123 at 7-8.) However, as Plaintiff correctly asserts, these
    cases can be distinguished as they involve attempts by plaintiffs to either add new legal

24  claims, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Jackson v.*

25  *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Acri v. Int'l Ass'n of Machnists &
    Aerospace Workers*, 781 F.2d 1393, 1395 (9th Cir. 1986); *Sako v. Wells Fargo Bank, Nat'l*

26  *Ass'n*, 2015 WL 5022326, at *1 (S.D. Cal. Aug. 24, 2015), or add new defendants, *MiCamp*

27  *Sols. LLC v. Nat'l Processing LLC*, 2021 WL 289661, at *1 (D. Ariz. Jan. 28, 2021); *Ogier
    v. KC Care, LLC*, 2019 WL 3210089, at *1 (D. Or. June 17, 2019). Here, Plaintiff is neither

28  adding a new legal claim nor adding a new defendant.

1    understand Mr. Bensen's role at RVR and Cruise America, Inc. Within a fortnight of

2    receiving this information, Plaintiff sought to amend the Complaint. Because Plaintiff was

3    not able to confirm Mr. Bensen's role at RVR or Cruise America, Inc. until June 6, 2021,

4    it is understandable why Plaintiff did not amend the Complaint prior to the deadline set in

5    the Scheduling Order. Plaintiff then sought leave to amend the Complaint quickly after

6    confirming Mr. Bensen's role. As a result, given the specific circumstances of this case,

7    Plaintiff has shown good cause.

8
9
**2.       Plaintiff Has Shown Justice Requires He Be Granted Leave to Amend the Complaint**

10   "Rule 15(a) declares that leave to amend shall be freely given when justice so

11   requires." *Foman*, 371 U.S. at 182 (internal citations omitted). However, after a defendant

12   files a responsive pleading, leave to amend is not appropriate if the "amendment would

13   cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue

14   delay." *Madeja,* 310 F.3d at 636 (9th Cir. 2002) (citation and internal quotation marks

15   omitted). Defendants take issue with Plaintiff's argument that Mr. Bensen violated his

16   fiduciary duty to monitor Reliance in his capacity as an "officer of RVR, an officer of

17   Cruise America, Inc., and a director of Cruise America, Inc.," claiming Plaintiff never

18   asserted this argument in the original Complaint. (Doc. 125 at 4-5.) It is true that a

19   plaintiff's failure to plead a particular theory may preclude him from asserting that theory

20   after the time specified in a scheduling order has expired. *See Coleman* 232 F.3d at 1294.

21   However, the concern in *Coleman* is over the prejudice to a defendant who has no notice

22   of the claimed theories or underlying facts until after discovery closes and therefore cannot

23   defend itself. *See Coleman*, 232 F.3d at 1292.

24   Here, it is clear Defendant had notice of Plaintiff's argument that Mr. Bensen

25   violated his fiduciary duties regarding Reliance. As stated earlier, Defendants have been

26   on notice of Plaintiff's allegation that Mr. Smalley, Mr. Smalley Jr., and Mr. Bensen

27   violated their fiduciary duties since the original Complaint was filed. (Comp. ¶ 72.) Further,

28   in March of 2021, months before the close of discovery, Plaintiff provided a factual

1    analysis in support of his position that Mr. Bensen was a functional fiduciary due to his

2    discretion "in selecting and retaining Reliance, including that he 'signed in his capacity as

3    Chief Financial officer of Cruise America, Inc. the engagement agreement with Reliance

4    for Reliance to serve as the Plan Trustee.'" (PMA at 11) (internal citations omitted). Thus,

5    Defendants have had notice of Plaintiff's claimed theories.

6    Additionally, Mr. Smalley, Mr. Smalley Jr., and Mr. Bensen are aware of their status

7    on the Boards of Cruise America, Inc. and RVR. Any facts related to RVR or Cruise

8    America, Inc. are in Defendants' possession. Accordingly, the proposed amendment will

9    not necessitate additional discovery.

10   Finally, Defendants argue the Court should deny Plaintiff's Motion because

11   amending the Complaint would be futile. As stated earlier, Plaintiff is not changing legal

12   theories but clarifying the factual basis for certain claims. The proposed changes to some

13   factual claims in the Complaint do not render Plaintiff's third claim for relief futile. A

14   "proposed amendment is futile only if no set of facts can be proved under the amendment

15   to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v.*

16   *Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998), overruled on other grounds by

17   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). On February 18, 2020, the Court denied

18   Defendants' motion to dismiss the Complaint (Doc. 22). The Court's ruling would not

19   change due to the proposed amendment. For the foregoing reasons the Court grants

20   Plaintiff leave to amend the Complaint.

21   **B.    Defendants' Motion to Amend the Answer**

22   Because the Court grants Plaintiff's motion to Amend the Complaint, the Individual

23   Defendants will have the opportunity to assert any new factual or legal defenses when they

24   answer the new operative Complaint. As a result, Defendants' Motion to Amend the

25   Answer is denied as moot.

26   **IV.    CONCLUSION**

27   In sum, Plaintiff has shown good cause to amend the Complaint. Accordingly,

28   **IT IS ORDERED** granting Plaintiff's Motion to Amend the Complaint (Doc. 117).

1    **IT IS FURTHER ORDERED** denying Defendants' Motion to Amend the Answer

2    (Doc. 116) as moot.

3        Dated this 14th day of March, 2022.

4

5        Honorable John J. Tuchi
         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28