Adrianna Griego Gorton, SBN 031836
gortona@gtlaw.com
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 445-8000
Facsimile: (602) 445-8100

Todd D. Wozniak (*pro hac vice*)
Todd.Wozniak@hklaw.com
Holland & Knight, LLP
1180 W. Peachtree Street, N.W., Suite 1800
Atlanta, GA 30309
Telephone: (404) 817-8431
Facsimile: (404) 881-0470

Lindsey R. Camp (*pro hac vice*)
Lindsey.Camp@hklaw.com
Holland & Knight LLP
777 South Flagler Drive, Suite 1900
West Palm Beach, Florida 33401
Telephone: (404) 817-8439
Facsimile: (561) 650-8399

*Attorneys for Defendants Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, and RVR, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Trust Company, et al.,<br><br>Defendants. | Case No. 2:19-cv-03178-JJT<br><br>**ANSWER AND DEFENSES TO THE AMENDED COMPLAINT [ECF NO. 182] BY DEFENDANTS RVR, INC., ERIC BENSEN, RANDALL SMALLEY, ROBERT SMALLEY, JR., AND THE FAMILY TRUST, MARITAL TRUST, AND SURVIVOR'S TRUST CREATED UNDER THE SMALLEY REVOCABLE TRUST DATED JULY 8, 2004** |

Defendants RVR, Inc., Eric Bensen, Randall Smalley, Robert Smalley, Jr., and the

Family Trust, Marital Trust, and Survivor's Trust Created Under the Smalley Revocable

ACTIVE 63813199

1  Trust Dated July 8, 2004 (hereinafter collectively referred to as "Defendants" unless otherwise indicated), by and through their counsel of record, provide the following Answer and Defenses to Plaintiff's Amended Complaint [ECF No. 182] (hereinafter "Complaint"). This is a combined Answer on behalf of Defendants; each Defendant does not necessarily have knowledge as to each response.

## GENERAL DENIAL

Except as otherwise expressly stated herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's headings or subheadings and deny any liability to Plaintiff or the RVR Employee Stock Ownership Plan. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to seek to amend and/or supplement their Answer and Defenses as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

Incorporating the foregoing, Defendants state as follows to the specific allegations in the Complaint. The following numbered paragraphs correspond to the numbered paragraphs of the Complaint.

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit that RVR, Inc. ("RVR" or the "Company") sponsors the RVR, Inc. Employee Stock Ownership Plan ("ESOP") and that there is also the RVR, Inc. Employee Stock Ownership Trust ("Trust") which holds the ESOP's assets. For ease of reference the Plan and the Trust maybe collectively referred to as "the Plan." Defendants further admit that Cruise America, Inc. and American Land Cruisers of California, Inc. adopted the Plan. The remaining allegations contained in paragraph 2 of the Complaint assert legal conclusions and are therefore denied. Any remaining allegations in paragraph 2 of the Complaint are denied.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 3 to the extent that they conflict, or are otherwise inconsistent, with the requirements of the Employee Retirement Income Security Act ("ERISA").

4. Defendants admit that this action is filed against those persons and entities identified as "defendants" in the Complaint and that Plaintiff alleges the persons and entities identified as defendants in the Complaint are fiduciaries and/or parties in interest. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint, including that any defendant engaged in a violation of ERISA.

5. Defendants admit that the Plan purchased 100% of the shares of RVR's stock from Eric Bensen, Robert Smalley, Jr., and the Family Trust, Marital Trust, and Survivor's Trust Created Under the Smalley Revocable Trust Dated July 8, 2004 (the "Selling Shareholders")[1] on or about May 28, 2014. Defendants deny the remaining allegations contained in paragraph 5 of the Complaint, including that Randall Smalley was a selling shareholder.

6. Defendants admit that, on May 28, 2014, Randall Smalley, Robert Smalley, Jr., and Eric Bensen were officers of RVR and were the three members of RVR's Board of Directors ("Board"). Defendants further admit that, on May 28, 2014, Randall Smalley, Robert Smalley, Jr., and Eric Bensen were officers of Cruise America, Inc. and members of Cruise America, Inc.'s Board of Directors. Defendants also admit that, on May 28, 2014, the three members of the ESOP Committee were Randall Smalley, Robert Smalley, Jr. and Eric Bensen. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint, including but not limited to the allegation that Eric Bensen and/or Cruise America, Inc. ("Cruise America") engaged Reliance to serve as the Plan's

---

[1] To the extent a response to footnote 1 of the Complaint is required, the terms of the Family Trust, Marital Trust, and Survivor's Trust Created Under the Smalley Revocable Trust Dated July 8, 2004 (the "Smalley Trusts") speak for themselves. Defendants deny any allegations that are inconsistent with the terms of the Smalley Trusts.

3

trustee and the allegation that Eric Bensen was a member of RVR's Board of Directors prior to May 28, 2014.

7.  Defendants deny the allegations contained in paragraph 7 of the Complaint, except to admit that Randall Smalley, Robert Smalley, Jr. and Eric Bensen remained as ESOP Committee members and Board members and officers or executives of RVR and Cruise America for a period of time following May 28, 2014.

8.  Defendants admit that Plaintiff purports to assert ERISA claims against Defendants in this action. Defendants deny that they engaged in any violations of ERISA and deny the remaining allegations contained in paragraph 8 of the Complaint.

9.  The allegations contained in paragraph 9 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

10. Defendants admit that the Plan is administered in this District. The remaining allegations regarding venue assert legal conclusions to which no response is required and are therefore denied. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint, including that Defendants engaged in any violations of ERISA.

11. Defendants admit that Plaintiff has the authority to enforce the provisions of Title I of ERISA. Defendants deny any remaining allegations contained in paragraph 11 of the Complaint, and specifically deny that they engaged in any violations of ERISA.

12. Defendants admit the allegations in the first three sentences of paragraph 12 of the Complaint. The remaining allegations contained in paragraph 12 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

13. Defendants admit that, as of May 28, 2014, Randall Smalley was the Chief Executive Officer of RVR and Cruise America and a member of RVR's and Cruise America's Boards. Defendants further admit that, as of May 28, 2014, Randall Smalley was a trustee of the Smalley Trusts and that he signed the Stock Purchase Agreement as trustee of the Smalley Trusts. Defendants deny that Randall Smalley, individually,

appointed Reliance Trust Company ("Reliance") as the Trustee of the RVR Plan. Defendants also deny that Reliance was appointed by Cruise America, Inc. to serve as the Plan Trustee. The allegations regarding Randall Smalley's status as a fiduciary or party in interest are legal conclusions to which no response is required and are therefore denied. Defendants deny all remaining factual allegations in paragraph 13 of the Complaint.

14. Defendants admit that, as of May 28, 2014, Robert Smalley, Jr. was the President of RVR and Cruise America and a member of the Boards of RVR and Cruise America. Defendants further admit that, as of May 28, 2014, Robert Smalley, Jr. owned 48.35% of RVR's stock and sold this stock to the Trust. Defendants deny that Robert Smalley, Jr., individually, appointed Reliance as the Trustee of the RVR Plan. Defendants also deny that Reliance was appointed by Cruise America to serve as the Plan Trustee. The allegations regarding Robert Smalley, Jr.'s status as a fiduciary or party in interest are legal conclusions to which no response is required and are therefore denied. Defendants deny all remaining factual allegations in paragraph 14 of the Complaint.

15. Defendants admit that, as of May 28, 2014, Eric Bensen was the Chief Financial Officer of RVR and Cruise America and a member of RVR's and Cruise America's Board. Defendants further admit that, as of May 28, 2014, Eric Bensen owned 3.3% of RVR's stock and sold this stock to the Trust. The allegations regarding Eric Bensen's status as a fiduciary or party in interest are legal conclusions to which no response is required and are therefore denied. Defendants deny all remaining factual allegations in paragraph 15 of the Complaint.

16. Defendants admit that, as of May 28, 2014, the Smalley Trusts were comprised of the Family Trust, the Marital Trust, and the Survivor's Trust, which were created under the Smalley Revocable Trust dated July 8, 2004 and that Randall Smalley was a trustee of those trusts. Defendants further admit that, as of May 28, 2014, the Smalley Family Trust owned 19.1% of RVR's stock, the Smalley Marital Trust owned

3.4% of RVR's stock, and the Smalley Survivor's Trust owned 25.85% of RVR's stock, and that the Smalley Trusts sold their RVR stock to the Trust. The allegations regarding Randall Smalley's status as a fiduciary and the Smalley Trusts' status as a party in interest are legal conclusions to which no response is required and are therefore denied. Defendants deny all remaining factual allegations in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff asserts that the Plan has been joined as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted but denies that the Plan is appropriately joined as a party. The remaining allegations contained in paragraph 17 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

18. Defendants admit that, immediately following the close of the May 28, 2014 Transaction, RVR was the Plan sponsor. Defendants further admit that, at various periods in time, RVR employees may be eligible for benefits under the Plan. The allegations regarding RVR's status as a fiduciary or party in interest are legal conclusions to which no response is required and are therefore denied. Defendants deny all remaining factual allegations in paragraph 18 of the Complaint and deny that RVR is properly joined as a party as Plaintiff asserts no claims against RVR.

19. Defendants admit that RVR signed an engagement letter with Chartwell Business Valuation, LLC ("Chartwell") dated February 27, 2014 and that the terms of the engagement letter speak for itself. Defendants deny any allegations inconsistent with the terms of the Chartwell engagement letter and deny all remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that, on April 10, 2014, Chartwell forwarded a proposed agenda for an April 16, 2014 meeting to Reliance, Stout Risius Ross, Inc. ("SRR") and others. Defendants further admit that select members of RVR's management team delivered a management presentation to Reliance, SRR and others on April 16, 2014 that discussed, among other things, RVR's operations, future outlook, and a proposed timeline for a potential transaction. Defendants are without sufficient personal

6

knowledge to either admit or deny the allegation that Chartwell, Reliance and SRR "had previously worked together on employee stock ownership plan transactions." Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that Eric Bensen signed an engagement letter with Reliance dated April 15, 2014 (the "Reliance Engagement Letter") and that the terms of the engagement letter speak for themselves, except that the Reliance Engagement Letter erroneously refers to Cruise America instead of RVR. With the exception of the erroneous references to Cruise America in the Reliance Engagement Letter, Defendants deny any allegations inconsistent with the terms of the Reliance Engagement Letter and deny all remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that the Reliance Engagement Letter speaks for itself and deny any allegations inconsistent with the terms of the Reliance Engagement Letter, with the exception of the erroneous references to Cruise America in the Reliance Engagement Letter. The remaining allegations contained in paragraph 22 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

23. Defendants admit that the Reliance Engagement Letter speaks for itself and deny any allegations inconsistent with the terms of the Reliance Engagement Letter, with the exception of the erroneous references to Cruise America in the Reliance Engagement Letter. Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants are without personal knowledge sufficient to form a belief as to the truth of the allegations regarding the April 11, 2014 email referenced in paragraph 24 of the Complaint and they are therefore denied. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that Reliance entered into an engagement letter with SRR dated April 15, 2014 (the "SRR Engagement Letter") and that this engagement letter was acknowledged by Eric Bensen. As was the case with the Reliance Engagement Letter,

7

the SRR Engagement Letter erroneously referenced Cruise America and a Cruise America ESOP (rather than RVR and the RVR ESOP). With the exception of the erroneous references to Cruise America, Defendants deny any allegations inconsistent with the terms of the SRR Engagement Letter and deny all remaining allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that RVR established the Plan on or about May 22, 2014, with an effective date of June 1, 2013, through an Action by Written Consent of the Board of Directors of RVR, Inc. dated May 22, 2014. Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that, on or about May 22, 2014, RVR and Reliance executed the Trust Agreement, in which Reliance agreed to serve as the Plan's trustee effective April 15, 2014, and that RVR's action was approved by the RVR Board on or about May 22, 2014. Defendants further admit that Eric Bensen signed the Trust Agreement as Chief Financial Officer of RVR. The terms of the Trust Agreement speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Trust Agreement. Defendants deny all remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit that Cruise America adopted the Plan on May 22, 2014. Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendants state that the terms of the Trust Agreement speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Trust Agreement. Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31. Defendants state that the terms of the Trust Agreement speak for themselves and Defendants deny any allegations that are inconsistent with the terms of

the Trust Agreement. Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendants state that the terms of the Trust Agreement speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Trust Agreement. Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.

33. Defendants state that the terms of the Plan document and Trust Agreement speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan document or Trust Agreement. Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendants admit that, on May 28, 2014, the Trust purchased 100% of RVR's stock from the Smalley Trusts, Eric Bensen, and Robert Smalley, Jr. pursuant to a Stock Purchase Agreement; that the purchase price was $105 million; and that the Trust became RVR's sole shareholder as a result. Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35. Defendants state that the terms of the RVR Management Incentive Plan ("MIP") speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the MIP. Defendants admit that Randall Smalley and Robert Smalley, Jr. were not eligible to participate in the MIP but Eric Bensen was eligible to participate. Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendants admit that the Company issued warrants to the Smalley Trusts and Robert Smalley, Jr. Defendants state that the terms of the warrants speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the warrants. Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37. Defendants admit that, in connection with the Trust's purchase of RVR stock, the Trust executed an ESOP Note for the amount of $104,401,014.94 in favor of RVR and that the term of the ESOP Note was forty (40) years. Defendants further admit

9

that RVR made a contribution to the Trust in the amount of $598,985. Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in paragraph 38 of the Complaint.

39. Defendants admit that, Reliance, in its capacity as trustee of the Trust, approved the Trust's purchase of 100% of RVR's stock. Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendants admit that Reliance, in its capacity as trustee for the Trust, executed the ESOP-Company Loan and Pledge Agreement, the Stock Purchase Agreement, the ESOP Note, and the Investor Rights Agreement on May 28, 2014. Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendants admit that the SRR valuation speaks for itself. Defendants are without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint and they are therefore denied.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants admit that Reliance conducted extensive due diligence prior to approving the Trust's purchase of RVR's stock on or about May 28, 2014. Defendants deny the remaining allegations contained in paragraph 44 of the Complaint.

45. Defendants deny that there was any set or inflexible timeline for the Trust to purchase RVR's stock and deny that Reliance truncated its diligence process. Defendants are without knowledge or information sufficient as to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and they are therefore denied.

46. Defendants admit that the ESOP formation transaction documents were signed on May 28, 2014. Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendants are without knowledge or information sufficient as to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and they are therefore denied.

48. Defendants are without knowledge or information sufficient as to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and they are therefore denied.

49. Defendants are without knowledge or information sufficient as to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and they are therefore denied.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants state that the terms of the Plan document speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan document. Defendants deny the remaining allegations contained in paragraph 51 of the Complaint.

52. Defendants state that the terms of the Plan document speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan document. Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53. Defendants state that the terms of the Plan document speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan document. Defendants deny the remaining allegations contained in paragraph 53 of the Complaint.

54. Defendants state that the terms of the Plan document speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan

document.  Defendants deny the remaining allegations contained in paragraph 54 of the Complaint.

54. Defendants state that the terms of the Plan document speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan document.  Defendants deny the remaining allegations contained in paragraph 55 of the Complaint.

56. Defendants state that the terms of the Reliance Engagement Letter, with the exception of the errors referencing Cruise America, and the Trust Agreement speak for themselves and Defendants deny any allegations that are inconsistent with the terms of these documents, with the exception of the references to Cruise America in the Reliance Engagement Letter.  Defendants deny the remaining allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants restate and incorporate by reference their responses to paragraphs 1-57 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

60. The allegations contained in paragraph 60 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

61. The allegations contained in paragraph 61 of the Complaint assert legal conclusions to which no response is required and are therefore denied.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants restate and incorporate by reference their responses to paragraphs 1-63 of the Complaint.

65. The allegations contained in the first two sentences of paragraph 65 of the Complaint assert legal conclusions to which no response is required and are therefore denied. Defendants deny the remaining allegations contained in paragraph 65 of the Complaint, including that the Trust purchased the RVR stock for more than fair market value.

66. The allegations contained in paragraph 66 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. The allegations contained in paragraph 70 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. The allegations contained in paragraph 71 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. The allegations contained in paragraph 72 of the Complaint are not directed against Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants restate and incorporate by reference their responses to paragraphs 1-72 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants restate and incorporate by reference their responses to paragraphs 1-76 of the Complaint.

78. The allegations contained in paragraph 78 of the Complaint assert legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants restate and incorporate by reference their responses to paragraphs 1-81 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants restate and incorporate by reference their responses to paragraphs 1-85 of the Complaint.

87. The allegations contained in paragraph 87 of the Complaint assert legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants state that the terms of the Plan document speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan document. Defendants deny the remaining allegations contained in paragraph 88 of the Complaint.

89. Defendants state that the terms of the Reliance Engagement Letter, with the exception of the errors referencing Cruise America, and the Trust Agreement speak for themselves and Defendants deny any allegations that are inconsistent with the terms of those documents, with the exception of the references to Cruise America in the Reliance Engagement Letter. Defendants deny the remaining allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants restate and incorporate by reference their responses to paragraphs 1-90 of the Complaint.

92. Defendants state that the terms of the Plan document speak for themselves and Defendants deny any allegations that are inconsistent with the terms of the Plan document. Defendants deny the remaining allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the "Prayer" clause following paragraph 93 of the Complaint.

All allegations in the Complaint not specifically admitted in this Answer are hereby denied.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants hereby repeat, re-allege, and incorporate herein by reference their responses in paragraphs 1 through 93 of the Answer and plead their Affirmative and Other Defenses, without assuming the burden of proof when the law places that burden upon Plaintiff, and without prejudice to their Answer, and reserving the right to amend or add additional affirmative defenses upon further investigation and discovery, as follows:

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants' actions, to the extent any of them are found to be fiduciary actions, complied with the requirements of ERISA as well as industry norms and standards.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did not cause the Plan or the Trust to pay more than adequate consideration or fair market value for the RVR stock at issue.

**FIFTH DEFENSE**

The claims in the Complaint are barred to the extent they are based upon settlor or corporate actions which are not governed by ERISA.

**SIXTH DEFENSE**

The prohibited transaction claims asserted in the Complaint are barred because there were no prohibited transactions and/or the exemptions under ERISA § 408 were met.

16

## SEVENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because any Defendants with a duty to monitor Reliance complied with that duty and did not otherwise participate in, have knowledge of, or enable any of Reliance's alleged violations of ERISA. In particular, Reliance's obligation to engage in arms-length bargaining on behalf of the Plan meant that Reliance did not share with Defendants its internal deliberations or the advice of its legal counsel or advisors, including SRR.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred to the extent they are based on alleged actions not taken in a fiduciary capacity.

## NINTH DEFENSE

Count VII of the Complaint is barred, in whole or in part, because it seeks speculative relief, Plaintiff has not pled the elements for a declaratory judgment, and the voiding of a contract is not among the equitable remedies available under ERISA.

**WHEREFORE**, Defendants request judgment in their favor dismissing the Complaint against them in its entirety with prejudice, together with an award of their attorneys' fees and costs of suit.

RESPECTFULLY SUBMITTED, this 23rd day of March 2022.

By: */s/ Adrianna Griego Gorton*
Adrianna Griego Gorton
Todd D. Wozniak (admitted *pro hac vice*)
Lindsey R. Camp (admitted *pro hac vice*)

*Attorneys for Defendants Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, and RVR, Inc.*

## CERTIFICATE OF SERVICE

☒ I hereby certify that on March 23, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Isidro Mariscal
Eric C. Lund
Brendan Ballard
Peter B. Dolan
Katrina Liu
U.S. Dept. of Labor, Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
mariscal.isidro@dol.gov
lund.eric@dol.gov
ballard.brendan@dol.gov
dolan.peter@dol.gov
liu.katrina.t@dol.gov

*Attorneys for Plaintiff*

Jessica R. Maziarz
Gregory B. Ianelli
Bryan Cave Leighton Paisner LLP – Phoenix, AZ
1 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
Jessica.maziarz@bclplaw.com
Gregory.ianelli@bclplaw.com

William B. Brockman
Bryan Cave Leighton Paisner LLP – Atlanta, GA
One Atlantic Center
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, GA 30309
Bard.brockman@bclplaw.com

Meredith P. Jacobowitz (*pro hac vice*)
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
meredith.jacobowitz@bclplaw.com

*Attorneys for Defendant Reliance Trust Company*

By: */s/ Carolyn Smith*
Employee, Greenberg Traurig, LLP