BRENDAN BALLARD, D.C. Bar No. 978631
PETER B. DOLAN, IL Bar No. 0650285
KATRINA LIU, PA Bar No. 318630
ERIC C. LUND, D.C. Bar No. 450982
ISIDRO MARISCAL, CA Bar No. 298139
U.S. Department of Labor, Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, DC  20013
Telephone: (202) 693-5600, Facsimile: (202) 693-5610
Email: ballard.brendan@dol.gov; dolan.peter@dol.gov; liu.katrina.t@dol.gov;
lund.eric@dol.gov; mariscal.isidro@dol.gov

Attorneys for Plaintiff Martin J. Walsh,
Secretary of Labor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Trust Company, et al.,<br><br>Defendants. | Civil Action No. 2:19-cv-03178-JJT<br><br>**SECRETARY OF LABOR'S LEGAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

STANDARD OF REVIEW ................................................................................. 3

STATUTORY BACKGROUND .......................................................................... 4

ARGUMENT ...................................................................................................... 6

I.      Reliance and the Director Defendants Were Fiduciaries to the Plan (Parts of Counts I, III, IV, VI and VII) .................................................................................. 6

II.     Reliance Caused the Plan to Engage in a Transaction Defined Under ERISA Sections 406(a)(1)(A) and (D) – (Part of Count I) ........................................... 7

III.    The Director Defendants Had a Fiduciary Duty to Monitor Reliance – (Part of Count III) ................................................................................. 10

IV.     The Director Defendants Were Co-Fiduciaries with Reliance Under ERISA Section 405(a) – (Part of Count IV) ............................................................................ 12

V.      The Indemnification Provisions in the Reliance Engagement Letter, Plan, and Trust Agreement Are Void as Against Public Policy Under ERISA Section 410(a) – (Counts VI and VII) .......................................................................... 13

        A.      Indemnification Provisions That Purport to Relieve Fiduciaries of Responsibility for Their Fiduciary Duties Are Void on Their Face Under ERISA Section 410(a) ...................................................................................... 13

        B.      The Indemnification Provisions in the Plan Document, Reliance Engagement Letter, and the Trust Agreement Are Void Under ERISA Section 410(a)............ 16

                1.      Section 12.6 of the Plan Document Is Invalid                 16

                2.      Section 12.14 of the Plan Document Is Invalid ...................... 17

                3.      The Indemnification Provisions in the Reliance Engagement Letter and Trust Agreement Are Invalid .............................................. 18

CONCLUSION.................................................................................................... 19

CERTIFICATE OF SERVICE

i

1

**TABLE OF AUTHORITIES**

2

**Federal Cases:**

3

<u>Acosta v. Reliance Tr. Co.</u>,

4
    17-CV-4540 (SRN/ECW), 2019 WL 3766379 (D. Minn. Aug. 9, 2019) ................................. 6

5

<u>Anderson v. Liberty Lobby, Inc.</u>,

6
    477 U.S. 242 (1986)..................................................................................................... 3, 4

7

<u>Ariz. State Carpenters Pension Tr. Fund v. Citibank</u>,
    125 F.3d 715 (9th Cir. 1997) ............................................................................................ 13

8

9

<u>Batchelor v. Oak Hill Med. Grp.</u>,
    870 F.2d 1446 (9th Cir. 1989) .......................................................................................... 11

10

11

<u>Celotex Corp. v. Catrett</u>,
    477 U.S. 317 (1986) ............................................................................................................ 4

12

13

<u>Delta Star, Inc. v. Patton</u>,
    76 F. Supp. 2d 617 (W.D. Pa. 1999).................................................................................. 15

14

15

<u>Donovan v. Bierwirth</u>,
    680 F.2d 263 (2d Cir. 1982), *cert. denied*, 459 U.S. 1069 (1982)  ............................................ 5

16

17

<u>Donovan v. Cunningham</u>,
    541 F. Supp. 276 (S.D. Tex. 1982), *rev'd in part on other grounds*,
    716 F.2d 1455 (5th Cir. 1983) .................................................................................... 15, 17

18

19

<u>Eisenberg v. Ins. Co. of N. Am.</u>,
    815 F.2d 1285 (9th Cir. 1987) ............................................................................................. 3

20

21

<u>Fernandez v. K–M Indus. Holding Co.</u>,
    646 F. Supp. 2d 1150 (N.D. Cal. 2009) ............................................................... 15, 16, 17 ,18

22

23

<u>Foster v. Adams & Assocs., Inc.</u>,
    No. 18-CV-02723-JSC, 2020 WL 3639648 (N.D. Cal. July 6, 2020)............................... 16, 19

24

25

<u>Harris  v. GreatBanc Tr. Co.</u>,
    No. EDCV 12–1648–R(DTBx), 2013 WL 1136558 (C.D. Cal. Mar. 15, 2013)..................... 16

26

<u>Harris Tr. & Sav. Bk. v. Salomon Smith Barney, Inc.</u>,
    530 U.S. 238 (2000).......................................................................................................... 5

27

28

ii

**Federal Cases-continued:**

Howard v. Shay,
    100 F.3d 1484 (9th Cir. 1996) ................................................. 5

Howell v. Motorola, Inc.,
    633 F.3d 572- (7th Cir. 2011) .................................................. 6

Hurtado v. Rainbow Disposal Co.,
    No. 8:17-cv-01605, 2018 WL 3372752 (C.D. Cal. July 9, 2018) ......................... 22, 23, 24, 26

Johnson v. Couturier,
    572 F.3d 1067 (9th Cir. 2009) ........................................... passim

Jordan v. Fed. Express Corp.,
    116 F.3d 1005 (3d Cir. 1997).................................................. 5

Kayes v. Pacific Lumber Co.,
    51 F.3d 1449 (9th Cir. 1995) ................................................. 7

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)......................................................... 5

McMaken on behalf of Chemonics Int'l, Inc. ESOP v. GreatBanc Tr. Co.,
    No. 17-cv-04983, 2019 WL 1468157 (N.D. Ill. Apr. 3, 2019).......................... 16, 18

Mertens v. Hewitt Assocs.,
    508 U.S. 248 (1993)......................................................... 5

Nachman v. Pension Benefit Guar. Corp.,
    446 U.S. 359 (1980)......................................................... 4

NLRB v. Amax Coal Co.,
    453 U.S. 322 (1981)......................................................... 5

Pfeifer v. Wawa, Inc.,
    214 F. Supp. 3d 366 (E.D. Pa. 2016) ....................................... 15, 18

Romero v. Securus Technologies, Inc.,
    331 F.R.D. 391 (S.D. Cal. 2018) ............................................. 4

Sec'y U.S. Dep't of Labor v. Koresko,
    646 F. App'x 230 (3d Cir. 2016)(unpublished) ............................... 15

**Federal Cases-continued:**

Shaw v. Delta Air Lines, Inc.,
    463 U.S. 85 (1983) ................................................................................... 4

Shaw v. IAM Pension Plan,
    563 F.Supp. 653 (C.D. Cal. 1983), *aff'd*, 750 F.2d 1458 (9th Cir. 1985), ......... 11, 12

Stewart v. Thorpe Holding Co. Profit Sharing Plan,
    207 F.3d 1143 (9th Cir. 2000) ............................................................. 6, 7

Welsh v. Quabbin Timber, Inc.,
    943 F. Supp. 98 (D. Mass. 1996) ........................................................ 11, 12

**Federal Statutes:**

Employee Retirement Income Security Act of 1974, (Title I),
    *as amended*, 29 U.S.C. § 1001 et. seq.,

    Section 3(14)(A), 29 U.S.C. § 1002(14)(A) ............................................ 8

    Section 3(14)(G), 29 U.S.C. § 1002(14)(G) ............................................ 9

    Section 3(14)(H), 29 U.S.C. § 1002(14)(H) ............................................ 8

    Section 3(21)(A), 29 U.S.C. § 1002(21)(A) ............................................ 5

    Section 3(21)(A)(i),  29 U.S.C. § 1002(21)(A)(i) .............................. 1, 5, 8

    Section 3(21)(A)(iii), 29 U.S.C. § 1002(21)(A)(iii) ......................... 1, 5, 8

    Section 402(a), 29 U.S.C. § 1102(a) ..................................................... 5

    Section 404(a)(1), 29 U.S.C. § 1104(a)(1) .............................. 1, 2, 3, 6, 13

    Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B) .................................. 4

    Section 405(a), 29 U.S.C. § 1105(a) ................................................ 1, 13

    Section 405(a)(1), 29 U.S.C. § 1105(a)(1) ...................................... 3, 6, 13

    Section 405(a)(2), 29 U.S.C. § 1105(a)(2) ...................................... 3, 6, 13

    Section 405(a)(3), 29 U.S.C. § 1105(a)(3) ...................................... 3, 6, 13

**Federal Statutes-continued:**

Section 406(a)(1), 29 U.S.C. § 1106(a)(1)................................................................. 1

Section 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A) ....................................... 1, 8, 9, 20

Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D) ....................................... 1, 8, 9, 20

Section 408, 29 U.S.C. § 1108................................................................................ 2, 8

Section 408(e), 29 U.S.C. § 1108(e) .......................................................... 10, 10 n.2

Section 410, 29 U.S.C. § 1110 ................................................................................... 16

Section 410(a), 29 U.S.C. § 1110(a) .......................................................... 1, 3, 6, 14

**Miscellaneous:**

Fed. R. Civ. P. 56 ...................................................................................................... 1

Fed. R. Civ. P. 56(a) .............................................................................................. 3, 4

Fed. R. Civ. P. 56(e) ................................................................................................... 4

Fed. R. Civ. P. 56(g) ................................................................................................... 4

29 C.F.R. § 2509.75-4 ............................................................................................... 14

29 C.F.R. § 2509.75-8 ............................................................................................. 6, 7

29 C.F.R. § 2510.3-101(h)(3) ................................................................................... 16

51 Fed. Reg. 41262-01 (Nov. 13, 1986) ................................................................... 16

The Secretary moves the Court to enter partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, on parts of the claims asserted in Counts I, III, and IV of his Amended Complaint, and on Counts VI and VII in their entirety. Specifically, based on the undisputed facts set forth in the Secretary's Statement of Undisputed Material Facts, the Secretary requests that the Court rule as a matter of law that: (1) Defendant Reliance Trust Company ("Reliance") was a fiduciary of the RVR Employee Stock Ownership Plan and Trust ("Plan" or "ESOP") who caused the Plan to engage in a transaction Reliance knew or should have known was a transaction as defined in ERISA sections 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D), when it caused the Plan to enter into a May 28, 2014 transaction to purchase 100% of the shares of RVR, Inc. stock ("Transaction") with parties in interest (part of Count I); (2) Randall Smalley ("Smalley"), Robert Smalley, Jr. ("Smalley Jr."), and Eric Bensen ("Bensen") acted as Plan fiduciaries under ERISA sections 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), when they retained Reliance as the Plan's trustee for the Transaction, and therefore had a duty under ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), to monitor Reliance's conduct as Plan trustee (part of Count IIII); (3) Smalley, Smalley Jr., and Bensen ("Director Defendants") were co-fiduciaries with Reliance under ERISA section 405(a), 29 U.S.C. § 1105(a) (part of Count IV); and (4) the indemnification provisions in the Plan document, the letter engaging Reliance as Plan Trustee, and the Trust Agreement are void as against public policy pursuant to ERISA section 410(a), 29 U.S.C. § 1110(a) (Counts VI and VII). The Secretary also requests that the Court treat as established for the purposes of this motion and trial the undisputed facts underlying the Secretary's claims set forth in the Secretary's Statement of Undisputed Material Facts ("Statement of Facts" or "SOF").

## INTRODUCTION

The Secretary's Amended Complaint in this action focuses on a non-exempt prohibited transaction, the details of which provide important context for the present motion: Smalley, Smalley Jr., and Bensen created the Plan for the purpose of selling their equity in RVR, Inc. ("RVR" or "Company") to the Plan at an inflated price—more than $90 million above fair market value—while still retaining control of RVR. Smalley, Smalley Jr., and Bensen owned or controlled 100% of

1

the RVR stock and were not passive participants in the Transaction in which they sold all of that stock to the Plan.[1] At the time of the Transaction, Smalley, Smalley Jr., and Bensen controlled every aspect of the Company. They were the sole members of RVR's Board of Directors and the senior most officers of the Company. They designed the Transaction through their financial advisor, Chartwell Financial Advisory, Inc. ("Chartwell"), and hired a Plan trustee, Reliance, and an appraiser, Stout Risius Ross ("SRR"), both of whom were recommended by and had ongoing business and referral relationships with Chartwell, specifically for the Transaction. Despite participating in a truncated and perfunctory due diligence and negotiation process, all parties involved in the Transaction were aware that Reliance's job, armed with SRR's inflated appraisal, was to approve the Transaction on the timetable and terms dictated by Smalley, Smalley Jr., and Bensen—including the requirement that Smalley, Smalley Jr., and Bensen remain in control of RVR. And Reliance did so.

As a result of the above, and as the Secretary will demonstrate at trial, the Plan ultimately paid $105 million in cash for stock that was worth less than $14 million. Reliance will not be able to meet its burden of proving at trial that this prohibited transaction qualified for an exemption under ERISA section 408, 29 U.S.C. § 1108, because Reliance caused the Plan to pay far more than fair market value for RVR's stock and failed to follow a prudent process while doing so.

As the Secretary further alleges in his Amended Complaint, Reliance also breached its duties of prudence and loyalty in violation of ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), when it failed to: hire an independent appraiser, undertake a good faith investigation of the merits of the Transaction, conduct good faith negotiations over the price and terms of the Transaction, and thoroughly review, analyze, and question the valuation reports on which it

---

[1] At the time of the Transaction, RVR's stock was owned by: Smalley Jr. (48.35%); Bensen (3.3%), and three trusts created under the Smalley Revocable Trust dated July 8, 2004 ("Smalley Trusts"), of which Smalley was a settlor and the sole trustee (48.35%) ("Sellers"). (Secretary of Labor's Statement of Undisputed Material Facts filed simultaneously herewith ("SOF") ¶¶ 2, 3, 6-8.) Smalley was the sole beneficiary of two of the trusts ("Marital Trust" and "Survivor's Trust") and a beneficiary of the third ("Family Trust"). (SOF ¶¶ 4-5.)

1  relied. Smalley, Smalley Jr., and Bensen, who appointed Reliance, breached their fiduciary duty

2  to monitor Reliance in violation of ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1). These

3  Director Defendants are also liable for the breaches of Reliance, their co-fiduciary, under ERISA

4  section 405(a)(2), 29 U.S.C. § 1105(a)(2), because by failing to properly monitor Reliance

5  during the Transaction and agreeing to the illegal Transaction, they enabled Reliance's breaches.

6  The Director Defendants are further liable as co-fiduciaries, under ERISA section 405(a)(1), 29

7  U.S.C. § 1105(a)(1), for knowingly participating in Reliance's breaches and, under ERISA

8  section 405(a)(3), 29 U.S.C. § 1105(a)(3), for failing to attempt to remedy Reliance's breaches

9  despite being on notice of them. Regardless of their fiduciary status, Smalley, Smalley Jr.,

10  Bensen, and the Smalley Trusts are liable as non-fiduciary knowing participants in Reliance's

11  breaches. Finally, the indemnification provisions in the Plan document, the April 15, 2014 letter

12  engaging Reliance to serve as the Plan trustee ("Reliance Engagement Letter"), and the April 15,

13  2014 Trust agreement between Reliance and RVR ("Trust Agreement") are void as against

14  public policy pursuant to ERISA section 410(a), 29 U.S.C. § 1110(a).

15      In this motion, in accordance with Federal Rule of Civil Procedure 56(a), the Secretary

16  moves the Court to enter partial summary judgment on distinct parts of the claims asserted in

17  Counts I, III, and IV of his Amended Complaint, and on Counts VI and VII in their entirety. The

18  Secretary also requests that the Court treat as established for the purposes of this motion and trial

19  the undisputed facts underlying the Secretary's claims set forth in the Secretary's Statement of

20  Undisputed Material Facts, submitted contemporaneously herewith.

21              **STANDARD OF REVIEW**

22      Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

23  to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

24  56(a); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987). A material fact

25  is one "that might affect the outcome of the suit under the governing law." Anderson v. Liberty

26  Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if "the evidence is

27  such that a reasonable jury could return a verdict for the nonmoving party." Id. The moving party

28  bears the initial burden of showing, based on the record, the absence of a genuine dispute of

3

material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish a genuine and material factual dispute. <u>Id.</u> at 324. The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986). Rather, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co., Ltd.</u>, 475 U.S. at 587.

   In addition to permitting summary judgment motions on an entire claim or defense, Federal Rule of Civil Procedure 56(a) also explicitly permits a party to identify, within a claim or defense, "the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). <u>See, e.g.</u>, <u>Romero v. Securus Technologies, Inc.</u>, 331 F.R.D. 391, 398-400 (S.D. Cal. 2018). Rule 56(g) permits courts to treat as established material facts that are not in dispute. Fed. R. Civ. P. 56(g).

**STATUTORY BACKGROUND**

   ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans. <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 90 (1983); <u>Nachman v. Pension Benefit Guaranty Corp.</u>, 446 U.S. 359, 361-62 (1980). An ERISA fiduciary must act for the exclusive benefit of plan participants and beneficiaries and must act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." ERISA section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). This rule against divided loyalties, which is firmly rooted in the common law of trusts, is designed "[t]o deter the trustee from all temptation and to prevent any possible injury to the beneficiary" and "must be enforced with uncompromising rigidity." <u>NLRB v. Amax Coal Co.</u>, 453 U.S. 322, 329-30 (1981). Indeed, ERISA fiduciary duties are the "highest known to the law." <u>Howard v. Shay</u>, 100 F.3d 1484, 1488 (9th Cir. 1996) (citing <u>Donovan v. Bierwirth</u>, 680 F.2d 263, 272 n.8 (2d Cir.), *cert. denied*, 459 U.S. 1069 (1982)).

4

A person assumes fiduciary status in three ways under ERISA: first, as a named fiduciary in the instrument establishing the employee benefit plan, ERISA section 402(a), 29 U.S.C. § 1102(a); second, by becoming a named fiduciary pursuant to a procedure specified in the plan instrument, ERISA section 402(a)(2); and third, as a "functional fiduciary" under the broad authority, control, or advice provisions of ERISA section 3(21)(A). Jordan v. Fed. Express Corp., 116 F.3d 1005, 1014 n. 16 (3d Cir. 1997). Pursuant to ERISA section 3(21)(A), a person becomes a fiduciary to the extent "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. §§ 1002(21)(A)(i), (iii). Thus, "ERISA . . . defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan . . . ." Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993) (citing 29 U.S.C. § 1002(21)(A)) (emphasis in original).

In ERISA section 406, Congress strengthened and supplemented ERISA's exacting fiduciary standards in ERISA section 404 "by categorically barring certain transactions deemed 'likely to injure the pension plan,'" called prohibited transactions. Harris Trust & Sav. Bk. v. Salomon Smith Barney, Inc., 530 U.S. 238, 241-42 (2000) (citation omitted). By prohibiting certain transactions between an ERISA-covered plan and the plan's "parties in interest" (such as the plan's fiduciaries), Congress intended to prevent the fiduciary from "being put in a position where he has dual loyalties, and, therefore, he cannot act exclusively for the benefit of a plan's participants and beneficiaries." Amax Coal, 453 U.S. at 333-34 (internal quotations omitted, also noting that "the fiduciary requirements of ERISA specifically insulate the trust from the employer's interest").

"[T]o prevent high-ranking company employees or directors from 'passing the buck to another person and then turning a blind eye,' ERISA also requires persons responsible for appointing and removing plan fiduciaries (often the sponsoring company's board of directors) to 'monitor the activities of their appointees' 'at reasonable intervals.'" Acosta v. Reliance Tr. Co. et al, No. 17-CV-4540 (SRN/ECW), 2019 WL 3766379, at *8 (D. Minn. Aug. 9, 2019) (quoting

Howell v. Motorola, Inc., 633 F.3d 572-73 (7th Cir. 2011) (citing 29 C.F.R. § 2509.75-8)). The ERISA section 404 duties of loyalty and prudence are encompassed in a fiduciary's duty to monitor.

In addition, ERISA section 405(a) makes a fiduciary "liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . (1) if he participates knowingly in . . . an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. §§ 1105(a)(1), (2) and (3). In effect, ERISA section 405(a) imposes on every ERISA fiduciary an "affirmative duty" to prevent and attempt to remedy other fiduciaries' breaches of trust. Stewart v. Thorpe Holding Co. Profit Sharing Plan, 207 F.3d 1143, 1157 (9th Cir. 2000).

ERISA Section 410(a) makes indemnification provisions that purport to relieve fiduciaries of responsibility for their fiduciary duties void on their face. Under ERISA section 410(a) "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a).

## ARGUMENT

## I.   Reliance and the Director Defendants Were Fiduciaries to the Plan (Part of Counts I, III, IV, VI and VII)

Reliance, as the Plan's trustee, was a fiduciary to the Plan. The Director Defendants, as corporate officers who carried out fiduciary functions for the Plan, including appointing Reliance as trustee, were also fiduciaries to the Plan. Thus, Reliance and the Director Defendants had a fiduciary duty under ERISA to ensure the Transaction was in the Plan's best interests.

As the administrator named in the Plan document, RVR was a fiduciary under ERISA section 402(a). (SOF ¶¶ 15, 16.) The Director Defendants were fiduciaries under ERISA section 402(a)(2), because they were members of the ESOP Committee, to which RVR delegated the authority to administer the Plan. (SOF ¶¶ 17-18.) Where "a committee or entity is named as the

plan fiduciary, the corporate officers or trustees who carry out the fiduciary functions are themselves the fiduciaries and cannot be shielded from liability by the company." <u>Stewart</u>, 207 F.3d at 1156 (citing <u>Kayes v. Pacific Lumber Co.</u>, 51 F.3d 1449, 1458-61 (9th Cir. 1995)). Thus, as more fully discussed below, the Director Defendants were also fiduciaries pursuant to ERISA sections 3(21)(A)(i) and (iii), because in administering the Plan as members of the ESOP Committee and in appointing Reliance as trustee to the Plan, they exercised discretionary authority or discretionary control respecting management of the Plan, and they had discretionary authority in the administration of the Plan. <u>See</u> section III, <u>infra.</u> The Director Defendants also had a fiduciary duty to monitor Reliance because they appointed Reliance as the Plan trustee. <u>Id.</u>

Reliance admits it was a fiduciary to the Plan pursuant to ERISA sections 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), because it had discretionary authority or discretionary responsibility in the administration of the Plan and exercised discretionary authority and control over the Plan and its assets when it made the decision, on behalf of the Plan, to engage in the purchase of the Company's outstanding shares through the Transaction. (SOF ¶ 28.) Furthermore, Reliance is a fiduciary under ERISA section 3(21)(a)(iii) because trustees of a plan are automatically fiduciaries of that plan due to the nature of their position. <u>See</u> 29 C.F.R. § 2509.75-8 at D-3; <u>see also</u> <u>Johnson v. Couturier</u>, 572 F.3d 1067, 1076 (9th Cir. 2009).

## II.     Reliance Caused the Plan to Engage in a Transaction Defined Under ERISA Sections 406(a)(1)(A) and (D) – (Part of Count I)

The facts establishing the Secretary's claim against Reliance in Count I of the Amended Complaint are not disputed. Based on these undisputed facts, the Secretary has successfully pleaded and proved the elements of his claim against Reliance set forth in Count I of the Amended Complaint.

Unless ERISA section 408, 29 U.S.C. § 1108, exempts the transaction, ERISA sections 406(a)(1)(A) and (D) prohibit fiduciaries from causing a plan to engage in a transaction if they know or should know that it constitutes a direct or indirect sale or exchange of property between the plan and a party in interest, or transfer of plan assets to or for the benefit of a party in interest. 29 U.S.C. §§ 1106(a)(1)(A) and (D). Parties in interest include "any fiduciary (including, but not limited to, any administrator, officer, trustee, or custodian)" and "any officer, director . . . or 10

7

percent or more shareholder" of an employer whose employees are covered by the plan. ERISA sections 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

The Secretary respectfully requests that the Court make the following findings based on the undisputed facts set forth in the Secretary's Statement of Facts:

- Reliance was a fiduciary to the Plan pursuant to ERISA section 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), because it had discretionary authority or discretionary responsibility in the administration of the Plan and exercised discretionary authority and control over the Plan and its assets when it made the decision, on behalf of the Plan, to engage in the purchase of RVR's outstanding shares through the Transaction. (SOF ¶¶ 28, 32.)

- Smalley, Smalley Jr., and Bensen were parties in interest pursuant to ERISA section 3(14)(H), 29 U.S.C. § 1002(14)(H), as an employee, officer, director (or an individual having powers or responsibilities similar to those of officers or directors) of RVR, an "employer any of whose employees are covered by such plan." (SOF ¶¶ 9-11, 29.)

- The Smalley Family Trust and the Smalley Survivor's Trust, were parties in interest pursuant to ERISA section 3(14)(H), 29 U.S.C. § 1002(14)(H), as a 10 percent or more shareholder directly or indirectly" in RVR, an "employer any of whose employees are covered by such plan." (SOF ¶¶ 3, 30.)

- The Smalley Marital Trust was a party in interest to the Plan, pursuant to ERISA section 3(14)(G), 29 U.S.C. § 1002(14)(G), because it was a "trust . . . of which . . . 50 percent or more of . . . the beneficial interest . . . is owned directly or indirectly, or held by" a fiduciary–Smalley. (SOF ¶ 31.)

- Reliance, in its capacity as Plan trustee, approved the Plan's purchase of 100% of RVR's stock and caused the Plan to engage in the Transaction. (SOF ¶ 32.)

- When it caused the Plan to purchase RVR stock from the Smalley Trusts, Smalley Jr., and Bensen as part of the Transaction, Reliance knew or should have known the Transaction was a direct or indirect sale of property between the Plan and parties in

8

interest—the Smalley Trusts, Smalley, Smalley Jr., and Bensen, as defined in ERISA section 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A). (SOF ¶¶ 32, 33.)

- When it caused the Plan to purchase RVR stock from the Smalley Trusts, Smalley Jr., and Bensen as part of the Transaction, Reliance knew or should have known the Transaction was a direct or indirect transfer of assets of the Plan to parties in interest—the Smalley Trusts, Smalley, Smalley Jr., and Bensen, as defined in ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D). (SOF ¶¶ 32, 34.)

- Reliance was a fiduciary of the Plan who caused the Plan to engage in a transaction it knew or should have known was a transaction as defined in ERISA sections 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A), when Reliance caused the Plan to enter into the Transaction with parties in interest—the Smalley Trusts, Smalley, Smalley Jr., and Bensen. (SOF ¶¶ 32, 33.)

- Reliance was a fiduciary of the Plan who caused the Plan to engage in a transaction it knew or should have known was a transaction as defined in ERISA sections 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), when Reliance caused the Plan to enter into the Transaction with parties in interest—the Smalley Trusts, Smalley, Smalley Jr., and Bensen. (SOF ¶¶ 32, 34)

Whether Reliance can meet its burden of establishing that the Transaction is exempt from ERISA sections 406(a)(1)(A) and (D), under ERISA section 408(e), 29 U.S.C. § 1108(e), is reserved for trial. In claiming the prohibited transaction exemption under ERISA section 408(e), 29 U.S.C. § 1108(e), Reliance has the burden of persuasion.[2] Shay, 100 F.3d at 1490 ("A fiduciary who engages in a [prohibited] transaction pursuant to [ERISA section 408(e),] 29 U.S.C. § 1108(e) has the burden of proving that he fulfilled his duties of care and loyalty and that the ESOP received adequate consideration."). Specifically, Reliance must prove that: (1) the inflated $105 million cash price and other imprudent terms of the Transaction that unduly favored the Sellers were the product of a prudent process; and (2) the Plan paid no more than fair

---

[2] Smalley, Smalley Jr., Bensen, and the Smalley Trusts also have pleaded ERISA section 408(e), 29 U.S.C. § 1108(e), and have the same burden to establish that affirmative defense as Reliance.

market value for the RVR stock. In light of the evidence the Secretary will present of Reliance's truncated and compromised review of the Transaction, and of Reliance causing the Plan to pay more than $90 million dollars above fair market value for the RVR stock, Reliance will not be able to prove that it qualifies for an exemption to this prohibited transaction.

### III.   The Director Defendants Had a Fiduciary Duty to Monitor Reliance – (Part of Count III)

The Director Defendants were Plan fiduciaries charged with a duty to monitor Reliance in its role as the Plan's trustee for the Transaction. Smalley, Smalley Jr., and Bensen, as the directors and officers who appointed Reliance as Plan trustee, as demonstrated above, exercised discretionary authority and control over the management of the Plan or the disposition of its assets by their hiring of Reliance. Accordingly, the Director Defendants were functional fiduciaries who had a duty to monitor and, if necessary, remove Reliance as Plan trustee to ensure that the investigation of RVR's fair market value by Reliance and its representation of the Plan were conducted in the sole interests of the Plan's participants and beneficiaries.

The Ninth Circuit has "recognized that where members of an employer's board of directors have responsibility for the appointment and removal of ERISA trustees, those directors are themselves subject to ERISA fiduciary duties, albeit only with respect to trustee selection and retention." Johnson, 572 F.3d at 1076 (citing Batchelor v. Oak Hill Med. Group, 870 F.2d 1446, 1448–49 (9th Cir. 1989)). Through the May 22, 2014 resolutions of the RVR Board of Directors (which was comprised of Smalley and Smalley Jr.), Smalley and Smalley Jr. "appointed" Reliance as the Plan trustee "effective as of April 15, 2014, with all the powers therein, until its earlier removal or resignation pursuant to the Trust." (SOF ¶ 21.) Therefore, Smalley and Smalley Jr. were functional fiduciaries who had a duty to monitor Reliance.

Even though Bensen was not officially a member of the RVR Board until six days after the May 22, 2014 RVR Board resolutions, he nonetheless exercised discretionary authority and control over the appointment of Reliance as Plan trustee in his various capacities as an officer of RVR, an officer of Cruise America, Inc., and a director of Cruise America, Inc. See Welsh v. Quabbin Timber, Inc., 943 F. Supp. 98, 109 (D. Mass. 1996) ("Officers of a company which sponsors a plan are themselves fiduciaries to the extent they retain authority for selection and

10

retention of plan fiduciaries because, to that extent, they have retained discretionary authority or control with respect to management of the plan"); <u>Shaw v. IAM Pension Plan</u>, 563 F. Supp. 653, 657 (C.D. Cal. 1983), *aff'd*, 750 F.2d 1458 (9th Cir.1985) (corporate officers are fiduciaries to the extent they hire and fire trustees).

Bensen participated fully in making the decision to appoint Reliance as Plan trustee.[3] Bensen was an owner and the Chief Financial Officer ("CFO") of RVR and Cruise America, Inc. prior to the Transaction. (SOF ¶ 11.) Along with Smalley and Smalley Jr., Bensen interviewed Steve Martin and Bucky Wright of Reliance in person, and he also reviewed Reliance's proposed terms of engagement. (SOF ¶ 38.) Bensen, Smalley, and Smalley Jr. testified that, after engaging in this process, they made the decision, together, to hire Reliance as the Plan trustee. (SOF ¶ 39.) Then, in his capacity as CFO of Cruise America, Inc., Bensen signed the April 15, 2014 Reliance Engagement Letter engaging Reliance to serve as the Plan's discretionary trustee for the Transaction. (SOF ¶ 40.) In his capacity as CFO of RVR, Bensen signed the Trust Agreement between Reliance and RVR, effective April 15, 2014, providing that Reliance would act as the discretionary trustee for the Plan with respect to the decision to invest in RVR stock and that RVR could terminate Reliance at any time with 60 days' notice. (SOF ¶ 22.)

Bensen was also a member of the Cruise America, Inc. Board of Directors prior to the Transaction. (SOF ¶ 11.) Through May 22, 2014 resolutions of the Cruise America, Inc. Board, Bensen, jointly with Smalley and Smalley Jr., "approved and ratified" the "implementation and adoption of the Plan," effective June 1, 2013, and further "ratif[ied], confirm[ed], adopt[ed], and approve[d] any and all acts and things that any officer or agent of [Cruise America, Inc.] has done or may do in furtherance of the resolutions." (SOF ¶ 25.) The appointment of Reliance as Plan trustee for the Transaction constitutes an act done "in furtherance of the resolutions." Thus,

---

[3]Bensen, Smalley, and Smalley Jr.'s offices were next door to each other, and they got together every day in the conference room to make decisions on behalf of RVR and its subsidiaries. (SOF ¶ 35.) Bensen testified that official titles were not important. (SOF ¶ 36.) In the period before Reliance was engaged as Plan trustee, Bensen acted as the primary liaison between RVR/Cruise America, Inc. and Chartwell, including, but not limited to, attending meetings with and presentations by Chartwell in which Chartwell recommended that Reliance be the Plan trustee. (SOF ¶ 37.)

in his capacity as a member of the Cruise America, Inc. Board, Bensen "ratif[ied], confirm[ed], adopt[ed], and approve[d]" his retention of Reliance in his capacity as CFO of Cruise America, Inc.

Although Bensen's status as a member of the Cruise America Inc. Board makes his situation more factually analogous to the directors in <u>Johnson</u>, even without this fact, his role in the hiring of Reliance as an officer of RVR is sufficient to confer functional fiduciary status on him. <u>See</u> <u>Welsh</u>, 943 F. Supp. at 109; <u>Shaw</u>, 563 F.Supp. at 657 (corporate officers are fiduciaries to the extent they hire and fire trustees). Indeed, the Ninth Circuit liberally construes ERISA fiduciary status, consistent with the statute's protective policies and objectives. <u>Johnson</u>, 572 F.3d at 1076 (citing <u>Ariz. State Carpenters Pension Trust Fund v. Citibank</u>, 125 F.3d 715, 720 (9th Cir. 1997)).

The undisputed facts demonstrate that Smalley, Smalley Jr., and Bensen, acting together, appointed Reliance. Therefore, the Secretary respectfully requests that the Court make a legal finding as to Count III of the Amended Complaint that Smalley, Smalley Jr., and Bensen were functional fiduciaries with a fiduciary duty to monitor Reliance.

## IV.   The Director Defendants Were Co-fiduciaries with Reliance Under ERISA Section 405(a) – (Part of Count IV)

In addition to their liability under ERISA section 404(a), Smalley, Smalley Jr., and Bensen are also subject to liability under ERISA section 405(a), 29 U.S.C. § 1105(a). ERISA section 405(a) makes a fiduciary "liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . (1) if he participates knowingly in . . . an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. §§ 1105(a)(1), (2) and (3).

As set forth above, Smalley, Smalley Jr., and Bensen were fiduciaries under ERISA sections 402(a)(2) and 3(21)(A)(i) and (iii) because they were members of the ESOP Committee,

12

to which RVR had delegated discretionary authority to administer the Plan. (SOF ¶¶ 17-18.) Thus, they were co-fiduciaries, subject to ERISA section 405(a). The ESOP Committee Charter was adopted by a resolution of the RVR Board of Directors and backdated to May 28, 2013. (SOF ¶ 18.) Based on this backdate and the Plan's backdate to June 1, 2013 (SOF ¶ 13), the members of the ESOP Committee assumed fiduciary responsibilities for actions taken with respect to the Plan prior to May 28, 2014. Regardless, there is no dispute that Smalley, Smalley Jr., and Bensen were fiduciaries as of May 28, 2014. (SOF ¶¶ 17-18.)

Accordingly, the Secretary respectfully requests that the Court make a legal finding as to Count IV of the Amended Complaint that Smalley, Smalley Jr., and Bensen were co-fiduciaries subject to liability for the fiduciary breaches of their co-fiduciary Reliance under ERISA section 405(a) from June 1, 2013 forward.

**V.    The Indemnification Provisions in the Reliance Engagement Letter, Plan, and Trust Agreement Are Void as Against Public Policy Under ERISA Section 410(a) – (Counts VI and VII)**

The indemnification provisions in the Plan document, Reliance Engagement Letter, and Trust Agreement are void as against public policy because they could relieve Reliance, Smalley, Smalley Jr., and Bensen—fiduciaries charged with the duty to act for the exclusive benefit of Plan participants and beneficiaries, but who instead acted against those interests and benefitted most from the excesses and illegality of the Transaction—of responsibility for their fiduciary breaches.

**A.    Indemnification Provisions That Purport to Relieve Fiduciaries of Responsibility for Their Fiduciary Duties Are Void on Their Face Under ERISA Section 410(a)**

Under ERISA section 410(a) "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a). A long-standing interpretive bulletin issued by the Department explains that ERISA section 410(a) permits "[i]ndemnification provisions which leave the fiduciary fully responsible and liable, but merely permit another party to satisfy any liability incurred by the fiduciary in the same manner as insurance." 29 C.F.R. § 2509.75-4. This exception, however, does not permit an "arrangement

13

1    for indemnification of a fiduciary of an employee benefit plan <u>by the plan</u>," because "[s]uch an

2    arrangement would have the same result as an exculpatory clause, in that it would, in effect,

3    relieve the fiduciary of responsibility and liability to the plan by abrogating the plan's right to

4    recovery from the fiduciary for breaches of fiduciary obligations." <u>Id.</u> (emphasis added). Based

5    on ERISA section 410(a) and the Department's guidance, the Ninth Circuit has prohibited

6    "indemnification of a fiduciary by the ERISA plan itself." <u>Johnson</u>, 572 F.3d at 1080; <u>see also</u>

7    <u>Sec'y U.S. Dep't of Labor v. Koresko</u>, 646 F. App'x 230, 244 (3d Cir. 2016) ("Plan

8    indemnification provisions that allow the plan to indemnify a fiduciary are considered void.");

9    <u>Fernandez v. K–M Indus. Holding Co.</u>, 646 F. Supp. 2d 1150 (N.D. Cal. 2009) (noting that

10    indemnification of plan fiduciary by the plan "would clearly be void under section 410(a)").

11          The Ninth Circuit has further held that, where an indemnification provision calls for an

12    ESOP-owned company to indemnify the ESOP's fiduciary, the provision runs afoul of section

13    410(a). <u>Johnson</u>, 572 F.3d at 1080. In so holding, the Ninth Circuit reasoned that, even though

14    the company is the named indemnitor, the ESOP, as owner of the company, would indirectly

15    bear the financial burden of indemnification, which contravenes section 410(a)'s prohibition on

16    plans indemnifying their fiduciaries. <u>See id.</u> The majority of courts that have examined the issue

17    have held that provisions mandating an ESOP-owned company's indemnification of a fiduciary

18    of the ESOP violate ERISA section 410(a). <u>See, e.g.</u>, <u>Hurtado v. Rainbow Disposal Co.</u>, No.

19    8:17-cv-01605, 2018 WL 3372752, at *15-16 (C.D. Cal. July 9, 2018) ("[B]ecause the Court has

20    found that Plaintiffs have stated claims against Rainbow and the Republic Defendants, any

21    recovery that Plaintiffs obtain could, at least in part, also be paid by Republic. Therefore,

22    because the use of Republic assets to pay defense costs could jeopardize the ultimate recovery of

23    Plan Participants, the same concerns apply here as in <u>Johnson</u>."); <u>Pfeifer v. Wawa, Inc.</u>, 214 F.

24    Supp. 3d 366, 373 (E.D. Pa. 2016) (where the plan trustee and his family owned the largest

25    number of shares of the company outside the ESOP itself, the court held that "indemnification by

26    an ESOP sponsor functionally equates to an impermissible indemnification by the ESOP itself");

27    <u>Fernandez v. K–M Indus. Hldg. Co.</u>, 646 F. Supp. 2d 1150, 1154–55 (N.D. Cal. 2009) (holding

28    that the "ESOP, which owns forty-two percent of [the company], would thus shoulder a large

part of the burden of indemnification" and "indemnification agreements are invalid any time an ESOP would bear the financial burden of indemnification, whether directly or indirectly"); <u>Delta Star, Inc. v. Patton</u>, 76 F. Supp. 2d 617, 640–41 (W.D. Pa. 1999) (where the ESOP owned 98.63% of the company, defendant-fiduciary was not entitled to indemnification); <u>Donovan v. Cunningham</u>, 541 F. Supp. 276 (S.D. Tex. 1982) (where the ESOP owned 34% of the sponsoring company, it owned "a substantial portion" of the sponsoring company's stock and it would be "inconsonant with the intentions of section 410 of ERISA . . . to permit indemnification by [the plan-owned company] where the [plan] would indirectly bear the financial burden"), <u>rev'd in part on other grounds</u>, 716 F.2d 1455 (5th Cir.1983).

Indemnification by an ESOP-owned company may be invalid even if the funds used for indemnity payments are not plan assets. <u>Johnson</u>, 572 F.3d at 1080. The defendants in <u>Johnson</u> argued that section 410(a) did not apply because payment "would be made from corporate, not plan, assets." <u>Id.</u> The Ninth Circuit, however, rejected the argument, opining that because "any proceeds taken from [the company's] remaining funds to pay Defendants' defense costs will, dollar for dollar, reduce the funds available for distribution to ESOP participants[,]" "such a result is impermissible under section 410(a)." <u>Id.</u> One court has explained that, while 29 C.F.R. § 2510.3-101(h)(3) establishes that corporate assets are not necessarily plan assets, where the plan is an ESOP, "'the assets of the plan would include the employer securities.'" <u>Hurtado</u>, 2018 WL 3372752, at *9, 16 n.5 (C.D. Cal. July 9, 2018) (quoting 51 Fed. Reg. 41262-01, at 41277 (Nov. 13, 1986)) (disagreeing with <u>Harris v. GreatBanc Trust Co.</u>), No. EDCV12–1648–R (DTBx), 2013 WL 1136558, at *3 (C.D. Cal. Mar. 15, 2013). Indeed, section 410 makes no mention of plan assets. 29 U.S.C. § 1110. Thus, whether indemnification payments are made with corporate or plan assets is not dispositive because any payment would "indirectly impose the burden" of indemnification on the ESOP itself. <u>McMaken on behalf of Chemonics Int'l, Inc. ESOP v. GreatBanc Trust Co.</u>, No. 17-cv-04983, 2019 WL 1468157, at *6 (N.D. Ill. Apr. 3, 2019) (noting that <u>Harris</u> is a "minority position").

A court may find an indemnification agreement void under ERISA section 410(a) without a factual showing that indemnification has occurred or that the defendant has breached his or her

1   fiduciary duties. See Foster v. Adams & Assocs., Inc., No. 18-CV-02723-JSC, 2020 WL
2   3639648, at *11 (N.D. Cal. July 6, 2020) ("Section 410, however, does not require the employer
3   to actually provide the indemnification, just that the clause purport to provide indemnification.");
4   Fernandez, 646 F. Supp. 2d at 1157 (finding section 410(a) was violated even though "there is no
5   possibility that the value of the ESOP shares will actually decrease if [the company] is held liable
6   for indemnification"); Donovan, 541 F. Supp. at 289 (discussing how the defendant's fiduciary
7   status does not have to be adjudicated in order to find an indemnification provision for its benefit
8   was void). Indeed, "the validity of an indemnification agreement under ERISA must be
9   determined from the face of the agreement." Fernandez, 646 F. Supp. 2d at 1157. "The goal is to
10  protect the ESOP from suffering any expense" arising from an action against its fiduciary for
11  breach of ERISA duties, a "goal [that] cannot be met by requiring [the company] to indemnify
12  any party to this suit." See Donovan, 541 F. Supp. at 289 (emphasis added).

### B.    The Indemnification Provisions in the Plan Document, Reliance Engagement Letter, and Trust Agreement Are Void Under ERISA Section 410(a)

13
14          The indemnification provisions in the Plan document, Reliance Engagement Letter, and
15  Trust Agreement, are void as against public policy as a matter of law and the Court should grant
16  summary judgment in favor of the Secretary on Counts VI and VII of the Amended Complaint.
17

### 1.    Section 12.6 of the Plan Document Is Invalid

18          Section 12.6 of the Plan document is void under ERISA section 410(a). It provides,
19  "Unless otherwise prohibited by law, either the Sponsoring Employer [RVR] or the Trust, in the
20  sole discretion of the Sponsoring Employer, will reimburse the Trustee [Reliance] and/or the
21  Administrator [ESOP Committee] for all costs, attorneys fees and other expenses associated with
22  any such claim, suit or proceeding." (SOF ¶ 42.) It is undisputed that Reliance and the ESOP
23  Committee were Plan fiduciaries. (SOF ¶¶ 28, 17-18.) Thus, Section 12.6 purports to indemnify
24  ERISA fiduciaries—Reliance and the ESOP Committee—for any claims arising from their
25  fiduciary actions.
26
27          While Section 12.6 makes RVR liable for indemnification, the fact that RVR is 100%
28  owned by the Plan renders RVR's indemnification of Reliance and the ESOP Committee
        impermissible because the arrangement is tantamount to an illegal exculpatory clause for

Reliance and the ESOP Committee. If enforced, Section 12.6 would relieve Reliance and the ESOP Committee of liability for the consequences of their wrongdoing. The scope of indemnification under Section 12.6 is broad, excluding only what is illegal, which of course is not an exclusion at all. (SOF ¶ 42) ("Unless otherwise prohibited by law . . ."); Johnson, 572 F.3d at 1074-75, 1081 (limitations such as "to the extent not preempted by federal law" or "[s]ubject to the relevant provisions of [ERISA]" did not make an indemnification agreement enforceable) (alterations original). Thus, any liability for indemnification incurred by RVR necessarily burdens the Plan, which owns RVR, "by indirectly imposing the cost of a breach of fiduciary duty on the Plan." McMaken, 2019 WL 1468157, at *6. "Under the majority view, indemnification by an ESOP sponsor functionally equates to an impermissible indemnification by the ESOP itself." Pfeifer, 214 F. Supp. 3d at 373; see also Hurtado, 2018 WL 3372752, at *15-16; Fernandez, 646 F. Supp. 2d at 1154–55. Accordingly, Section 12.6 is void.

### 2.     Section 12.14 of the Plan Document Is Invalid

Section 12.14 is also subject to and voided by ERISA section 410(a). It provides:

> In addition to and in furtherance of any other limitations provided in the Plan, and to the extent permitted by applicable law, the Sponsoring Employer will indemnify and hold harmless its board of directors (collectively and individually), if any, the Committee (collectively and individually), if any, and its officers, Employees, and agents against and with respect to any and all expenses, losses, liabilities, costs, and claims, including legal fees to defend against such liabilities and claims, arising out of their good-faith discharge of responsibilities under or incident to the Plan, *excepting only expenses and liabilities resulting from willful misconduct*.

(SOF ¶ 43) (emphasis added).

Section 12.14 explicitly requires RVR to indemnify the ESOP Committee "collectively and individually" as fiduciaries to the Plan. Any indemnification liability incurred by RVR, however, directly or indirectly rests on the Plan because of the Plan's ownership of RVR and such an arrangement is void. See Fernandez, 646 F. Supp. 2d at 1155.

Similar to section 12.6's broad exclusion, the breadth of Section 12.14's qualification, "to the extent permitted by applicable law," renders it meaningless. Johnson, 572 F.3d at 1074-75, 1081. Likewise, section 12.14 is not saved from being void under section 410(a) by excepting indemnification arising from "willful misconduct," because a fiduciary could breach its ERISA

17

duties without engaging in "willful misconduct." Section 12.14 would allow for indemnification of the ESOP Committee, even if they violated their ERISA duties, as long as they did not engage in "willful misconduct." Such a limit on the ERISA liability of the ESOP Committee contravenes ERISA section 410(a) and Section 12.14 is therefore void. See Johnson, 572 F.3d at 1078 ("The indemnification agreements thus effectively limit Defendants' liability under ERISA because, so long as they do not engage in deliberate wrongful acts or gross negligence, Defendants will be indemnified—even if they violated the ERISA 'prudent man' standard of care."); Foster , 2020 WL 3639648, at *11("Defendants have not shown that the language here can be reconciled with ERISA's prudent man standard.").

Moreover, Section 12.14 is not valid merely because it states that "any indemnity and payment of expenses or fees under this Section will be made only from assets of the Employer, and will not be made directly or indirectly from assets of the Trust." (SOF ¶ 43.) As discussed above, in cases where an ESOP owns the indemnitor company, it is irrelevant whether payment is from plan assets, because the company's liability for indemnity is a liability of the plan by virtue of the ESOP's ownership interest. Johnson, 572 F.3d at 1080; Hurtado, 2018 WL 3372752, at *9. Section 410(a) renders any such arrangement invalid regardless of the nature of the funds used for indemnity payments.

### 3. The Indemnification Provisions in the Reliance Engagement Letter and Trust Agreement Are Invalid

RVR also agreed in the Reliance Engagement Letter and Trust Agreement to indemnify Reliance "against and from any and all claims, damages, expense, liabilities, and losses whatsoever . . . relating to the Transaction or Reliance's duties as ESOP trustee." (SOF ¶ 41.) These indemnification provisions do not apply only to the extent that any such claim, damages, expense, liabilities, or losses have resulted from Reliance's "bad faith, breach of fiduciary duty under ERISA, gross negligence, willful misconduct, or a material breach of the terms of this letter or any subsequent agreement." (SOF ¶ 41.) As more fully set forth above, these provisions are invalid under ERISA section 410(a) because they could allow the Plan to incur the costs of Reliance's breaches of fiduciary duty. Even though the provisions except liabilities resulting from Reliance's "breach of fiduciary duties under ERISA," until a court weighs in, the

18

"exception" has no teeth and does nothing to prohibit potentially illegal indemnification of Reliance. See Johnson, 572 F.3d at 1074-75, 1081 (limitations such as "to the extent not preempted by federal law" or "[s]ubject to the relevant provisions of [ERISA]" did not make an indemnification agreement enforceable (alterations original)).

Accordingly, the indemnification provisions in Sections 12.6 and 12.14 of the Plan document, the Reliance Engagement Letter, and the Trust Agreement are void as against public policy as a matter of law and the Secretary respectfully requests that the Court grant summary judgment in favor of the Secretary on Counts VI and VII of the Amended Complaint.

## **CONCLUSION**

Based on the foregoing, there is no genuine dispute as to any material fact relied on by the Secretary in this motion. Therefore, as a matter of law, the Secretary is entitled to summary judgment on Counts VI and VII of the Amended Complaint holding that the indemnification provisions in the Plan document, Reliance Engagement Letter, and the Trust Agreement are void as against public policy pursuant to ERISA section 410(a). Additionally, the Secretary is entitled as a matter of law to partial summary judgment respecting Counts I, III, and IV of the Amended Complaint. Specifically, the Secretary requests that the Court hold that: Reliance was a fiduciary of the Plan who caused the Plan to engage in a transaction Reliance knew or should have known was a transaction as defined in ERISA sections 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D), when it caused the Plan to enter into the Transaction with parties in interest—the Smalley Trusts, Smalley, Smalley Jr., and Bensen (Count I); Smalley, Smalley Jr., and Bensen (the Director Defendants), had a fiduciary duty to monitor Reliance as trustee and fiduciary of the Plan in the Transaction under ERISA section 404(a)(1) (Count III); and Smalley, Smalley Jr., and Bensen were co-fiduciaries with Reliance under ERISA section 405(a) (Count IV).

1    Dated:  March 25, 2022                    Respectfully Submitted,

2                                              SEEMA NANDA
3                                              Solicitor of Labor

4                                              G. WILLIAM SCOTT
5                                              Associate Solicitor
                                               for Plan Benefits Security
6
7                                              ANNA O. AREA
                                               Counsel for Litigation
8
                                               /s/ Brendan Ballard
9                                              BRENDAN BALLARD
                                               Senior Trial Attorney
10
11                                             ERIC C. LUND
                                               PETER B. DOLAN
12                                             Senior Trial Attorneys

13                                             KATRINA LIU
14                                             ISIDRO MARISCAL
                                               Trial Attorneys
15
                                               U.S. Department of Labor
16                                             Office of the Solicitor
17                                             Plan Benefits Security Division
                                               P.O. Box 1914
18                                             Washington, D.C. 20013
                                               ballard.brendan@dol.gov
19                                             dolan.peter@dol.gov
20                                             liu.katrina.t@dol.gov
                                               lund.eric@dol.gov
21                                             mariscal.isidro@dol.gov
                                               Direct: (202) 693-5600
22                                             Facsimile: (202) 693-5610

23
                                               Attorneys for Plaintiff Martin J.
24                                             Walsh, Secretary of Labor

25

26

27

28

                                    20

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that, on March 25, 2022, a true and correct copy of the foregoing

3  Secretary of Labor's Legal Memorandum in Support of Motion for Partial Summary Judgment

4  was served in the above-captioned case on all counsel of record via the court's CM/ECF system.

5                                                                    /s/  Katrina Liu

6                                                                    Katrina Liu
                                                                     Trial Attorney
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28