**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A. Su,<br><br>   Plaintiff,<br><br>v.<br><br>Reliance Trust Company, et al.,<br><br>   Defendants. | No. CV-19-03178-PHX-ROS<br><br>**CONSENT ORDER AND JUDGMENT** |

  Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary"), and defendant Reliance Trust Company ("Reliance"), by and through their respective attorneys, negotiated this agreement to settle the matters in controversy between them in this civil action, and each consents to the entry of this Consent Order and Judgment by the Court as the sole and complete memorialization of the terms of such agreement.

  **A.** This action was filed against defendants Reliance and RVR, Inc. ("RVR"), RVR Inc. Employee Stock Ownership Plan (the "Plan"), Eric Bensen ("Bensen"), Randall Smalley ("Smalley"), Robert Smalley, Jr. ("Smalley Jr."), Family Trust Created Under the Smalley Revocable Trust dated July 8, 2004 ("Family Trust"), Marital Trust Created Under the Smalley Revocable Trust dated July 8, 2004 ("Martial Trust"), and Survivor's Trust Created Under the Smalley Revocable Trust dated July 8, 2004 ("Survivor's Trust") (collectively, exclusive of Reliance, the "RVR Defendants") by the Secretary pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1001, et seq., as amended.

**B.** The Secretary and Reliance have agreed to resolve all matters in controversy between them in this action for the sum total of $22,500,000, inclusive of a penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). The Secretary and Reliance have agreed to settle on the terms and conditions hereafter set forth and stipulate and agree to the entry of this Consent Order and Judgment as a full and complete resolution of all of the civil claims, causes of action, and issues arising between them in this action without adjudication of any issue of fact or law raised in the Secretary's Amended Complaint in this action.

**NOW THEREFORE**, in consideration of the mutual covenants set forth in this Consent Order and Judgment and other valuable and sufficient consideration, the Secretary and Reliance have agreed as herein stated.

Accordingly,

**IT IS ORDERED** the Joint Motion to Approve Consent Judgment (Doc. 293) is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

**I.    JURISDICTION**

The Court has jurisdiction over the parties to and subject matter of this action, and is empowered to provide the relief herein.

**II.    MONETARY RELIEF**

**A.** Within 30 days of the Court's entry of this Consent Order and Judgment, Reliance shall pay, or cause its insurers to pay, to the Plan $20,454,545 ("Settlement Amount") to fully settle the claims against Reliance in the Secretary's Amended Complaint in this action. This sum shall be remitted to the Plan by forwarding it to Argent Trust Company ("Argent"), the trustee for the Plan. Reliance's and its insurers' ability to make the payments set forth in this paragraph within 30 days is dependent upon their timely receipt of a Form W-9 from Argent. If they have not already done so, Reliance and its insurers will

request a Form W-9 from Argent immediately after this Consent Order and Judgment is approved.

**B.** The Settlement Amount paid to the Plan shall be distributed to participant accounts of individuals who were participants in the Plan as of May 28, 2014, or if such individual has since withdrawn from the Plan and no longer has a participant account, payment shall be made directly to the individual, except that any amount allocable to Defendant Eric Bensen shall be held in escrow by the Plan until the claims against him in this action are fully and finally resolved. Reliance's sole responsibility with respect to the Settlement Amount shall be to ensure that it is remitted to the Plan, as provided in paragraph II.A above. Reliance shall have no responsibility for the allocation or use of the Settlement Amount to be paid in accordance with this Consent Order and Judgment.

**C.** The Settlement Amount shall not be used for any other purpose, including for any payment on the Plan's loan from RVR or any other loan, for any payment of the Plan's expenses (other than those incurred in making distributions of the Settlement Amount to plan participants), or for any indemnification purposes. The Plan and RVR shall ensure that Argent complies with the requirements of this Consent Order and Judgment.

**D.** Upon payment of the Settlement Amount, Reliance shall be assessed a penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*). For purposes of calculating the penalty, the Secretary and Reliance agree the "applicable recovery amount" is $20,454,545, which is the Settlement Amount described in paragraph II.A above. The Secretary has agreed to compromise the assessed civil penalty by 50% for a total penalty equal to 10% of the Settlement Amount. Thus, the penalty under ERISA § 502(*l*) to be paid by Reliance shall be $2,045,455 (the "Penalty Amount"). Reliance waives its right to a separate notice of assessment of the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), and the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Reliance also waives its right

    to request a waiver of the ERISA § 502(*l*) penalty pursuant to ERISA § 502(*l*)(3) and 29 C.F.R. § 2570.85.

 **E.** Within 14 days of its payment of the Settlement Amount to the Plan, Reliance will pay or cause to be paid the Penalty Amount by sending electronic payment using the website: https://www.pay.gov/public/form/start/1063197296. The payment shall reference EBSA Case No. 72-036295(48).

 **F.** Within 21 days of payment of the Settlement Amount under paragraph II.A above Reliance shall provide to the Secretary proof of payment of the Settlement Amount and the Penalty Amount. Such proof shall consist of a sworn declaration from Reliance and will include wire or other funds transfer confirmations of the payment and such other proof as may be requested by the Secretary. Any proof provided under this paragraph will be emailed to: LARO@dol.gov with copy to Secretary's counsel, and sent to the Secretary's representative at the following address:

    Crisanta Johnson
    Regional Director, Los Angeles Regional Office
    Employee Benefits Security Administration
    U.S. Department of Labor
    35 N. Lake Ave., Suite 300
    Pasadena, CA 91106

The Secretary will notify Reliance of her receipt of satisfactory proof.

**III. <u>NON-MONETARY RELIEF</u>**

 **A.** Reliance represents that neither the Plan nor RVR has made any payments to or on behalf of Reliance for any fees or expenses that Reliance has incurred in the defense of this action or any investigation related to this action. Neither Reliance nor its insurers shall seek or accept reimbursement or indemnity from the Plan or RVR for any payments made or required to be made regarding this matter, any fees or expenses incurred in the defense of this action or any related

investigation, or any fees or expenses associated with the negotiation, consideration, documentation, or implementation of this Consent Order and Judgment.

B. Reliance represents that it is not currently acting as a discretionary trustee for any employee stock ownership plan in connection with a transaction involving the purchase or sale of employer securities that are not publicly traded. Reliance further represents with respect to such matters for which it may in the future act as such a discretionary trustee, it reaffirms its agreement to follow the process described in "Agreement Concerning Fiduciary Engagements and Process Requirements for Employer Stock Transactions" contained in Exhibit A to the settlement agreement resolving *R. Alexander Acosta, United States Secretary of Labor v. Reliance Trust Company, et al.*, Civil Action No. 1:19-cv-02725 in the U.S. District Court for the Northern District of Illinois, Eastern Division.

## IV. BAR ORDER

A. The RVR Defendants are hereby permanently barred and enjoined from presenting in this action, or in any other action, proceeding, administrative agency or any other forum, against Reliance any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law theories, or principles, that arise from or relate in any way to the Secretary's claims released in this Consent Order and Judgment. Such claims are precluded to the full extent provided by federal law.

B. Reliance is hereby barred and enjoined from presenting in this action or in any other action, proceeding, administrative agency or any other forum, against RVR, the Plan, Bensen, Smalley, Smalley Jr., the Family Trust, the Marital Trust, and the Survivor's Trust any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles, that arise from or relate in any way to the Secretary's claims released in this Consent Order and Judgment. Such claims are precluded to the full extent

provided by federal law.

**C.** Because Reliance and the RVR Defendants are barred from asserting any claims for contribution or indemnification as specified in paragraphs IV.A and IV.B above, any judgment rendered in favor of the Secretary (or any of the Secretary's successors) in this action against RVR, the Plan, Bensen, Smalley, Smalley Jr., the Family Trust, the Marital Trust, or the Survivor's Trust that arises from or relates in any way to the Secretary's claims released in this Consent Order and Judgment, shall be reduced by an amount equal to the Settlement Amount of $20,454,545 set forth in paragraph II.A above. Notwithstanding the foregoing, nothing herein shall preclude any argument by the Secretary, Reliance, or the RVR Defendants that ERISA does not provide a right of contribution or indemnity.

**D.** Nothing herein shall be construed as indicating that ERISA provides contribution or indemnity rights.

**V.     RELEASES**

**A.** Upon payment by Reliance of the Settlement Amount and the Penalty Amount specified in paragraphs II.A and II.D, the Secretary and her agents, representatives, assigns, predecessors and successors in interest, acting in their official capacities, do hereby waive, release and forever discharge with prejudice any and all claims, demands, actions, causes of action, liabilities, or fines they may have against Reliance and its current and former directors, officers, agents, attorneys, employees, insurers, representatives, assigns, predecessors and successors in interest based upon the allegations in the Secretary's Amended Complaint in this action.

**B.** Reliance, and its parent, affiliates, successors, and assigns, and the current and former directors, officers, agents, servants, employees, insurers, and attorneys of the foregoing, hereby release the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental

|     |     |
| --- | --- |
| 1   | capacities, from all actions, claims and demands of whatsoever nature, including |
| 2   | those arising under the Equal Access to Justice Act or any statute, rule or |
| 3   | regulation, that relate in any manner to this action and any other proceeding or |
| 4   | investigation relating to RVR or the Plan. |

C. Reliance, and its parent, affiliates, successors, and assigns, and the current and former directors, officers, agents, servants, employees, insurers, and attorneys of the foregoing, hereby release and expressly waive any rights or claims to reimbursement or indemnification against RVR or the Plan that relate in any manner to this matter and any other proceeding or investigation relating to RVR or the Plan.

D. This Consent Order and Judgment provides full, final, and complete judicial resolution of all claims and causes of action alleged in the Secretary's Amended Complaint in this action solely with respect to Reliance. Nothing in this Consent Order and Judgment shall be deemed to waive the Secretary's rights or claims for recovery and equitable relief against any other defendants in this action, including the Rule 19(a) defendants RVR and the Plan, or their insurers, including rights to attorneys' fees and costs in this action.

E. Except for the claims released by the Secretary in paragraph V.A above, the Secretary's claims against any other persons not identified in paragraph V.A, including the defendants in this matter other than Reliance, are expressly preserved. Nothing in this Consent Order and Judgment shall preclude the Secretary from initiating or continuing any audit or investigation, or from pursuing any claims or actions, against any entities or persons relating to any ERISA-covered plan. Further, nothing in this Consent Order and Judgment shall waive any claims by the Secretary relating to the obligations set forth in this Consent Order and Judgment.

F. The Secretary and Reliance each represents and warrants that they have not assigned all or part of any claim, demand, debt, or cause of action of any kind or

nature released in this Consent Order and Judgment to any other person or third-party prior to executing this Consent Order and Judgment.

G. This Consent Order and Judgment shall not constitute an admission or denial of the Secretary's allegations against Reliance in this action.

## VI. RETENTION OF JURISDICTION

The Court shall maintain jurisdiction over the parties and subject matter of this action for purposes of enforcing and interpreting the terms of this Consent Order and Judgment.

## VII. COSTS AND EXPENSES

The Secretary and Reliance each shall bear their own costs, expenses, and attorneys' fees in connection with this action or related investigation and this Consent Order and Judgment. As agreed, released, and expressly waived in paragraphs III.A and V.C above, neither Reliance nor its insurers shall seek reimbursement or indemnification of their costs, expenses, and attorneys' fees against RVR or the Plan.

## VIII. ENTRY OF JUDGMENT

A. By entering into this Consent Order and Judgment, the Secretary and Reliance represent that they have read this Consent Order and Judgment, been informed by counsel of the effect and purpose of this Consent Order and Judgment and agree to be bound by its terms.

B. This Consent Order and Judgment shall not be binding upon any government agency other than the U.S. Department of Labor, Employee Benefits Security Administration.

…
…
…
…
…
…

**C.** The Court finds that there is no just reason to delay the entry of this Consent Order and expressly directs the entry thereof as a final Order and Judgment.

Dated this 29th day of August, 2023.

                                        Honorable Roslyn O. Silver
                                        Senior United States District Judge