**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A. Su, | No. CV-19-03178-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Reliance Trust Company, et al., | |
| Defendants. | |

Both parties have filed proposed motions in limine. (Doc. 299, 302). The Secretary seeks to exclude two expert witnesses who were retained by Reliance Trust Company. The Director Defendants seek to exclude the expert witness the Secretary plans to call at trial. The Court will allow the motions to be filed but both will be denied.

**I.    Reliance's Experts**

The recent consent judgment between Reliance and the Secretary means Reliance will not be participating in the trial. Because of that, the Director Defendants wish to call the two experts who would have been testifying on Reliance's behalf. The Secretary presents two arguments for excluding these two experts.[1] First, the Director Defendants allegedly did not disclose the experts such that Federal Rule of Civil Procedure 37 requires they be excluded. Second, the two experts allegedly will offer testimony significantly

---

[1] The Secretary made an additional argument in her reply that the Court need not hear from these experts because "the probative value of expert opinion on fiduciary conduct is limited" given that whether a violation of ERISA occurred "is a question exclusively within the province" of the court. (Doc. 307 at 6). The Court's February 2023 Order rejected this argument from both sides. There is no need to revisit that issue here and the Secretary's argument is not a basis to exclude the experts the Director Defendants wish to call.

1  duplicative of the testimony from the Director Defendants' other expert.

2  The alleged nondisclosure is not a sufficient basis to exclude the two experts. The
3  Secretary deposed these experts during discovery, but she argues she would have deposed
4  the experts differently had she known they would be called by the Director Defendants.
5  Based on the expected content of the experts' testimony, it seems unlikely the earlier
6  depositions would have been significantly different. However, to avoid any prejudice, the
7  Secretary will be permitted to depose both experts before trial if she wishes to do so. It
8  would be preferable for the Secretary merely to cross-examine these experts during trial,
9  but the Court will leave it to the Secretary to determine which course she prefers.

10  The Secretary also argues the two experts should be excluded because they will
11  present duplicative testimony. The Director Defendants disagree, and they argue any
12  potential duplication should be addressed during trial. Based on the descriptions of
13  expected testimony in the Joint Proposed Pretrial Order, some of the expert testimony
14  would be duplicative. For example, it appears all three of the experts would offer testimony
15  regarding the fair market value of the RVR stock. Such duplicative testimony will not be
16  allowed. The Court will not permit more than one expert to provide testimony on any
17  issue. The Court will sustain objections to all attempts to offer duplicative testimony.
18  Therefore, in preparing the written direct testimony from their three experts, the Director
19  Defendants must ensure there is no overlap between the experts.

20  **II.     Exclusion of Secretary's Expert**

21  The Director Defendants' motion seeking to exclude the Secretary's expert, Paul
22  Wazzan, is in effect a motion for reconsideration of the Court's February 2023 Order. This
23  latest motion is untimely but, even if timely, the arguments for exclusion are not persuasive.

24  The Court's February 2023 Order analyzed the admissibility of Wazzan's testimony
25  in detail and concluded the Director Defendants' arguments did not merit exclusion of his
26  opinions. The Director Defendants now argue a recent amendment to Federal Rule of
27  Evidence 702 establishes the Court's previous analysis was flawed. In brief, the Court
28  allegedly placed the burden on the Director Defendants to show why Wazzan should be

excluded. The recent amendment to Rule 702 makes clear the Court should have placed the burden on the Secretary to show Wazzan's testimony was admissible. The Director Defendants have misinterpreted the Court's prior Order and how motions in limine must be resolved.

It is well-established "[t]he party offering expert testimony has the burden of establishing its admissibility." *Bldg. Indus. Ass'n of Washington v. Washington State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012). But as a practical matter, "a party moving in limine . . . to preclude testimony by his opponent's expert must first make a threshold showing sufficient to indicate that his adversary will be unable to meet his burden at trial with regard to the testimony." *United States v. An Easement & Right-of-way Over 6.09 Acres of Land, More or Less, in Madison Cnty., Alabama*, 140 F. Supp. 3d 1218, 1236–37 (N.D. Ala. 2015). This is necessary because the Court had no independent pretrial obligation to assess the admissibility of every aspect of Wazzan's testimony. That is, the Court had no obligation to invent arguments that might result in excluding Wazzan's testimony. Rather, the proper method, and the method employed by the Court, was to evaluate the arguments the Director Defendants made. *See also Determining in advance whether expert testimony is admissible*, Federal Trial Handbook: Civil § 54:8 ("The moving party . . . must establish why the expert's testimony is not admissible."). It was in the context of rejecting the Director Defendants' arguments that the Court made the statements the Director Defendants identify as misapplying Rule 702.

Rather than misallocating any burden, the Court's February 2023 Order identified Wazzan's qualifications. The Court then went through the Director Defendants' arguments why Wazzan was not qualified, as well as the arguments why Wazzan's opinions were unreliable. Those arguments fell short of requiring exclusion. For example, the Director Defendants argued Wazzan should be excluded because only experts who have previously testified in ESOP cases may testify in ESOP cases. Accepting that would have meant no expert could testify for the first time. Thus, the Court described that argument as "not a sufficient basis" to exclude Wazzan's testimony. That did not constitute shifting the

burden of establishing admissibility to the Director Defendants.

Beyond the amendment to Rule 702, the Director Defendants' renewed motion to exclude Wazzan makes the same arguments that were previously rejected. Moreover, the Director Defendants have not addressed the portion of the Court's prior Order that noted a bench trial differs significantly from a jury trial regarding how expert testimony must be handled. The Ninth Circuit has explicitly held in a bench trial a district court may hear from an expert and make any necessary admissibility determinations later. *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018). To the extent the Director Defendants believe none of Wazzan's testimony should be admitted, they will have ample opportunity to attack the admissibility of Wazzan's testimony through in-court examination. There is no basis to exclude his testimony before trial.

### III. Opening Statements

The parties will not present opening statements in court. However, the parties will be required to file statements of no more than twenty pages providing a factual overview of what they plan to prove as well as a brief legal overview how those facts will establish their claims or defenses.

Accordingly,

**IT IS ORDERED** the Motions for Leave (Doc. 299, 302) are **GRANTED**. The documents lodged at Doc. 300 and 303 shall be filed as motions but both motions are **DENIED**. If she wishes to do so, the Secretary of Labor may depose the two Reliance experts no later than **January 5, 2023**.

**IT IS FURTHER ORDERED** the Motion for Leave to File Sur-Reply (Doc. 309) is **GRANTED** and the document lodged at Doc. 313 shall be filed.

**IT IS FURTHER ORDERED** no later than **January 4, 2024**, the parties shall file written statements of no more than twenty pages providing an overview of their positions.

…

…

…

**IT IS FURTHER ORDERED** no later than **December 22, 2023**, the Director Defendants shall file a response to the Motion to Exclude Fact Witnesses. No reply is permitted.

Dated this 15th day of December, 2023.

                                            Honorable Roslyn O. Silver
                                            Senior United States District Judge