# Exhibit A

## Plaintiff's Exhibits 165, 175, 249, 254 278, 281, and 289

**(Plaintiff's Exhibit 293 filed under seal at ECF No. 292)**

# RE: Byway Call Meeting notes from 1.13.14

| | |
|---|---|
| From: | Ted Margarit <ted.margarit@chartwellcapitalsolutions.com> |
| To: | Greg Fresh <greg.fresh@chartwellcapitalsolutions.com>, Lindsey Gullickson <lindsey.gullickson@chartwellcapitalsolutions.com> |
| Cc: | Pamela Steverango <pamela.steverango@chartwellcapitalsolutions.com>, Stephanie Geerdes <stephanie.geerdes@chartwellcapitalsolutions.com>, WillBloom <will.bloom@chartwellcapitalsolutions.com> |
| Date: | Tue, 14 Jan 2014 03:27:32 +0000 |

Project Byway Call
January 13, 2014
Attendees:
      Wells Fargo: Jim, Ivan, Jennifer
      Chartwell: Will, Lindsey, Greg, Stephanie, Ted
      Cruise America: Eric Bensen

Call Notes:

1. Introduction to Wells/Chartwell relationship
   - Chartwell has signed NDA with Wells already
   - Chartwell can sign NDA directly with Cruise America (if client wishes)
2. Brief shareholder discussion re their goals and objectives:
   - Looking for a next step
     - Owners are 64/65 years old (Randy and Bob)
       - Children not active in business
       - Other relatives are involved in business
   - Tax benefits were appealing
     - Chartwell to show APO/debt structure that is conservative to moderate
   - ESOP benefits – how meaningful to Byway
     1. S-Corp ESOP (owns 100% of common)
     2. Law/trustee community is seeing
     3. Educated on 1042
        - Yes, something to look more into
        - Not a giant amount but for the owners a good amount
        - Shareholders are all AZ
          - Randy may eventually switch to FL (not sure if or when)
   - Estate planning?
     - Shareholders have done

---

Confidential



PLAINTIFF
EXHIBIT
**165**
Docket No. 2:19-cv-3178

CW-RVR_00062107

PX 165.001

- Eric's is out-of-date, not sure if other owners are up-to-date
- Everything to be refreshed
- Trusts held individually (to Eric's knowledge)
  - Form of succession
    - What's next? How do we transition equity?

  - Debt to obtain liquidity
    - owners will stay on as part of company
    - Eric still part of company too
    - Take out average of $3m/year right now
    - $20m

  - SARs
    - Has heard about briefly but not up to speed on how will work
    - Interested in looking in future (10+ years from now)

3. Discussion of the projections:
   - How does Eric characterize projections provided?
     1. Eric's best guess (not aggressive, not conservative)
        - forward growth
          - pricing to units
          - every other year (volume one year, price the next)
          - $1m extra in revenue to cover inflation
          - costs of goods sold $62m
   - Bonuses are discretionary
   - Strategy for adding units in capx?
     - Replacement units or adding to fleet?
       - mostly replacement
   - Manufactures purchased from?
     - Incentives included in costs of vehicles
     - Only buy from Thor Industries currently
   - Financing is all done through Wells
     - Purchasing is done outright
       - Run through 5 years
       - 8.3 years depreciation
   - One consideration to discuss on 27th:
     - Modeling 100% S-corp ESOP
       - Depreciation no longer relevant
       - Consider lease basis vs. purchase?

Confidential

**PX 165.002**

- o Annual spend on new vehicle/maintenance of existing fleet
  - No warranties, blow through miles quickly
  - Coach part on motor home, more understanding
    - Defects, etc
    - $12-$13m maintenance (oil changes, etc)
    - $20m in new purchases
      - Spending around $30m/year
      - Maintenance is expensed
- o Employees/payroll
  - Employment (varies throughout season)
    - 220ppl total
      - 200 US
      - 20 Canada
        - Goes up to 300ppl in summer
          - Full-time seasonal
  - Payroll
    - US = $18m
    - Canada = $2m
    - (will explain more at meeting why important)
- o Balance sheet
  - Cash
    - Used in transaction?
      - Not required to keep anything, used as a cushion
        - o Excess cash reserved
        - o Lose cash in winter
        - o Model that doesn't use, and model that uses some
  - Revolver
    - o Chartwell to talk to Wells directly in more detail about makeup of facilities
      - Nothing outstanding for Cruise Canada
      - Advance on vehicle
      - Annual appraisal of whole location
      - Physically inspection on four locations 85 on books
    - o Biggest fluctuation throughout the year
      - Purchases come in spring, have not made much money by that time
      - Closer to 60 this year, back down to where needs to be by end of summer
        - Pay down to where they want it (did not say what that number was)
        - 

4. Jan. 27th meeting – Presentation Outline
   - Introduction of Chartwell

Confidential

CW-RVR_00062109

PX 165.003

- Discussion on Chartwell approach to shareholder goals/objectives
  - o Solutions-base
- What is an ESOP?
- Type of structure presenting
  - o Qualitative
  - o Proforma valuation
    - ▪ Whats possible
    - ▪ Where trustee would end up
- Capital structure
  - o Reviewed by Wells (to ensure feasible)
- Returns for invested capital that shareholders might role over
  - o Warrants
  - o SARs
  - o Cash at close
- 1042 considerations
- Next steps
  - o How we would continue to work together

---

**From:** Greg Fresh
**Sent:** Monday, January 13, 2014 9:27 PM
**To:** Lindsey Gullickson
**Cc:** Pamela Steverango; Stephanie Geerdes; Will Bloom; Ted Margarit
**Subject:** Re: Byway Call Meeting notes from 1.13.14

Please paste it in a mail so I can read it from my iPhone. Thx.

Sent from Greg Fresh's iPhone, if you would like speak live please try my mobile 1 312 550 7524 or office 1 612 230 3125. Apologies for any typos.

On Jan 13, 2014, at 9:03 PM, "Lindsey Gullickson"
<Lindsey.Gullickson@chartwellcapitalsolutions.com > wrote:

All,

Attached are my notes from today's call with Wells bankers and Eric from Byway. Please let me know if you have any questions and I can try and help clarify.

Found on drive here: F:\A - C\Cruise America\Notes

Thank you,

Confidential

CW-RVR_00062110

**PX 165.004**

**Lindsey Gullickson** | Corporate Finance, Administration
Chartwell Capital Solutions | **Corporate Finance** • **Strategic Advisory** • **Valuation Services**
33 S. 6th Street | Suite 4750 | Minneapolis, MN 55402
Direct:  612.230.3137 | Office:  612.230.3100

<Project Byway Call 1.13.14.docx>

Confidential

CW-RVR_00062111

**PX 165.005**

# INTRODUCTION
## RELIANCE FINANCIAL CORPORATION
### COPYRIGHT © 1997

The trust business has been defined as the settling of estates, the administering of trusts and the performing of agencies in all appropriate cases for individuals; partnerships; associations; business corporations; public, educational, social, recreational, and charitable institutions; and units of government. It is the intention of Reliance Trust Company (the "Trust Company"), to perform these services and any other appropriate functions that are necessary to meet the needs of its customers and its community, with skill, dedication, and adherence to the highest principles of fiduciary conduct.

This policy manual, which is for the exclusive use of Reliance Financial Corporation (RFC) personnel, is a reflection of the Company's philosophy toward the administration of its fiduciary accounts and is to be used internally as a guide for RFC and Trust Company personnel. The term "Trust Company" is referred to throughout this policy manual, and can be replaced with "Reliance Financial Corporation", unless the policy or activity is specific or limited to the Trust Company. Also, it should be recognized that these policies in many instances represent the general approach of the Trust Company to various areas of the trust business and may not satisfactorily meet all the situations which may arise in the daily activity of the Trust Company. Trust Company personnel should be prepared to exercise initiative and discretion in meeting the needs of their customers while following the intent of the guidelines of the Trust Company; any substantial deviation from these policies should be discussed with the appropriate Department Manager, Fiduciary Committee and the Trust Company's Risk Manager.

Policies in this manual are guided by the strictest fiduciary standards, whether they are federal or state laws or regulations. Therefore, these risk management standards will be among the strictest in the country.

The policies contained in this manual are subject to amendment. The Risk Manager will distribute changes and amendments to this policy periodically.

REV 12/11

1



CONFIDENTIAL

PLAINTIFF
EXHIBIT
**175**
Docket No. 2:19-cv-3178

RTC-RVR 0009721

PX 175.001

# ORGANIZATION
## FIDUCIARY COMMITTEES OF THE COMPANY

A-.002

Trust Management Committee

Purpose/Objective:

". . . exercise the fiduciary powers and duties of the Company, and other duties assigned by the Board of Directors of the Company, all in accordance with policy, law and regulation."

Specific responsibilities without limitations include:

1. Establish/approve policies and procedures as required for the daily operation of the Company.
2. Approve recommended changes to standard fee schedules.
3. Monitor the status of all threatened or pending litigation.
4. Appoint members and alternates of the Investment Policy Committee, the Administrative and Investment Review Committees and other standing fiduciary committees.
5. Review/approve the minutes of all standing fiduciary committees.
6. Monitor the fiduciary compliance/risk management efforts of the Company.
7. Appoint such subcommittees as deemed necessary for the effective transaction of business.
8. Approve charge-offs/gains equal to or greater than $1,000.
9. Approve the plans of operation of all collective investment funds of the Trust Company and amendments to such plans of operation, and all ancillary agreements required or appropriate for implementation of such plans of operation, and exercise general supervisory authority over all such collective investment funds and their operations and activities.
10. Such other duties and responsibilities as may be delegated to the Committee by the Board of Directors.

The presence of a majority of members, or their alternates, of the Trust Management Committee shall be necessary for the transaction of business at all meetings of the Committee; and actions of the Committee shall require the concurrence of the majority of those present at such a meeting. The Committee shall meet at least monthly, and/or upon the call of the Chairman.

Investment Policy Committee

Purpose/Objective:

Reliance Financial Corporation - Policy Manual

CONFIDENTIAL

RTC-RVR 0009752

PX 175.032

". . . exercise the fiduciary powers and duties assigned by the Board of Directors of the Company, all in accordance with policy, law and regulation."

Specific responsibilities without limitations include:

1. Develop the investment strategies for the Company and produce the Company's Investment Policy Statement.
2. Perform periodic reviews of industries and marketable asset holdings for which the Company has discretionary authority.
3. Review/ratify the purchase or sale of marketable asset holdings.
4. Keep current the Company's approved lists of securities.
5. Vote proxies and specifically authorize the non-voting of any proxies.
6. Review research and trading activities, including allocation of brokerage commissions.
7. Review/ascertain risks associated with real property in Trust Accounts prior to acceptance.
8. Review real property, notes and mortgages in Trust Accounts in cycles of at least once during every calendar year.
9. Manage and collect notes and mortgages, approve leases and initiate any/all actions appropriate for the proper management of real property, notes, mortgages, joint ventures, oil, gas and mineral interests, including the purchase and construction of improvements and other developmental activities, to the extent that this is not covered by other committees.
10. Review/ascertain risks associated with real property, joint ventures, oil, gas and mineral interests prior to acceptance, to the extent that this is not covered by other committees.
11. Review real property, joint ventures, notes, mortgages, oil, gas and mineral interests in cycles of at least once during every calendar year, to the extent that this is not covered by other committees.
12. Approve/ratify the purchase, sale or other disposition of real property, joint ventures, oil, gas, and mineral interests.
13. Oversee the operation and administration of collective investment funds managed by the Company, to include approving requests for admissions to or withdrawals from said funds.
14. Appoint such subcommittees as deemed necessary for the effective transaction of business.

The presence of a majority of members, or their alternates, of the Investment Policy Committee shall be necessary for the transaction of business at all meetings of the Committee; and actions of the Committee shall require the concurrence of the majority of those present at such a meeting. The Committee shall meet at least monthly, and/or upon the call of the Chairman.

<u>Administrative and Investment Review Committee(s): Wealth Management</u>

Purpose/Objective:

33

CONFIDENTIAL

RTC-RVR 0009753

PX 175.033

Message
_____

| | |
|---|---|
| **From**: | schubert.kirsten@dorsey.com [schubert.kirsten@dorsey.com] |
| **Sent**: | 11/21/2018 1:37:29 PM |
| **To**: | Ballard, Brendan - SOL [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=19a92da468494322a88343c7b45be56c-Ballard, Ge]; Lund, Eric - SOL [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=b51127568c724d7d8bcf7f4d9aca22c8-Lund, Eric] |
| **CC**: | Scanlon.Laurie@dorsey.com; blodger.ian@dorsey.com; hilgers.sheri@dorsey.com |
| **Subject**: | RVR ESOP: Chartwell Financial Transactions List |

**CONFIDENTIAL**

Brendan and Eric:

I write regarding the Department's October 5, 2008 Subpoena to Chartwell Financial.  In accordance with our October 22, 2018 telephone conference, below please find a list of transactions where Chartwell and Argent, Reliance, or SRR were retained, in response to Subpoena Requests 2, 3, 5, and 6.   Please treat this email and this list as Confidential.

As I mentioned on our call, Chartwell does not track this information in the ordinary course of its business and compiling this information was a time-consuming and burdensome process.  As such, Chartwell has reviewed transactions that closed starting in 2012, a reasonable time limitation, and objects to searching for information that precedes that time period.  For a variety of reasons, extending the time period beyond 2012 would be overly burdensome.  Furthermore, Chartwell has not included transactions for which it was retained to issue an appraisal report/fairness opinion.  Conducting that search would impose undue burden in that it would require Chartwell to analyze a significant number of additional deals, and we believe that effort is likely to yield few additional results.  Chartwell reserves its rights to object further should the Department seek any additional information in response to Requests 2, 3, 5, or 6.

| Project Name | Company Name | Transaction Type | Transaction Financial Advisor | Transaction Trustee | Closed Date |
|---|---|---|---|---|---|
| Project Starr | Wunderlich-Malec Engineering, Inc. | Sale | SRR | Alerus | 3/16/2012 |
| Flinchbaugh 2012 ETRAN | Flinchbaugh Engineering, Inc. | Purchase | Chartwell | Reliance Trust | 6/29/2012 |
| Project Douglas | All My Sons Moving & Storage, Inc. | Sale | SRR | Argent | 12/17/2012 |
| Project Welby | Vocational Training Institutes, Inc. | Sale | SRR | Argent | 12/21/2012 |
| Project Triton | Hanchett Paper Company | Sale | SRR | Argent | 12/28/2012 |
| Project MacGyver | The Bernard Group | Sale | SRR | Alerus | 4/12/2013 |
| Bowyer-Singleton 2013 ETRAN | Bowyer-Singleton & Associates, Inc. | Sale | Chartwell | Reliance Trust | 5/17/2013 |
| Project Sanibel | Micro-Matics, Inc. | Sale | SRR | Reliance Trust | 11/8/2013 |
| Project Harbor | Challenge Mfg. Company | Restructure | Duff & Phelps | Argent | 12/10/2013 |
| Project Castle | CalTex Protective Coatings, Inc. | Recapitalization | SRR | Reliance Trust | 12/30/2013 |

**PLAINTIFF EXHIBIT**

**249**

Docket No. 2:19-cv-3178

PX 249.001

| Project Steppenwolf BD | Mendota Holdings, Inc. | Sale | SRR | n/a | 3/10/2014 |
|---|---|---|---|---|---|
| Project Byway | RVR, Inc. | Sale | SRR | Argent | 5/28/2014 |
| Project Hammer | Mead Holding Company, Inc. | Sale | SRR | Banker's Trust | 11/30/2014 |
| Project Spear | Torgerson Properties, Inc. | Sale | SRR | Argent | 12/30/2014 |
| Project Champion | Challenge Mfg. Company | Recapitalization | SRR | Reliance Trust | 3/9/2015 |
| Project Snow/Polo | Marco Technologies, LLC | Sale | SRR | Banker's Trust | 10/30/2015 |
| Project Hardy | Vocational Training Institutes, Inc. | Sale | SRR | Argent | 12/15/2015 |
| Project Ferrari | Paper Machinery Corporation | Sale | SRR | Argent | 4/29/2016 |
| Project Boom | Vic's Crane & Heavy Haul, Inc. | Sale | SRR | Alerus | 5/31/2016 |
| Project Cupola | Morton Buildings, Inc. | Sale | Prairie Capital | Argent | 5/8/2017 |
| Project Compass | The North Highland Company | Capital Raise | SRR | Argent | 6/23/2017 |
| Project Insignia | All My Sons Moving & Storage, Inc. | Sale | SRR | Ventura | 9/29/2017 |
| Project Sioux | Advanced Elements, Inc. | Sale | SRR | Alerus | 1/1/2018 |
| Project Patio | MacArthur Co. | Purchase | SRR | Alerus | 1/31/2018 |
| Project Chrome | Total Logistics, Inc. | Sale | SRR | Ventura | 1/31/2018 |
| Project Charlevoix | Mario Sinacola Companies | Sale | SRR | Great Banc | 4/30/2018 |

Please let me know if you have questions regarding this information or would like to discuss further.  Hope you have a happy Thanksgiving holiday.

Sincerely,

**Kirsten E. Schubert**
Partner

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street | Minneapolis, MN 55402-1498
P: 612.492.6755   F: 952.516.5698   C: 715.212.4244
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM :: MINNEAPOLIS :: BIO :: V-CARD

CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.

PX 249.002

BRYAN CAVE LEIGHTON PAISNER LLP (No. 00145700)
Jessica R. Maziarz (No. 027353) (jessica.maziarz@bclplaw.com)
Gregory B. Iannelli (No. 026549) (gregory.iannelli@bclplaw.com)
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone:  (602) 364-7000

BRYAN CAVE LEIGHTON PAISNER LLP
W. Bard Brockman (Admitted *Pro Hac Vice*) (bard.brockman@bclplaw.com)
1201 West Peachtree Street, N.W., 14th Floor
Atlanta, Georgia 30309
Telephone:  (404) 572-6600

BRYAN CAVE LEIGHTON PAISNER LLP
Meredith Jacobowitz (Admitted *Pro Hac Vice*) (meredith.jacobowitz@bclplaw.com)
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000

Attorneys for Defendant Reliance Trust Company

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Scalia, United States Secretary of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>Reliance Trust Company, Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, RVR, Inc., and RVR Employee Stock Ownership Plan,<br><br>Defendants. | No. CV-19-03178-PHX-JJT<br><br><br>**DEFENDANT RELIANCE TRUST COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS** |

Defendant Reliance Trust Company ("Reliance"), by and through undersigned counsel, hereby responds to Plaintiff Eugene Scalia, Secretary of Labor's First Requests for Admissions Directed to Defendant Reliance Trust Company (the "Requests"), dated June 29, 2020.



**PLAINTIFF EXHIBIT**

**254**

Docket No. 2:19-cv-3178

**PRELIMINARY STATEMENT**

1.      Reliance responds to Plaintiff's Requests pursuant to the dictates of the Federal Rules of Civil Procedure.  Reliance makes its responses herein based on information reasonably available to it, and expressly reserves the right to modify any of these responses at a later date if further factual development or analysis warrants such a modification.  The provision of any information in connection with these responses does not constitute an admission that such information, or any part of such information, is necessarily relevant to any issue in this case or is admissible at the trial of this action.  Reliance specifically reserves, and does not waive, any argument it may have in this action to the admissibility of these responses.  Further, any admission made by Reliance herein is for the purpose of the pending action only and is not admission by it for any purpose; nor may it be used against Reliance in any other proceeding.

2.      Reliance sold the assets of its ESOP trustee services business to Argent Trust Company ("Argent") on or about June 30, 2014.  The employees with the most knowledge of the transaction at issue in this lawsuit left Reliance in connection with that asset sale over six years ago.  Other employees who may have had knowledge of the 2014 transaction have left Reliance, either due to retirement or other career opportunities.

3.      Reliance objects to Instruction No. 1 in the Requests, and specifically to the purported temporal scope as overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, not relevant to any party's claim or defense, and not proportionate to the needs of the case.

4.      Reliance objects to the definitions in the Requests and specifically to the phrases "or other persons acting or purporting to act on behalf of" and "or other persons acting or purporting to act on [his, its, their] behalf" as overly broad, vague and ambiguous.

5.      Reliance further objects to the definition of the terms "Plan" and "RVR ESOP" in that it purports to combine:  (i) the RVR Inc. Employee Stock Ownership Plan; and (ii) the RVR Employee Stock Ownership Trust.  The purported combination of those two entities is inaccurate and misleading.

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

2

PX 254.002

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

6.      Reliance objects to the definition of the term "Transaction" as inaccurate and misleading.  The Plan did not purchase 100% of the shares of RVR on or about May 28, 2014.  The RVR Employee Stock Ownership Trust (the "Trust") purchased 100% of the shares of RVR on or about May 28, 2014.  In these responses, when Reliance uses the term "Transaction" it is referring to the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014.

## RESPONSES TO THE REQUESTS

**REQUEST FOR ADMISSION NO. 1:**

Reliance acted as the trustee and independent fiduciary for the Plan in the Transaction.

**RESPONSE:**  Denied as stated.  Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014.  Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that it acted as trustee and independent fiduciary for the RVR Employee Stock Ownership Trust (the "Trust") in the Transaction.  Reliance further admits that it acted as an independent fiduciary for the RVR Employee Stock Ownership Plan (the "ESOP") in that transaction.

**REQUEST FOR ADMISSION NO. 2:**

Reliance's fiduciary responsibilities in the Transaction included:  (1) evaluating the proposed Transaction; (2) negotiating the terms of the purchase on behalf of the Plan; (3) determining whether the price proposed for RVR's stock was not more than fair market value; and (4) determining whether the proposed Transaction, including any future management incentive plan adopted, was financially fair to the Plan and its participants.

**RESPONSE:**  Denied as stated.  Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014.  Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that its fiduciary responsibilities in the Transaction included:   (i)  evaluating  the  proposed

3

PX 254.003

BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

transaction; (ii) negotiating the terms of the proposed purchase on behalf of the Trust; (iii) determining whether the price proposed for RVR's stock was not more than fair market value; and (iv) determining whether the proposed transaction was financially fair to the ESOP and its participants. Reliance denies the remaining allegations in Request No. 2.

**REQUEST FOR ADMISSION NO. 3:**

Reliance, when acting as the trustee and independent fiduciary for the Plan in the Transaction, was a fiduciary to the Plan as defined by ERISA sections 3(21)(A)(i), (iii), 29 U.S.C. §§ 1002(21)(A)(i), (iii).

**RESPONSE:**   Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that, as the trustee and independent fiduciary for the Trust in the Transaction, and as an independent fiduciary for the ESOP in the Transaction, Reliance was a fiduciary as defined by ERISA sections 3(21)(A)(i), (iii), 29 U.S.C. §§1002(21)(A)(i), (iii).

**REQUEST FOR ADMISSION NO. 4:**

Reliance, when acting as the trustee and independent fiduciary for the Plan in the Transaction, was a Plan trustee under ERISA section 403(a), 29 U.S.C. § 1103(a).

**RESPONSE:**   Denied as stated.  Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that, when acting as the trustee and independent fiduciary for the Trust in the Transaction, it was a "trustee" under ERISA section 403(a), 29 U.S.C. § 1103(a).

**REQUEST FOR ADMISSION NO. 5:**

At the time of the Transaction, the Family Trust and the Survivor's Trust were parties in interest to the Plan pursuant to ERISA section 3(14)(H), 29 U.S.C. § 1002(14)(H).

PX 254.004

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 6:**

At the time of the Transaction, the Marital Trust was a party in interest to the Plan pursuant to ERISA section 3(14)(G), 29 U.S.C. § 1002(14)(G).

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 7:**

The Defendant Trusts sold their shares of RVR stock to the Plan pursuant to the Transaction.

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that the Defendant Trusts sold their shares of RVR stock to the Trust as part of the Transaction.

**REQUEST FOR ADMISSION NO. 8:**

Smalley, at the time of the Transaction, was RVR's Chief Executive Officer.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 9:**

Smalley, at the time of the Transaction, was a member of RVR's Board of Directors.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the

5

PX 254.005

term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 10:**

Smalley, at the time of the Transaction, was a member of the ESOP Committee.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Denied.

**REQUEST FOR ADMISSION NO. 11:**

Smalley, at the time of the Transaction, was trustee of the Defendant Trusts.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 12:**

Smalley, at the time of the Transaction, was a beneficiary of the Defendant Trusts.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Denied.

**REQUEST FOR ADMISSION NO. 13:**

Smalley indirectly sold his shares equal to 48.35% of RVR's stock to the Plan, through his control of the Defendant Trusts, pursuant to the Transaction.

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that Smalley indirectly sold shares equal to 48.333% of RVR's stock to the Trust, through his control of the Defendant Trusts, as part of the Transaction.

BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

6

PX 254.006

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**REQUEST FOR ADMISSION NO. 14:**

Smalley, at the time of the Transaction, was a party in interest to the Plan pursuant to ERISA sections 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that Smalley, at the time of the Transaction, was a party in interest to the ESOP pursuant to ERISA section 3(14)(H), 29 U.S.C. § 1002(14)(H).

**REQUEST FOR ADMISSION NO. 15:**

Smalley Jr., at the time of the Transaction, was RVR's President.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 16:**

Smalley Jr., at the time of the Transaction, was a member of RVR's Board of Directors.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 17:**

Smalley Jr., at the time of the Transaction, was a member of the ESOP Committee.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Denied.

7

PX 254.007

**REQUEST FOR ADMISSION NO. 18:**

Smalley Jr., at the time of the Transaction, owned 48.35% of RVR's stock.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 19:**

Smalley Jr. sold his shares equal to 48.35% of RVR's stock to the Plan pursuant to the Transaction.

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that Smalley Jr. sold his shares equal to 48.35% of RVR's stock to the Trust as part of the Transaction.

**REQUEST FOR ADMISSION NO. 20:**

Smalley Jr., at the time of the Transaction, was a party in interest to the Plan pursuant to ERISA sections 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that Smalley Jr., at the time of the Transaction, was a party in interest to the ESOP pursuant to ERISA section 3(14)(H), 29 U.S.C. § 1002(14)(H).

**REQUEST FOR ADMISSION NO. 21:**

Bensen, at the time of the Transaction, was RVR's Chief Financial Officer.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

8

PX 254.008

100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 22:**

Bensen, at the time of the Transaction, was a member of RVR's Board of Directors.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 23:**

Bensen, at the time of the Transaction, was a member of the ESOP Committee.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Denied.

**REQUEST FOR ADMISSION NO. 24:**

Bensen, at the time of the Transaction, owned 3.3% of RVR's stock.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted.

**REQUEST FOR ADMISSION NO. 25:**

Bensen sold his shares equal to 3.3% of RVR's stock to the Plan, pursuant to the Transaction.

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that Bensen sold his shares equal to 3.3% of RVR's stock to the Trust as part of the Transaction.

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

PX 254.009

**REQUEST FOR ADMISSION NO. 26:**

Bensen, at the time of the Transaction, was a party in interest to the Plan pursuant to ERISA sections 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that Bensen, at the time of the Transaction, was a party in interest to the ESOP pursuant to ERISA section 3(14)(H), 29 U.S.C. § 1002(14)(H).

**REQUEST FOR ADMISSION NO. 27:**

The Plan purchased 100% of RVR's stock from the Defendant Trusts, Smalley Jr., and Bensen on May 28. 2014.

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that the Trust purchased 100% of RVR's stock from the Defendant Trusts, Smalley Jr. and Bensen on May 28, 2014.

**REQUEST FOR ADMISSION NO. 28:**

Reliance, in its capacity as Plan trustee and fiduciary, approved the Plan's purchase of 100% of the equity interest in RVR as part of the Transaction.

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that, in its capacity as trustee and fiduciary of the Trust, it approved the Trust's purchase of 100% of the equity interest in RVR as part of the Transaction.

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

10

PX 254.010

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**REQUEST FOR ADMISSION NO. 29:**

Reliance caused the Plan to engage in the Transaction.

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that it caused the Trust to engage in the Transaction.

**REQUEST FOR ADMISSION NO. 30:**

The Transaction was a direct or indirect sale or exchange of property between the Plan and parties in interest to the Plan—the Defendant Trusts, Smalley Jr., Smalley, and Bensen—as defined in ERISA sections 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A).

**RESPONSE:** Denied as stated. Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that the Transaction was a direct or indirect sale of property between the Trust and parties in interest to the ESOP – the Defendant Trusts, Smalley Jr., Smalley, and Bensen – as defined in ERISA section 406(a)(1)(A), 29 U.S.C. §1106(a)(1)(A). Reliance further states that the Transaction qualified for exemptions in ERISA §408, 29 U.S.C. § 1108.

**REQUEST FOR ADMISSION NO. 31:**

The Transaction was a direct or indirect transfer of Plan assets to parties interest to the Plan—the Defendant Trusts, Smalley Jr., Smalley, and Bensen—as defined in ERISA sections 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," admitted. Reliance further states that the Transaction qualified for exemptions in ERISA §408, 29 U.S.C. § 1108.

11

PX 254.011

**REQUEST FOR ADMISSION NO. 32:**

The Plan became RVR's sole shareholder as a result of the Transaction.

**RESPONSE:**  Denied as stated.  Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014.  Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that the Trust became RVR's sole shareholder as a result of the Transaction.

**REQUEST FOR ADMISSION NO. 33:**

By causing the Plan to purchase RVR stock from the Defendant Trusts, Smalley Jr., and Bensen in the Transaction, Reliance caused a direct or indirect sale of property between the Plan and parties in interest—the Defendant Trusts, Smalley Jr., Smalley, and Bensen, as defined in ERISA sections 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A).

**RESPONSE:**  Denied as stated.  Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014.  Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that by causing the Trust to purchase RVR stock from the Defendant Trusts, Smalley Jr., and Bensen as part of the Transaction, Reliance caused a direct or indirect sale of property between the Trust and parties in interest – the Defendant Trusts, Smalley Jr., Smalley, and Bensen, as defined in ERISA section 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A).  Reliance further states that the Transaction qualified for exemptions in ERISA §408, 29 U.S.C. § 1108.

**REQUEST FOR ADMISSION NO. 34:**

By causing the Plan to purchase RVR stock from the Defendant Trusts, Smalley Jr., and Bensen in the Transaction, Reliance caused a direct or indirect transfer to parties in interest—the Defendant Trusts, Smalley Jr., Smalley, and Bensen—of assets of the Plan, as defined ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

**RESPONSE:**  Denied as stated.  Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

12

PX 254.012

Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that by causing the Trust to purchase RVR stock from the Defendant Trusts, Smalley Jr., and Bensen as part of the Transaction, Reliance caused a direct or indirect transfer to parties in interest – the Defendant Trusts, Smalley Jr., Smalley, and Bensen, as defined in ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D). Reliance further states that the Transaction qualified for exemptions in ERISA §408, 29 U.S.C. § 1108.

**REQUEST FOR ADMISSION NO. 35:**

Steve Martin was not a member of Reliance's Trust Committee permitted to vote to approve the Transaction.

**RESPONSE:** Reliance objects to the inaccurate and misleading definition of the term "Transaction" and interprets the term "Transaction" to mean the Trust's purchase of 100% of the shares of RVR on or about May 28, 2014. Subject to this objection and Reliance's interpretation of the term "Transaction," Reliance admits that Steve Martin was not a member of Reliance's Trust Committee. Reliance further admits that Steve Martin was not permitted to vote to approve the Transaction.

DATED this 12th day of August, 2020.

BRYAN CAVE LEIGHTON PAISNER LLP

By s/ W. Bard Brockman
    W. Bard Brockman
    1201 West Peachtree Street, NW, 14th Floor
    Atlanta, Georgia 30309

    Jessica R. Maziarz
    Gregory B. Iannelli
    BRYAN CAVE LEIGHTON PAISNER LLP
    Two North Central Avenue, Suite 2100
    Phoenix, Arizona 85004-4406

    Meredith Jacobowitz
    BRYAN CAVE LEIGHTON PAISNER LLP
    211 North Broadway, Suite 3600
    St. Louis, Missouri 63102

Attorneys for Defendant Reliance Trust Company

BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

13

PX 254.013

COPIES of the foregoing sent by e-mail transmission this 12th day of August, 2020, to:

Eric Carl Lund
G. Brendan Ballard
Isidro Mariscal
U.S. DEPARTMENT OF LABOR
200 Constitution Avenue, NW, Room N-4611
Washington, D.C. 20210

Attorneys for Plaintiff

Lindsey R. Camp
HOLLAND & KNIGHT LLP
West Tower, 777 S Flagler Dr.
West Palm Beach, Florida 33401

Todd D. Wozniak
HOLLAND & KNIGHT LLP
1180 W Peachtree St., NW Suite 1800
Atlanta, Georgia 30309

Aaron T. Lloyd
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016

Attorneys for Defendants Eric Bensen, Randall Smalley; Robert Smalley, Jr.; Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; RVR, Inc.; and RVR Employee Stock Ownership

 s/ Meredith Jacobowitz

602191232

14

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

PX 254.014

BRYAN CAVE LEIGHTON PAISNER LLP (No. 00145700)
Jessica R. Maziarz (No. 027353) (jessica.maziarz@bclplaw.com)
Gregory B. Iannelli (No. 026549) (gregory.iannelli@bclplaw.com)
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000

BRYAN CAVE LEIGHTON PAISNER LLP
W. Bard Brockman (Admitted *Pro Hac Vice*) (bard.brockman@bclplaw.com)
1201 West Peachtree Street, N.W., 14th Floor
Atlanta, Georgia 30309
Telephone: (404) 572-6600

BRYAN CAVE LEIGHTON PAISNER LLP
Meredith Jacobowitz (Admitted *Pro Hac Vice*) (meredith.jacobowitz@bclplaw.com)
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000

Attorneys for Defendant Reliance Trust Company

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Eugene Scalia, United States Secretary of Labor, | No. CV-19-03178-PHX-JJT |
| Plaintiff, | |
| vs. | **DEFENDANT RELIANCE TRUST COMPANY'S SUPPLEMENTAL RESPONSES TO SECRETARY'S FIRST SET OF INTERROGATORIES (CORRECTED)** |
| Reliance Trust Company, Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, RVR, Inc., and RVR Employee Stock Ownership Plan, | |
| Defendants. | |

Defendant Reliance Trust Company ("Reliance"), by and through undersigned counsel, hereby supplements its responses to Plaintiff Eugene Scalia, Secretary of Labor's First Set of Interrogatories Directed to Defendant Reliance Trust Company ("Interrogatories"), dated June 29, 2020.

**PLAINTIFF EXHIBIT**

**278**

Docket No. 2:19-cv-3178

PX 278.001

*Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona  85004-4406
(602) 364-7000*

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

## PRELIMINARY STATEMENT

1.    Reliance hereby restates and incorporates by reference its Preliminary Statement set forth in its previous response to the Secretary's Interrogatories.

### SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**SUPPLEMENTAL RESPONSE TO INTERROGATOY NOS. 2(a), 2(d), 2(e), 4, 5, 6, 15 and 18:**  Reliance hereby restates and incorporates by reference its prior objections to Interrogatory Nos. 2, 2(a), 2(d), 2(e), 4, 5, 6, 15 and 18.  Subject to and without waiver of its objections, Reliance supplements its response to these Interrogatories to note that its reference to the Reliance "Committee" means the Investment Policy Subcommittee (misidentified in minutes prepared by Reliance's counsel as the "Trust Committee.")

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**  Reliance hereby restates and incorporates by reference its prior objections to Interrogatory No. 9.  Subject to and without waiver of its objections, Reliance supplements its response to that Interrogatory to identify the following ESOP transactions between April 2011 and June 2014 in which Chartwell Capital Solutions represented, advised or was otherwise involved for one or more counter-parties, along with the discretionary trustee fees received from each client, and the ongoing trustee fees (if any) received from each client for the period between and including January 2013 and February 2014:

| Company Name | Transaction Type | RTC Discretionary Trustee Fees (per engagement letters) | RTC Ongoing Trustee Fees (Jan '13 thru Feb '14) |
| --- | --- | --- | --- |
| Kurt Manufacturing Company, Inc. | Purchase | $60,000 | -0- |
| Flinchbaugh Engineering, Inc. | Company Redemption of Non- ESOP Shares | $40,000 | $22,195 |
| RVNB Holdings, Inc. | Purchase | $125,000 | $46,666 |
| Pima Medical | Refinance and Purchase | $100,000 | -0- |

PX 278.002

| Hanchett Paper Company d/b/a Shorr Paper Products | Purchase | $50,000 | $37,729 |
|---|---|---|---|
| Bowyer-Singleton & Associates, Inc. | Sale | $35,000 | -0- |
| Micro-Matic | Purchase | $40,000 | $5,833 |
| Challenge Mfg. | Recapitalization | $25,000 | $46,815 |
| Cal-Tex Protective Coatings Inc. | Purchase | $75,000 | $14,661 |

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:** Reliance hereby restates and incorporates by reference its prior objections to Interrogatory No. 11. Subject to and without waiver of its objections, Reliance states that there were no marketing, referral or business development arrangements, agreements or understandings between Reliance on the one hand, and either Chartwell or SRR on the other hand.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:** Reliance supplements its response to Interrogatory No. 19 to identify the following persons who provided information for, or who were consulted with respect to, Reliance's Interrogatory responses and Supplemental Interrogatory responses: Stephan A. Martin; Kelly "Bucky" Wright; Howard Kaplan; and Lance Studdard.

DATED this 11th day of November, 2020.

BRYAN CAVE LEIGHTON PAISNER LLP

By  s/ W. Bard Brockman
W. Bard Brockman
1201 West Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309

Jessica R. Maziarz
Gregory B. Iannelli
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406

Meredith Jacobowitz
BRYAN CAVE LEIGHTON PAISNER LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102

Attorneys for Defendant Reliance Trust Company

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona  85004-4406
(602) 364-7000

602651044.1

3

PX 278.003

COPIES of the foregoing sent by e-mail transmission this 11th day of November, 2020, to:

Eric Carl Lund
G. Brendan Ballard
Isidro Mariscal
U.S. DEPARTMENT OF LABOR
200 Constitution Avenue, NW, Room N-4611
Washington, D.C. 20210

Attorneys for Plaintiff

Lindsey R. Camp
HOLLAND & KNIGHT LLP
West Tower, 777 S Flagler Dr.
West Palm Beach, Florida 33401

Todd D. Wozniak
HOLLAND & KNIGHT LLP
1180 W Peachtree St., NW Suite 1800
Atlanta, Georgia 30309

Aaron T. Lloyd
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016

Attorneys for Defendants Eric Bensen, Randall Smalley; Robert Smalley, Jr.; Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; RVR, Inc.; and RVR Employee Stock Ownership

 s/ W. Bard Brockman

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona  85004-4406
(602) 364-7000

602651044.1

4

PX 278.004

## VERIFICATION

I, Christopher J. Pitrof, verify that I have reviewed Defendant Reliance Trust Company's Supplemental Responses to Secretary's First Set of Interrogatories and that based upon information provided to me the responses therein appear to be true and correct.

DATED this 9th day of November 2020.

CHRISTOPHER J. PITROF

Sworn to and subscribed before me this 11th day of November 2020.

Notary Public

HAROLD DAVID MELTON
MY COMMISSION EXPIRES
FEBRUARY 13, 2024

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

PX 278.005

BRYAN CAVE LEIGHTON PAISNER LLP (No. 00145700)
Jessica R. Maziarz (No. 027353) (jessica.maziarz@bclplaw.com)
Gregory B. Iannelli (No. 026549) (gregory.iannelli@bclplaw.com)
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone:  (602) 364-7000

BRYAN CAVE LEIGHTON PAISNER LLP
W. Bard Brockman (Admitted *Pro Hac Vice*) (bard.brockman@bclplaw.com)
1201 West Peachtree Street, N.W., 14th Floor
Atlanta, Georgia 30309
Telephone:  (404) 572-6600

BRYAN CAVE LEIGHTON PAISNER LLP
Meredith Jacobowitz (Admitted *Pro Hac Vice*) (meredith.jacobowitz@bclplaw.com)
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000

Attorneys for Defendant Reliance Trust Company

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona  85004-4406
(602) 364-7000

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Scalia, United States Secretary of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>Reliance Trust Company, Eric Bensen, Randall Smalley, Robert Smalley, Jr., Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004, RVR, Inc., and RVR Employee Stock Ownership Plan,<br><br>Defendants. | No. CV-19-03178-PHX-JJT<br><br><br>**DEFENDANT RELIANCE TRUST COMPANY'S SECOND SUPPLEMENTAL RESPONSES TO SECRETARY'S FIRST SET OF INTERROGATORIES** |

Defendant Reliance Trust Company ("Reliance"), by and through undersigned counsel, hereby supplements its responses to Plaintiff Eugene Scalia, Secretary of Labor's First Set of Interrogatories Directed to Defendant Reliance Trust Company ("Interrogatories"), dated June 29, 2020.



**PLAINTIFF EXHIBIT**
**281**
Docket No. 2:19-cv-3178

PX 281.001

**PRELIMINARY STATEMENT**

1.    Reliance hereby restates and incorporates by reference its Preliminary Statement set forth in its previous response to the Secretary's Interrogatories.

**SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATOY NO. 1:**

Reliance hereby restates and incorporates by reference its prior objections to Interrogatory No. 1. Reliance states that the Secretary has agreed to narrow the scope of Interrogatory No. 1 to a statement of the number of employee stock ownership plan stock purchase transactions in which Reliance participated in the capacity of independent fiduciary or trustee during the period January 1, 2011 through July 1, 2014, and of that number, the number that were approved. Reliance objects to this narrowed Interrogatory on the grounds that the term "transaction" is vague and ambiguous, particularly since it implies a completed business arrangement. Subject to and without waiver of its objections, Reliance supplements its response to this Interrogatory to state that for the period between January 1, 2011 through July 1, 2014, Reliance served as independent fiduciary or trustee for approximately 32 ESOP stock purchase transactions. Each transaction was different, and each was thoroughly vetted and negotiated, and the Secretary should not infer that the final transaction terms were identical (or even similar) to the original proposed transaction terms. Of the roughly 32 ESOP transactions, at least one transaction never closed, although Reliance has never tracked engagements on that basis. Furthermore, Reliance states that it employed a vetting process on the front end of proposed client engagements, including those for proposed ESOP stock purchase transactions, and that it declined to serve as independent fiduciary or trustee in several instances.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Reliance hereby restates and incorporates by reference its prior objections to Interrogatory No. 8. Subject to and without waiver of its objections, Reliance supplements its response to state that it has not seen any written record among its own documents from either SRR or K&L

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

602645375.1

2

**PX 281.002**

Gates that confirms the absence of a conflict of interest that would prevent them from working on the proposed transaction. Further responding, Reliance states that the Secretary's Report of Interview reflects that Steve Martin previously informed EBSA investigators that he had confirmed that SRR had not provided any services to RVR, Inc. or the RVR, Inc. ESOP prior to the transaction at issue in May 2014. [*See* DOL 0133201-0133210.]

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Reliance hereby restates and incorporates by reference its prior objections to Interrogatory No. 10. Reliance states that the Secretary has agreed to narrow the scope of Interrogatory No. 10 to a statement that SRR was a go-to valuation firm, along with an estimate of the number or percentage of times SRR was used by Reliance for the period January 1, 2011 through July 1, 2014. Subject to and without waiver of its objections, Reliance states that as of April 2014, SRR was one of Reliance's preferred financial advisors. Further responding, Reliance estimates that for the period between January 1, 2011 through July 1, 2014, it utilized SRR for valuation and other financial advisory services in approximately 25 ESOP trustee engagements, which include: (i) stock sale transactions; (ii) stock purchase transactions, often with related ongoing trustee engagements; (iii) ongoing trustee engagements following a stock purchase transaction prior to January 1, 2011; and (iv) separate successor trustee engagements that did not involve a stock purchase or sale transaction.

DATED this 4th day of December, 2020.

BRYAN CAVE LEIGHTON PAISNER LLP

By  s/ W. Bard Brockman
W. Bard Brockman
1201 West Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309

Jessica R. Maziarz
Gregory B. Iannelli
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406

Meredith Jacobowitz
BRYAN CAVE LEIGHTON PAISNER LLP

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona  85004-4406
(602) 364-7000

602645375.1

3

PX 281.003

211 North Broadway, Suite 3600
St. Louis, Missouri 63102

Attorneys for Defendant Reliance Trust Company

COPIES of the foregoing sent by e-mail transmission this 4th day of December, 2020, to:

Eric Carl Lund
G. Brendan Ballard
Isidro Mariscal
U.S. DEPARTMENT OF LABOR
200 Constitution Avenue, NW, Room N-4611
Washington, D.C. 20210

Attorneys for Plaintiff

Lindsey R. Camp
HOLLAND & KNIGHT LLP
West Tower, 777 S Flagler Dr.
West Palm Beach, Florida 33401

Todd D. Wozniak
HOLLAND & KNIGHT LLP
1180 W Peachtree St., NW Suite 1800
Atlanta, Georgia 30309

Aaron T. Lloyd
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016

Attorneys for Defendants Eric Bensen, Randall Smalley; Robert Smalley, Jr.; Family Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; Marital Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; Survivor's Trust Created Under The Smalley Revocable Trust Dated July 8, 2004; RVR, Inc.; and RVR Employee Stock Ownership

 s/ Meredith Jacobowitz

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona  85004-4406
(602) 364-7000

602645375.1

4

PX 281.004

**VERIFICATION**

I, Christopher J. Pitrof, verify that I have reviewed Defendant Reliance Trust Company's Supplemental Responses to Secretary's First Set of Interrogatories and that based upon information provided to me the responses therein appear to be true and correct.

DATED this 30th day of November 2020.

CHRISTOPHER J. PITROF

Sworn to and subscribed before me this 30th day of November 2020.

_____
Notary Public

HAROLD DAVID MELTON
MY COMMISSION EXPIRES
FEBRUARY 13, 2024

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

6

PX 281.005

ERIC C. LUND, D.C. Bar No. 450982
BRENDAN BALLARD, D.C. Bar No. 978631
ISIDRO MARISCAL, CA Bar No. 298139
KATRINA LIU, PA Bar No. 318630
U.S. Department of Labor, Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, DC  20013
Telephone: (202) 693-5600, Facsimile: (202) 693-5610
Email: lund.eric@dol.gov; ballard.brendan@dol.gov; mariscal.isidro@dol.gov;
liu.katrina.t@dol.gov

Attorneys for Plaintiff Milton Al Stewart,
Acting Secretary of Labor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton Al Stewart, Acting Secretary of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Reliance Trust Company, <u>et al.</u>,<br><br>Defendants. | Civil Action No. 2:19-cv-03178-JJT<br><br>**DECLARATION OF CUSTODIAN OF RECORDS** |

I, ___Margaret Tanzer___, declare based on personal knowledge and reasonable belief that:

1.      I am a duly authorized custodian of the records and am authorized to certify records for Chartwell Financial Advisory, Inc. ("Chartwell").

2.      I certify that the copies of the records accompanying this declaration marked with both Bates stamp numbers CW-RVR _00000001 – 00061055 and DOL 0021434 – 0082488 are true copies of the records produced by Chartwell, with the exception of redactions (relating to personally identifiable information), in response to an investigation subpoena served by the U.S.

1

**PLAINTIFF
EXHIBIT**
**289**
Docket No. 2:19-cv-3178

PX 289.001

Department of Labor on October 5, 2018.

3.    I certify that the copies of the records accompanying this declaration marked with Bates stamp numbers CW-RVR_00061056 – 00065557 are true copies of those records produced by Chartwell in response to a subpoena served by the U.S. Department of Labor in the above-captioned action on July 8, 2020.

4.    I certify that the records accompanying this declaration are true and accurate copies of documents that Chartwell maintained in its files in the regular course and scope of its business.

Pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __18th__ day of __February__, 2021.

_Margaret Tanzer_ (signature)

__Margaret Tanzer__ (printed)
Custodian of Records

2

PX 289.002