# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A. Su, | No. CV-19-03178-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Reliance Trust Company, et al., | |
| Defendants. | |

The parties' disputes regarding trial exhibits have become very confusing. Long before trial, the parties filed their exhibit lists containing objections, responses, and replies to every exhibit. (Doc. 298). The Court issued two rulings regarding the exhibit lists in advance of the Final Pretrial Conference. Each ruling identified the exhibits by number and issued rulings regarding their admissibility based on the information available at that time. (Doc. 361, 368). At the Final Pretrial Conference, Defendants stated that for certain exhibits the Court had concluded were unlikely to be admitted as business records, Defendants planned to call witnesses who would establish the exhibits qualified as business records. The Court stated it would wait and see if the planned witnesses could establish the exhibits qualified as admissible business records.

After the Final Pretrial Conference, the Court admitted the portions of Geerdes' notes Plaintiff sought to admit. (Doc. 378). Based on subsequent in-court discussions, the Court will admit the entirety of Stephanie Geerdes' notes. (Doc. 380).

During the first day of trial, the Court admitted the following exhibits: Joint

exhibits 1-139, 151-157, 160-162, 163, 164, 166, 168-174, 176-190, 192, 194-196, 199, 200, 202-218, 220-239, 246, 258-261, 266-268, 271, 273, 276, 301, 302, and 307-335. (Doc. 382).  During the second day of trial, no exhibits were admitted.  During the third day of trial, the Court provisionally admitted Exhibits 384, 389, and 393.  (Those exhibits involved post-transaction events and the Court did not resolve whether such evidence would be deemed relevant.)

After the second day of trial Defendants filed a supplement seeking admission of exhibits 354, 356, 357, 362, 363, 436, 438, 441.  Defendants identified these exhibits as emails sent by Eric Bensen.  Defendants state these exhibits were admissible to show Mr. Bensen's state of mind.  (Doc. 383 at 2).  Defendants did not identify "state of mind" as the basis for admissibility in their pretrial filing and it is too late to do so now.  (Doc. 298-5).  Moreover, Defendants have stated the admissibility of these exhibits is "moot." (Doc. 389 at 3).  Regardless of any change in position, the emails do not meet the test for admission under the state of mind exception.  Fed. R. Evid. 803(3).  These exhibits will not be admitted.

In addition to the Bensen emails, Defendants' supplemental brief sought admission of exhibits 352, 355, 374, 378, 381, 384, 434, 435, 437, 439, 440, 442, and 444.  (Doc. 383).  In their reply, however, Defendants sought admission of a different list of exhibits consisting of 352, 379, 423, 434, 445, and 446.  Defendants state these six exhibits are emails prepared by the advisors involved in the transaction.  (Doc. 389 at 4). It appears Defendants have abandoned their attempt to admit exhibits 355, 374, 378, 381, 384, 434, 435, 437, 439, 440, 442, and 444, and those exhibits are not admitted.  As for exhibits 352, 379, 423, 434, 445, and 446, Defendants argue they will seek admission of those exhibits based on testimony they expect to elicit from the authors of the emails. (Doc. 389 at 3).  Defendants will be allowed to establish, if they can, the admissibility of this smaller list of exhibits based on testimony by the authors.

On January 22, 2024, Plaintiff filed a motion seeking admission of exhibits 165, 249, 254, 278, 281, 293, as well as a portion of exhibit 175 and exhibit 289 for purposes

of showing chain of custody. (Doc. 390). The Court will wait for full briefing before ruling.

The Court has provisionally admitted all post-transaction evidence as relevant and will continue to deem such evidence provisionally relevant. However, **any** additional exhibits involving post-transaction evidence must still meet other prerequisites for admissibility, such as qualifying as business records.

The foregoing identifies all exhibits that have already been admitted and those that have been raised but either were not admitted or not yet admitted. The parties must be prepared to identify any exhibits they believe have been admitted beyond those identified in this Order. Also, the Court believes there are only two pending evidentiary disputes:

1. Admissibility of Plaintiff's exhibits 165, 249, 254, 278, 281, 293, portion of 175, and 289;

2. Admissibility of defense exhibits 352, 379, 423, 434, 445, and 446.

The parties must be prepared to identify any other pending disputes regarding exhibits.

Accordingly,

**IT IS ORDERED** the Motion for Pretrial Ruling (Doc. 370) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the Motion to Admit Geerdes' Notes (Doc. 380) is **GRANTED**.

**IT IS FURTHER ORDERED** Defendants shall file a response to Plaintiff's motion (Doc. 390) no later than **noon** on **January 23, 2024**. Plaintiff shall file a reply no later than **noon** on **January 24, 2024**.

Dated this 22nd day of January, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge