1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Julie A Su, Acting Secretary of Labor        No. CV-19-03178-PHX-ROS

10                Plaintiff,                      **ORDER**

11  v.

12  Eric Bensen, *et al.*

13                Defendants.

14

15          On August 15, 2024, following a sixteen-day bench trial, the Court ruled Defendants

16  Randall Smalley, Robert Smalley, Jr., and Eric Bensen (the "Defendants") violated their

17  "duty to monitor" ERISA trustee Reliance Trust Company ("Reliance") in connection with

18  the establishment of an Employee Stock Ownership Plan ("ESOP") under 29 U.S.C.

19  §1104(a)(1). (Doc. 492). Defendants seek an order certifying review of the Court's August

20  15, 2024 Order for interlocutory appeal. (Doc. 496, "Mot."). On October 2, 2024, the

21  Secretary of Labor ("Plaintiff") filed a response. (Doc. 503). On October 9, Defendants

22  filed a reply. (Doc. 506). For the reasons that follow, Defendants' motion will be denied.

23          **I.    Background**

24          In a August 15, 2024 Order, the Court found the scope of Defendants' "duty to

25  monitor" pursuant to 29 U.S.C. § 1104(a)(1) and applicable cases. The Court began with

26  *Johnson v. Couturier*, 572 F.3d 1067, 1076 (9th Cir. 2009). The Court stated "[w]hen, as

27  here, 'members of an employer's board of directors have responsibility for the appointment

28  and removal of ERISA trustees, those Directors are themselves subject to ERISA fiduciary

duties, albeit only with respect to trustee selection and retention.' This duty involving trustee selection and retention is known as the 'duty to monitor.'" (Doc. 492 at 38). The *Johnson* court reached its conclusion regarding the fiduciary duties of members of a board on the basis of Department of Labor interpretive bulletin 29 C.F.R. § 2509.75-8(D-4), which states:

> Q: In the case of a plan established and maintained by an employer, are members of the board of directors of the employer fiduciaries with respect to the plan?
>
> A: Members of the board of directors of an employer which maintains an employee benefit plan will be fiduciaries only to the extent that they have responsibility for the functions described in [29 U.S.C. § 1002(21)(A)]. For example, the board of directors may be responsible for the selection and retention of plan fiduciaries. In such a case, members of the board of directors exercise "discretionary authority or discretionary control respecting management of such plan" and are, therefore, fiduciaries with respect to the plan. However, their responsibility, and, consequently, their liability, is limited to the selection and retention of fiduciaries . . . .

*Johnson*, 572 F.3d at n. 8; 29 C.F.R. § 2509.75-8(D-4).

The Court acknowledged the Department of Labor has provided little guidance on the scope of the "duty to monitor" and cited to interpretive bulletin 29 C.F.R. § 2509.75-8(FR-17) which reads "a fiduciary's duty to monitor the performance of other fiduciaries requires review of the other fiduciaries' performance "[a]t reasonable intervals … to ensure that their performance has been in compliance with the terms of the plan and statutory standards and satisfied the needs of the plan." There is "[n]o single procedure … appropriate in all cases," and fiduciaries with the duty to monitor must consider the particular "facts and circumstances" in determining how best to accomplish the necessary monitoring." (Doc. 492 at 38). The Court found, "[i]n monitoring Reliance, Defendants were required to act with 'the skill, prudence, and diligence under the circumstances then prevailing.'" (Doc. 492 at 38; 29 U.S.C. §1104(a)(1)).

In response Defendants argue they lacked "actual knowledge" that something was off with Reliance's behavior, but the Court found Defendants ignored specific "red flags" that Reliance was breaching its duties. As persuasive of Defendants' ignoring of "red flags"

and violating the "duty to monitor," the Court cited to a Seventh Circuit case *Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan v. Buth*, 99 F.4th 928 (7th Cir. 2024) and a Fourth Circuit case *Brundle on behalf of Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 010 F.3d 764, 773 (4th Cir. 2019). The Court quoted *Brundle* stating, "a plaintiff need not prove that the fiduciary acted in bad faith. Rather, an ESOP fiduciary is liable … if it breached its fiduciary duties, *i.e.*, failed to act *solely* in the interests of the participants with the care, skill, prudence and diligence used by a prudent man acting in a like capacity. The appropriate focus is not on the fiduciary's motives or actual knowledge but on whether the fiduciary engaged in a reasoned decision-making process, consistent with that of a prudent man in like capacity. [A] pure heart and empty head are not enough to avoid liability." (Doc. 492 at 39) (quoting *Brundle on behalf of Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 010 F.3d 764, 773 (4th Cir. 2019)) (quotation marks and citations omitted).

The specific red flags Defendants ignored regarding Reliance included: (1) Reliance's agreement to an "abbreviated timeline" solely so Defendants could "obtain tax benefits," (2) "Reliance negotiating the top line number of the transaction at a time when crucial issues that would impact the transaction were either undecided or unknown to Reliance," (3) Defendants' knowledge "Reliance was not including the balance on the line of credit in its valuation which had a very significant balance at all relevant times," and most notably (4) Defendants' knowledge "they were retaining complete control over every aspect of RVR despite Reliance paying a purchase price identified as 'controlling interest value.'" (Doc. 492 at 39-41).

Defendants argue the Court erroneously deferred to the Department of Labor's interpretation of 29 U.S.C. § 1104(a)(1) in interpretive bulletin 29 C.F.R. § 2509.78. FR-17 rather than interpreting the statute's plain language contrary to the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (Jun. 28, 2024), overruling *Chevron, U.S.A. Inc. v. Natural Resources Defense Council Inc.*, 104 S. Ct. 2778 (1984). As a consequence, Defendants argue the Court erroneously concluded

1    Defendants owned fiduciary duties to: (1) analyze the valuation report prepared by the

2    trustee's valuation advisor and investigate whether it was proper; (2) analyze the legal due

3    diligence memorandum prepared by the trustee's legal counsel; (3) make certain that the

4    trustee's reliance on its valuation advisor was reasonably justified under the circumstances

5    and (4) investigate the extent of the relationships amongst independent third-party financial

6    and legal advisors.

7          **II.     Legal Standard**

8          Under 28 U.S.C. § 1292(b), a district court may certify an issue for interlocutory

9    appeal if three elements are met: (1) it is a controlling question of law; (2) there are

10   substantial grounds for difference of opinion, and (3) an immediate appeal may materially

11   advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 67 F.2d

12   1020, 1026 (9th Cir. 1982).

13         The Ninth Circuit has stressed the statute allowing interlocutory appeals "is a

14   departure from the normal rule that only final judgments are appealable, and therefore must

15   be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir.

16   2002). Thus, certification for an interlocutory appeal is appropriate only in "rare

17   circumstances" or "exceptional situations." *Id.*; *see also In re Cement Antitrust Litig.*, F.2d

18   at 1026.

19         **III.    Analysis**

20         **a.  Controlling Question of Law**

21         Interlocutory appeal first requires an issue on which there is "a controlling question

22   of law." 28 U.S.C. § 1292(b).  Such question of law must be that the "resolution of the

23   issue on appeal could materially affect the outcome of litigation in the district court." *In re*

24   *Cement*, 673 F.2d at 1026.

25         Defendants argue the Court never interpreted 29 U.S.C. § 1104(a)(1) without

26   relying on the DOL's Interpretive Bulletin so the controlling question of law is "what does

27   the plain language of § 1104(a)(1) say and mean in the context of appointing a fiduciary,

28   and does that statue create the fiduciary duties that this Court said were imposed on

1    Defendants." Plaintiff responds that neither the Court nor Plaintiff ever determined statute

2    29 U.S.C. § 1104(a)(1)(B) was ambiguous nor that the Court should defer to the bulletin.

3    Plaintiff adds Defendants argue for the first time in their motion that 29 U.S.C. §

4    1104(a)(1)(B) does not contain an appointing fiduciary's duty to monitor the appointed

5    fiduciary's conduct despite accepting such a duty in their summary judgment briefing (Doc

6    220), their proposed findings of fact and conclusions of law (Doc. 482), and their post-trial

7    briefing (Doc. 486).[1] Lastly, Plaintiff notes Defendants' motion ignores Plaintiff has

8    asserted other claims based on the same factual record, but unrelated to the bulletin, that

9    remain pending following Defendants' granted request to extend the statement deadline.

10        The Court did not find the statute 29 U.S.C. § 1104(a)(1) ambiguous, nor did it rely

11    on the bulletin as the controlling law to find Defendants violated their fiduciary duties. To

12    the extent the Court found the bulletin persuasive in applying the statutory language to the

13    facts of the case, the Court was free to consider it. *See Loper Bright*, 144 S. Ct. at 266

14    ("[A]n agency's interpretation of a statute cannot bind a court, but may be especially

15    informative to the extent in rests on factual premises within the agency's expertise. Such

16    expertise has always been one of the factors which may give an Executive Branch

17    interpretation particular power to persuade, if lacking power to control." (internal citations

18    and quotations omitted)).

19        While Defendants argue the Court erroneously concluded Defendants owed new

20    fiduciary duties such as a "duty to analyze" the valuation report and the due diligence

21    memorandum, they mischaracterize the Court's decision. The Court did not determine

22    specific duties were held by appointing fiduciaries specifically or Defendants generally,

23    but rather determined the Defendants acted insufficiently in blind reliance on advisors,

24    despite the existence of several "red flags" the ESOP trustee was breaching its duties.

25        Lastly, several claims based on the factual record, but unrelated to the bulletin,

26    remain pending against Defendants. The Court finds Defendants have not identified a

27

28    _____

[1] The Court notes the *Loper Bright* decision was issued before the Court's liability Order
and Defendants made the same argument regarding the bulletin in their reply brief in
support of their Proposed Findings of Fact and Conclusions of Law. *See* Doc. 489 at 8 n.5.

1  "controlling question of law" sufficient to certify interlocutory appeal nor could the

2  "resolution of the issue on appeal … materially affect the outcome of litigation in the

3  district court." *In re Cement*, 673 F.2d at 1026.

4  ### b. Substantial Grounds for Difference of Opinion

5  The second certification factor is satisfied when there is "substantial ground for

6  difference of opinion on the law being raised." 28 U.S.C. § 1292(b). This requires

7  determining "to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611

8  F.3d 629, 633 (9th Cir. 2010). Usually, controlling law will only be sufficiently unclear

9  "where the circuits are in dispute on the question and the court of appeals of the circuit has

10  not spoken on the point, if complicated questions arise under foreign law, or if novel and

11  difficult questions of first impression are presented." *Id.*

12  Defendants argue there is "no binding precedent interpreting an appointing

13  fiduciary's alleged duty to monitor without impermissibly granting deference to the

14  Department of Labor's interpretive bulletin" and argues quoting the Court's words "a

15  simple standard by which to assess an appointing fiduciary's performance" has not yet been

16  developed. (Doc. 496 at 11; Doc. 277 at 40). Plaintiff responds there is "no basis" for

17  asserting there is no binding precedent.

18  While Defendants are correct there is no "simple standard by which to assess an

19  appointing fiduciary's performance," it is precisely because the plain meaning of the statute

20  requires a specific inquiry into particular facts and circumstances. 29 U.S.C. §

21  1104(a)(1)(b) requires Defendants act "with the care, skill, prudence, and diligence under

22  the circumstances then prevailing that a prudent man acting in a like capacity and familiar

23  with such matters would use in the conduct of an enterprise of a like character and with

24  like aims." The plain meaning of the statute "under the circumstances then prevailing" and

25  "prudent man acting in a like capacity" calls for a fact intensive inquiry and defies a more

26  concrete standard for assessing an appointing fiduciary's performance.

27  Notably, Defendants do not offer a compelling argument as to why a "duty to

28  monitor" the ESOP trustee would not be encompassed within the plain meaning of the

1    statute. Additionally, Defendants are mistaken in their claim that no precedent exists

2    interpreting the statute without citing to the bulletin. While *Johnson v. Couturier*, 572 F.3d

3    1067, 1076 (9th Cir. 2009) cites to an interpretive bulletin to determine whether an

4    employer board of directors has ERISA fiduciary status, it makes no mention of the bulletin

5    Defendants claim the Court relied on in determining the scope of 29 U.S.C. § 1104(a)(1).

6    Neither does *Brundle on behalf of Constellis Emp. Stock Ownership Plan v. Wilmington*

7    *Tr., N.A.*, 919 F.3d 763, 774 (4th Cir. 2019) nor *Appvion, Inc. Ret. Sav. & Emp. Stock*

8    *Ownership Plan v. Buth*, 99 F.4th 928 (7th Cir. 2024), the two cases the Court found

9    persuasive in making its findings of fact. The Court finds Defendants have not identified

10   an issue on which there is "substantial ground for difference of opinion."

11          **c.  Materially Advance Ultimate Termination of Litigation**

12          This factor is satisfied when resolution of a pure legal issue on appeal "may

13   materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b), that

14   when the appeal "may appreciably shorten the time, effort, or expense of conducting a

15   lawsuit." *In re Cement*, 652 F.2d at 1026.

16          Defendants argue they have met this factor because the parties will be subjected to

17   considerable expense during Phase 2 of the trial addressing damages on liability that may

18   be unfounded. Plaintiff argues because the same factual findings underlie all three of their

19   related claims against Defendants it would be exceedingly inefficient for the Ninth Circuit

20   to review the Court's ruling on the ERISA 404(a)(1) claim separate from the eventual

21   rulings on the co-fiduciary and knowing participation claims.

22          The Court agrees with Plaintiff. Given Defendants can be independently liable on

23   multiple parts of the transaction apart from the "duty to monitor," Defendants have not

24   shown an appeal at this time would "appreciably shorten the time, effort, or expense of

25   conducting a lawsuit." *In re Cement*, 652 F.2d at 1026.

26          **IV.    Conclusion**

27          Defendants have failed to establish an interlocutory appeal meets any of the required

28   elements of 28 U.S.C. § 1292(b).

Accordingly,

**IT IS ORDERED** Defendants' Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b) (Doc. 496) is **DENIED.**

Dated this 5th day of November, 2024.

_____
Honorable Roslyn O. Silver
Senior United States District Judge