ERIC C. LUND, D.C. Bar No. 450982
BRENDAN BALLARD, D.C. Bar No. 978631
ISIDRO MARISCAL, CA Bar No. 298139
KATRINA LIU, PA Bar No. 318630
U.S. Department of Labor, Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C.  20013
Telephone: (202) 693-5600, Facsimile: (202) 693-5610
Email: lund.eric@dol.gov; ballard.brendan@dol.gov; mariscal.isidro@dol.gov; liu.katrina.t@dol.gov

Attorneys for Plaintiff Julie A. Su,
Acting Secretary of Labor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A. Su, Acting Secretary of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Eric Bensen, *et al.*,<br><br>Defendants. | Civil Action No. 2:19-cv-03178-ROS<br><br>**PARTIES' JOINT NOTICE OF POSITION ON DAMAGES-RELATED DISCOVERY PROCEEDINGS** |

  In its August 15, 2024, Order (Doc. 492), the Court directed the parties to file a joint statement by September 16, 2024 setting forth their position on the necessary damages-related discovery and proceedings going forward. Due to a change in their counsel, Defendants subsequently requested (Doc. 494), and the Court granted, a 60-day extension to file the joint statement, which is now due on November 15, 2024. Doc. 495.

  Counsel for the Secretary and for Robert Smalley, Jr., Randall Smalley, Eric Bensen, and the Smalley Trusts (the "Individual Defendants") have met and conferred,

and the parties agree that that they can fully brief, and ask the Court to make certain additional legal findings that will allow the parties to limit and focus the damages-related discovery and proceedings.

The parties respectfully request that—before they propose, and the Court sets a schedule for damages-related discovery and proceedings—the Court order briefing and rule on the issues identified below:

***Secretary's Topics*:**

- Whether the Court made the requisite factual findings for liability on all three of the Secretary's claims, and thus can rule on the Secretary's co-fiduciary and knowing participation claims.
- Whether, based on the Court's determination that indemnification of the Individual Defendants is illegal in this case, the Court can proceed with ordering an accounting and repayment of the fees advanced by RVR for the Individual Defendants' legal defense.
- The appropriate methodology for calculating the losses arising out of the Court's liability determinations, including principal and lost opportunity costs, for which fiduciaries are liable under ERISA section 409, 29 U.S.C. § 1109.
- Whether, under ERISA section 409, Defendants must disgorge the profits they received through investing the ESOP's $72 million overpayment. And, if so, the proper methodology for determining the amount that must be disgorged on this basis.
- Whether Defendants have waived the argument that the Secretary's damages award should be set-off by later-occurring events, such as any reduction in Defendants' salaries, because this was not plead as an affirmative defense in the Answer or Amended Answer (Doc. 35, Answer; Doc. 183 Answer and Defenses to Amended Complaint).

*Individual Defendants' Topics*:

- Whether the ESOP has been harmed at all.
- Whether RVR's post-close performance is evidence of the Company's valuation, and thus establishes that the ESOP has not been harmed.
- The appropriate methodology to determine "lost opportunity" damages, if any.
- The appropriate methodology to determine the 20% penalty.
- Relatedly, whether the value to the ESOP of the Individual Defendants' decision to defer compensation is simply the amount of compensation that was deferred or, alternatively, an adjustment to the EBITDA calculation supporting the valuation.
- Whether and to what extent the Individual Defendants' decision to defer their post-closing compensation impacts the value of RVR and thus impacts the amount to which the ESOP has been damaged (if at all).
- Whether the appropriate outcome in light of this Court's ruling is rescission of the sale agreement of the Company's stock by the Smalleys and Bensen to the ESOP.

This proposed procedure serves the interests of efficiency and judicial economy, because it will expedite resolution of the case. Depending on the Court's rulings, the parties will be able to tailor their discovery needs. Thereafter, the parties can submit damages-related evidence. For these reasons, the parties respectfully request that the Court order briefing and make a ruling on the issues set forth above, and any additional issues the Court believes the parties should address, before considering and/or setting a schedule for damages-related discovery and proceedings.

Respectfully submitted,

| | |
|---|---|
| *s*/ Paul H. Tzur | *s*/ Brendan Ballard |
| ROBERT J. MITTMAN | ERIC C. LUND |
| JAMES T. SMITH | BRENDAN BALLARD |
| PAUL H. TZUR | ISIDRO MARISCAL |
| Blank Rome LLP | KATRINA LIU |
| One Logan Square | U.S. Department of Labor, |

3

| | |
|---|---|
| 130 North 18th Street<br>Philadelphia, PA 19103<br>(215) 569-5500 | Office of the Solicitor<br>Plan Benefits Security Division<br>P.O. Box 1914<br>Washington, D.C. 20013<br>(202) 693-5600 |

# CERTIFICATE OF SERVICE

I hereby certify that, on November 8, 2024, a true and correct copy of the foregoing Joint Notice of Position was served in the above-captioned case on all counsel of record via the court's CM/ECF system.

/s/ Brendan Ballard
BRENDAN BALLARD
Attorney for Plaintiff